UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------
                     :

DAVINA HURT, *et al.*,         :      CASE NO. 1:12-CV-00758
                     :
         Plaintiffs,        :
                     :
vs.                     :      OPINION & ORDER
                     :      [Resolving Docs. No. 45, 46.]
COMMERCE ENERGY, INC, *et al.*,  :
                     :
         Defendants.      :
                     :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

     In this minimum wage and overtime case, the Plaintiffs' move to certify: (1) their state-law claims as a class action under Federal Rule of Civil Procedure 23[1] and (2) their federal claims as a conditional collective action under the Fair Labor Standards Act[2].  For the reasons below, the Court **GRANTS** the Plaintiffs' motions.

## I. Background

     The Fair Labor Standards Act[3] and the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Act")[4] require employers to pay a minimum wage and overtime to certain types of employees. With this action, the Plaintiffs say that the Defendants Just Energy Group, Commerce Energy, and Just Energy Marketing[5] violated the FLSA and the Ohio Wage Act by classifying them as exempt, independent contractors and by failing to pay them minimum wage and overtime.

---

[1] Doc. 45.

[2] Doc. 46.

[3] 29 U.S.C. §§ 206(a), 207(a).

[4] Ohio Rev. Code §§ 411.03, 4111.10.

[5] In this opinion the Court refers to Commerce Energy, Inc, as "Commerce Energy"; Just Energy Marketing Corp as "Just Energy Marketing" and  Just Energy Group, Inc. as "Just Energy."  Collectively, the Court refers to the companies as "Just Energy."

Case No. 1:12-CV-00758
Gwin, J.

Defendant Just Energy Marketing hired the Plaintiffs to go door to door soliciting customers for Commerce Energy's electric power and natural gas products.[6/] Commerce Energy, a subsidiary of Just Energy Group, operates in California, Georgia, Maryland, Massachusetts, New Jersey, Ohio, and Pennsylvania.[7/] At various times from 2009 to 2013, the Plaintiffs worked out of Just Energy's Beachwood, Ohio office.[8/]

Now the Plaintiffs move for conditional certification of a FLSA collective action for Just Energy door-to-door workers in the states where Commerce Energy operates.[9/] The Plaintiffs also move for certification of a Rule 23 class action of Just Energy door-to-door workers in Ohio under the Ohio Wage Act.[10/] Just Energy opposed these motions.[11/]

## II. Rule 23 Class Action

The Plaintiffs say that Just Energy violated the Ohio Minimum Wage by classifying its door-to-door workers as exempt, independent contractors and by failing to pay those workers overtime.[12/] The Plaintiffs now move to certify the following Ohio class:

> The named Plaintiffs and all other persons in Ohio since March 28, 2009 who:
> (a) were listed on their Just Energy contract as performing services for the "Commerce Energy" affiliate of Just Energy;
> (b) were listed by Defendants as independent contractors;
> (c) had the job of going door-to-door for Just Energy; and
> (d) were not paid overtime.[13/]

---

[6/]Docs. 45 at 4; 52 at 3.
[7/]Doc. 82 at 9.
[8/]Doc. 45-7 at 3.
[9/]Doc. 46.
[10/]Doc. 45.
[11/]Docs. 52; 53. The Plaintiffs also filed replies. Docs. 59; 60.
[12/]Doc. 45 at 1.
[13/]Doc. 45 at 1.

Case No. 1:12-CV-00758
Gwin, J.

*A.  Rule 23 Class Action & Ohio Wage Act*

As an initial matter, the Court finds that the Plaintiffs may bring a Rule 23 class action for overtime violations under the Ohio Minimum Wage Act.  Just Energy says that the Plaintiffs cannot maintain their Rule 23 class action because the Ohio Minimum Wage Act requires prospective plaintiffs to opt-in to the action.[14/]  Just Energy says that this opt-in requirement is incompatible with Rule 23's opt-out procedure.[15/]

But the Ohio Legislature limited the Ohio Minimum Wage Act's opt-in requirement to *minimum wage* claims not *overtime* claims.[16/] And here, the Plaintiffs limited their Rule 23 class to *overtime* violations.[17/] While Just Energy cites to two cases to support its incompatibility argument, those cases were vacated on reconsideration.[18/]  Because the Ohio Minimum Wage Act's opt-in requirement does not apply to overtime violations, the Plaintiff's overtime claims are compatible with Rule 23's opt-out procedure.[19/]  The Plaintiffs may seek a Rule 23 class action for overtime

---

[14/]Doc. 53 at 6.

[15/]Doc. 53 at 6.

[16/]*See* Ohio Rev. Code § 4111.14(K)(2) ("No employee shall join as a party plaintiff in any civil action that is brought under division (K) of this section by an employee, person acting on behalf of an employee, or person acting on behalf of all similarly situated employees unless that employee first gives written consent to become such a party plaintiff and that consent is filed with the court in which the action is brought."); § 4111.14(K) (Division K applies to "action[s] for equitable and monetary relief" brought "[i]n accordance with Section 34a of Article II, Ohio Constitution."); Ohio Const. art. II, § 34a ("state minimum wage rate").  *See also Laichev v. JBM, Inc.*, 269 F.R.D. 633, 636 (S.D. Ohio 2008) ("Obviously, the drafters of the OMFWSA knew how to limit a civil action to an opt-in class and must have then specifically choose not to do so in drafting O.R.C. § 4111.10.").

[17/]Doc. 45 at 1 (limiting the class definition to workers who "were not paid overtime").

[18/]*See Dillworth v. Case Farms Processing, Inc.*, No. 5:08-CV-1694, 2010 WL 776933 (N.D. Ohio Mar. 8, 2010), *vacated in part*, No. 5:08-CV-1694, 2010 WL 776933 (N.D. Ohio Mar. 8, 2010) ("The Court grants the requested reconsideration of its August 27, 2009 Memorandum Opinion and Order and vacates only that portion of the Order stating that 'Ohio's overtime statute allows only for an opt-in action similar to a collective action under [the] FLSA.'"); *Williams v. Le Chaperon Rouge*, No. 1:07-CV-829, 2007 WL 4521492 (N.D. Ohio Dec. 17, 2007), *vacated*, No. 1:07-CV-829, 2008 WL 2810619 (N.D. Ohio July 21, 2008) ("As a result, it would be improper for future litigants to rely upon this interlocutory ruling."). See also

[19/]*See Laichev*, 269 F.R.D. at 636 ("Plaintiff may maintain a class action for violations of § 4111.10 under Fed.R.Civ.P. 23.").

Case No. 1:12-CV-00758
Gwin, J.

violations under the Ohio Minimum Wage Act.

*B.  Class Certification Standard*

A member of a class may sue, as a representative, on behalf of all class members only if the

prerequisites of Rule 23(a) are met:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or
> defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the
> class.[20]

In addition, "the court [must] find[] that the questions of law or fact common to class

members predominate over any questions affecting only individual members, and that a class action

is superior to other available methods for fairly and efficiently adjudicating the controversy."[21]

The Supreme Court has recently said that "Rule 23 does not set forth a mere pleading

standard."[22]  Instead, a party seeking certification of a class action "must affirmatively demonstrate

his compliance with the Rule."[23]  As a result, courts should give a "rigorous analysis," which may

"overlap with the merits of the plaintiff's underlying claim."[24]  But courts should consider the merits

of the case only to the extent that "they are relevant to determining whether the Rule 23 prerequisites

for class certification are satisfied."[25]

---

[20] Fed. R. Civ. P. 23(a).

[21] Fed. R. Civ. P. 23(b)(3).  Federal Rules of Civil Procedure 23(b)(1) and (2), which provide two alternative
bases for maintaining a class action, are not at issue here.  "If anything, Rule 23(b)(3)'s predominance criterion is even
more demanding than Rule 23(a)."  *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997).

[22] *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

[23] *Id.*

[24] *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013) (quotations omitted).

[25] *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1195 (2013).

Case No. 1:12-CV-00758
Gwin, J.

*B. Class Certification Analysis*

### 1. Numerosity

Under Rule 23(a)(1), the class must be "so numerous that joinder of all members is impracticable."[26/]  But there is no particular number necessary to meet the numerosity requirement, nor does the class number need to be known with precision.[27/]

Here, the Plaintiffs satisfy the numerosity requirement because Just Energy's issued credentials to 2,540 Ohio workers that fit the Plaintiffs' class definition.[28/]  Moreover, Just Energy does not dispute that the proposed class meets the numerosity requirement.  The class is sufficiently numerous.

### 2. Commonality

Under Rule 23(a)(2), a plaintiff must show that "there are questions of law or fact common to the class."[29/]  The Supreme Court has said that "[c]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury."[30/]  Specifically, the plaintiff's claims "must depend upon a common contention . . . of such a nature that it is capable of classwide resolution . . . which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  Put simply, plaintiffs must show that their common questions of law and fact can be resolved by common answers.[31/]

---

[26/]Fed. R. Civ. P. 23(a)(1).
[27/]*Daffin v. Ford Motor Co.*, 458 F.3d 549, 552 (6th Cir. 2006).
[28/]Doc. 45-2 at 2.
[29/]Fed. R. Civ. P. 23(a)(2).
[30/]*Dukes*, 131 S. Ct. at 2551 (quotation marks and citations omitted).
[31/]*In re Whirlpool Corp. Front-Loading Washer Products Liab. Litig.*, No. 10-4188, 2013 WL 3746205 (6th Cir. July 18, 2013).

Case No. 1:12-CV-00758
Gwin, J.

Here, the Plaintiffs show a legal question common to the class: Did Just Energy violate the Ohio Wage Act by failing to pay its door-to-door workers overtime? To make out this claim, the Plaintiffs must show that they: (1) were employees; (2) were non-exempt; and (3) suffered damages.[32/]  The Plaintiffs concede that the damages element varies within the class, and that individual class members will need to prove the damages they suffered.[33/]  But the Sixth Circuit has said that "[n]o matter how individualized the issue of damages may be, these issues may be reserved for individual treatment with the question of liability tried as a class action."[34/]

Moreover, the first two elements of the Plaintiffs' overtime claim can be resolved with common answers.  To distinguish between independent contractors and employees, courts focus on "whether, as a matter of economic reality, the worker is economically dependent upon the alleged employer or is instead in business for himself."[35/]  Among other factors, this economic reality test often turns on the "degree of control exercised by the alleged employer."[36/]  Similarly, whether an employee is exempt as an outside salesman can turn on the degree of control exercised by the employer.[37/]

Here, the Plaintiffs' evidence shows that answers to the degree of control question are common to the class.  In *Wal-Mart Stores, Inc. v. Dukes*, the Supreme Court said that a plaintiff

---

[32/] *See* Ohio Rev. Code § 4111.03(A) ("An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of . . . the 'Fair Labor Standards Act of 1938.'").

[33/] Doc. 59 at 11.

[34/] *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir.1988).

[35/] *Solis v. Laurelbrook Sanitarium & Sch., Inc.*, 642 F.3d 518, 523 (6th Cir. 2011) (quotations marks omitted).

[36/] *Id.*

[37/] *See, e.g., Christopher v. SmithKline Beecham Corp.*, 132 S. Ct. 2156, 2159 ("Petitioners were not required to punch a clock or report their hours, and they were subject to only minimal supervision.").

-6-

Case No. 1:12-CV-00758
Gwin, J.

satisfies Rule 23's commonality requirement by showing that his employer had a uniform practice that violated the law.[38]  Just Energy says that its company policies for its door-to-door workers are consistent "with independent contractors performing exempt outside sales work."[39]  Further, it says that the Plaintiffs have failed to show that Just Energy subjected its workers outside the Beachwood, Ohio offices to practices that violate the Ohio Wage Act.[40]

But Just Energy's own documents support the Plaintiffs' claim that Just Energy subjected *all* its Ohio door-to-door workers to a level of supervision that was arguably inconsistent with exempt, independent contractors.  Specifically, Just Energy's Ohio training manuals say that the door-to-door workers "will be dropped off by the Crew Coordinator at the location you will be working in for the day."[41]  They also say that the door-to-door workers "begin[] their day  . . with a meeting at the office before going on the road  for the day."[42]  This evidence contradicts Just Energy's statements that it allowed its door-to-door workers to choose the hours and the neighborhoods that they worked.  Thus, because the Plaintiffs have identified state-wide policies that a jury could find are inconsistent with exempt, independent contractors, the Court finds that the proposed class satisfies the commonality requirement.

    3.  Typicality

Under Rule 23(a)(3), the claims of the plaintiffs purporting to represent the class must be typical of the claims . . . of the class."[43]  "A claim is typical if it arises from the same event or

---

[38] 131 S. Ct. at 2553.
[39] Doc. 53 at 16.
[40] Doc. 53 at 15.
[41] Doc. 60-12 at 1-7.
[42] Doc. 60-11 at 1-7.
[43] Fed. R. Civ. P. 23(a)(3).

-7-

Case No. 1:12-CV-00758
Gwin, J.

practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory."[44]

Here, the Plaintiff's claim, that Just Energy violated the Ohio Wage Act by failing to pay them overtime, arises from the same allegedly prohibited conduct as the rest of the class members. Specifically, the Plaintiffs say that Just Energy exerted a level of supervision, over the Plaintiffs and the proposed class, that is inconsistent with the exempt, independent contractor classification. Moreover, Just Energy does not dispute that the proposed class meets the typicality requirement. Therefore, the Plaintiffs' claim arises from the same "course of conduct" as all the other class members, and the proposed class satisfies the typicality requirement.

4.  Adequacy

Under Rule 23(a)(4), a plaintiff seeking to represent the class must also show that he or she will "fairly and adequately protect the interests of the class."[45]  Adequacy has two requirements: "1) the representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel."[46]

As noted above, the claims of the Plaintiffs, and the likely defenses against them, are common to the class.  The same strategies that will vindicate the Plaintiffs' claims will also vindicate those of the class.  Similarly, Just Energy's arguments why liability should not be imposed seem similar across the proposed class.  Based on its involvement thus far, the Court concludes that there is no reason to believe that the Plaintiffs will not continue to vigorously prosecute the class's

---

[44]/ *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) (citation and quotation marks omitted).
[45]/ Fed. R. Civ. P. 23(a)(4).
[46]/ *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 (6th Cir. 1976).

Case No. 1:12-CV-00758
Gwin, J.

interests. The Court finds no antagonism between the Plaintiffs' interests and the interests of the unnamed members of the class.

Just Energy says that the Plaintiffs are "unable or unwilling to vigorously prosecute the interests of the other class members" because the Plaintiffs have limited their Rule 23 class to overtime claims—instead of pursuing claims for *both* overtime and minimum wage.[47/] Thus, Just Energy says, the Plaintiffs have "jettisoned their putative members' minimum wage claims."[48/] But Just Energy is wrong.  The Plaintiffs have also moved for conditional certification of a national collective action under the FLSA.[49/] Because this FLSA class includes both claims for overtime *and* minimum wage, and because Ohio is part of that class definition, the Court finds that the Plaintiffs share the Ohio workers' minimum wage claims.

The Court also finds that class counsel is adequate.  Based on their extensive resumes[50/] and representations that they will "vigorously represent the class,"[51/] the proposed counsel "are qualified, experienced and generally able to conduct the litigation."[52/]  They appear to have extensive experience litigating class actions.  Accordingly, the Court finds that Dworken & Bernstein Co. LPA will "fairly and adequately represent the interests" of the proposed class.[53/]  The adequacy requirement is satisfied.

5.  Predominance

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently

---

[47/]Doc. 53 at 10-11.
[48/]Doc. 53 at 10-11.
[49/]Doc. 46.
[50/]Docs. 45 at 13-14; 45-8 at 1-4.
[51/]Doc. 45-8 at 1.
[52/]*Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000).
[53/]Fed. R. Civ. P. 23(g)(4).

-9-

Case No. 1:12-CV-00758
Gwin, J.

cohesive to warrant adjudication by representation."[54]  To satisfy this requirement, a plaintiff must establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole predominate over those issues that are subject only to individualized proof.[55] "[T]he mere fact that questions peculiar to each individual member of the class action remain after the common questions of the defendant's liability have been resolved does not dictate the conclusion that a class action is impermissible."[56]

Here, as discussed above in regards to commonality, the Plaintiffs show there are disputed issues that can be resolved through generalized proof.  But Just Energy says that common questions . . . do not predominate over individual claims" because  the "current opt-in Plaintiffs cannot even show that they are similar to . . . purported class members in other locations in Ohio."[57] Specifically, Just Energy says that a "fact finder will need to conduct an individualized analysis on the central issue" of whether "Plaintiffs are employees of any of the Defendants."[58]

But the evidence does not support Just Energy's position.  First, the Plaintiffs evidence shows that Just Energy applies uniform, state-wide policies to the Plaintiffs and the purported class.  For example, with respect to all the door-to-door workers in Ohio, Just Energy: (1) hired through the same marketing channels;[59] (2) used a uniform employment agreement;[60] (3) distributed uniform orientation materials and policies;[61] (4) provided uniform marketing scripts; (6) paid the same

---

[54] *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997).

[55] *Beattie*, 511 F.3d at 564 (citations and quotation marks omitted).

[56] *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988).

[57] Doc. 53 at 14.

[58] Doc. 53 at 15.

[59] Doc. 59-4 at 5.

[60] Doc. 59-4 at 7.

[61] Docs. 59-3 at 3; 59-4 at 10.

Case No. 1:12-CV-00758
Gwin, J.

commission basis;[62] (5) required compliance with Just Energy's Codes of Ethics and Codes of

Business Conduct;[63] and (6) enforced uniform disciplinary procedures.[64]

Second, the Plaintiffs have shown, with Just Energy's own documents, that Just Energy has

state-wide policies that a jury could find are inconsistent with exempt, independent contractors.[65]

Despite Just Energy's contention that its state-wide policies are consistent with the Ohio Wage Act,

the Plaintiffs' evidence shows the contrary.  Third, the Plaintiffs' evidence shows that the Plaintiffs

and the purported class share the same roles and responsibilities: going door-to-door soliciting

customers for Just Energy's services.  While Just Energy says that job duties varied for certain

Plaintiffs who worked as "crew coordinators," those difference are not of such a magnitude as to

cause individual issues to predominate.  Thus, the Court finds that the predominance requirement

is satisfied.

### 6. Superiority

Under Rule 23(b)(3), the Court must find that "a class action is superior to other available

methods for fairly and efficiently adjudicating the controversy."[66]  The "most compelling rationale

for finding superiority in a class action" is the existence of a "negative value suit."[67]  A negative

value suit is one "in which the costs of enforcement in an individual action would exceed the

expected individual recovery."[68]

---

[62]/Doc. 59-6.

[63]/Docs. 59-10; 59-4 at 9.

[64]/Doc. 59-11.

[65]/*See supra* notes 40-42.

[66]/Fed. R. Civ. P. 23(b)(3).

[67]/*In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 348 (N.D. Ohio 2001) (quotation marks and citations omitted).

[68]/*Id.*

Case No. 1:12-CV-00758
Gwin, J.

Here, each individual plaintiff is unlikely to recover more than the cost of an individual action.  As a result, vindication of these overtime claims would not be available, as a practical matter, without  class treatment.  Moreover, Just Energy does not dispute the superiority element. The Court therefore finds that a class action is the superior method for adjudicating the claims.[69]

Because the Plaintiffs have satisfied the prerequisites of Rule 23(a), and because the Plaintiffs have satisfied the predominance and superiority requirements of Rule 23(b), the Court grants the Plaintiff's motion for class certification.

### III. FLSA Collective Action

The Plaintiffs say that Just Energy violated the FLSA by classifying them as exempt, independent contractors and by failing to pay them required wages and overtime.[70]  Now the Plaintiffs move for conditional certification of a collective action under 29 U.S.C. § 216(b).  They propose the following class definition:

> The named Plaintiffs and all other persons who at any point in the last 3 years
> (a) were listed on their Just Energy contract as performing services for the "Commerce Energy" affiliate of Just Energy;
> (b) were treated as independent contractors;
> (c) had the job of going door-to-door for Just Energy; and
> (d) were not paid minimum wage and/or overtime.[71]

*A.  Collective Action Standard*

Under § 216(b), a plaintiff alleging a FLSA violation can bring a representative action for himself and similarly situated persons if the plaintiffs meet two requirements: "1) the plaintiffs must actually be 'similarly situated,' and 2) all plaintiffs must signal in writing their affirmative consent

---

[69]/The Court also finds that no other similar actions are pending against Just Energy.

[70]/Doc. 46 at 3.

[71]/Doc. 46 at 3.

-12-

Case No. 1:12-CV-00758
Gwin, J.

to participate in the action."[72]  This FLSA representative action is called a collective action and is different from the Rule 23 representative action: under Rule 23 a putative plaintiff has the opportunity to opt-out of the class, but under the FLSA a putative plaintiff must affirmatively opt-in to the class.[73]

Neither the FLSA nor the Sixth Circuit have explicitly defined the term "similarly situated."[74]  Nevertheless, the Sixth Circuit has said that FLSA plaintiffs may proceed collectively in cases where "their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct."[75]  Significantly, the Sixth Circuit has said that courts should not apply the more stringent criteria for class certification under Rule 23.[76]

### B.  Two-stage Certification Process

The Sixth Circuit has adopted a two-stage certification process to determine whether a proposed group of plaintiffs is "similarly situated."[77]  First, the "notice" stage takes focuses on determining whether there are plausible grounds for plaintiffs' claims.[78]  At this stage, a plaintiff must make only a "modest factual showing" and needs to show "only that his position is similar, not identical, to the positions held by the putative class members."[79]  Because the court has limited evidence at this stage, this standard is "fairly lenient,"[80] and "typically results in 'conditional

---

[72] *Comer v. Wal-Mart Stores*, Inc., 454 F.3d 544, 545 (6th Cir. 2006) (citations omitted).

[73] *Id.*

[74] *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584 (6th Cir. 2009).

[75] *Id.* at 585.

[76] *Id.* at 584.

[77] *Id.* at 547.

[78] *Id.*

[79] *Id.*

[80] *Id.*

Case No. 1:12-CV-00758
Gwin, J.

certification' of a representative class."[81]

The second stage occurs after "all of the opt-in forms have been received and discovery has concluded."[82]  The second stage determination is "typically precipitated by a motion for 'decertification' by the defendant."[83]  Review at this stage is more stringent because a court has "more information on which to base its decision and makes a factual determination on the similarly situated question."[84]

Because the parties have conducted some discovery on the certification issue, the Court reviews the Plaintiffs' motion under a hybrid standard.  Under this standard, the Plaintiffs must make a "modest 'plus' factual showing that there is a group of potentially similarly situated plaintiffs that may be discovered by sending opt-in notices."[85]  The Court "does not weigh the relative merits of the parties' claims at this stage."[86]  Instead, the Court preserves its "full and complete merit review" until stage two, when the Court and the parties have the benefit of a fully developed factual record of the putative opt-in plaintiffs.[87]

*C.  Conditional Certification*

Here, the Court finds that the Plaintiffs have met their initial burden to show that a class of similarly situated employees exists.  For these employees, the Plaintiffs' evidence shows that Just Energy: (1) treats its door-to-door workers as independent contractors exempt from FLSA;[88] (2)

---

[81] *Hipp v. Liberty Nat'l Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1297, 1204 (5th Cir. 1995)).

[82] *Comer*, 454 F.3d at 546 (internal quotation and citation omitted).

[83] *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995).

[84] *Id.*

[85] *Creely v. HCR ManorCare*, Inc., 789 F. Supp. 2d 819, 826 (N.D. Ohio 2011).

[86] *Id.* at 827.

[87] *Creely*, 789 F. Supp. 2d 823.

[88] Doc. 60-14 at 3.

-14-

Case No. 1:12-CV-00758
Gwin, J.

requires its door-to-door workers to perform the same job duties;[89] (3) hires its door-to-door workers

through similar practices;[90] (4) pays its door-to-door workers on a commission basis;[91] (5) trains its

door-to-door workers with uniform orientation materials;[92] and (6) requires its door-to-door workers

to comply with Just Energy policies.[93]  These common practices do not, however, violate the FLSA.

But the Plaintiffs' evidence also shows that Just Energy exerts significant supervision over

its door-to-door workers.  For example, Plaintiff Hurt says that Just Energy required her to work

certain hours[94] and report to a Just Energy office every morning.[95]  She also says that Just Energy

determined where she could work and drove her to and from her work locations.[96]  The other opt-in

Plaintiffs' deposition testimony supports these allegations.[97]  But because the opt-in Plaintiffs

worked only out of Just Energy's Beachwood, Ohio office, their testimony supports only a local

violation.

Just Energy's training manuals, however, give support for the Plaintiffs' claims that Just

Energy has violated the FLSA in each of the states where Commerce Energy uses door-to-door

workers.  Specifically, those training manuals say that the door-to-door workers "will be dropped

off by the Crew Coordinator at the location you will be working in for the day."[98]  They also say that

the door-to-door workers "begins[]their day . . with a meeting at the office before going on the road

---

[89] Docs. 60-11; 60-12.
[90] Doc. 60-8 at 6.
[91] Doc. 60-14 at 3.
[92] Docs. 59-3 at 3; 59-4 at 10.
[93] Doc. 60-8 at 7.
[94] Doc. 60-1 at 3, 5.
[95] Doc. 60-1 at 4.
[96] Doc. 60-1 at 3.
[97] Docs. 60-2 at 3, 5-6; 60-3 at 6, 8, 9; 60-4 at 4, 6; 60-5 at 2, 4, 6; 60-6 at 5-7.
[98] Doc. 60-12 at 1-7.

Case No. 1:12-CV-00758
Gwin, J.

for the day."[99]  The Court finds that these documents are sufficiently consistent with the Plaintiffs' allegations to justify conditional certification.

Just Energy says that the Court should deny the Plaintiffs' motion because Plaintiffs Black and Scott have failed to show that they are similarly situated to the class.  Specifically, Just Energy says that Black and Scott served as "crew coordinators" that have additional responsibilities beyond the typical duties of Just Energy's door-to-door workers.  But the Court properly undertakes factual determinations of whether the individual opt-in Plaintiffs are similarly situated to the representative Plaintiffs at the second-stage of certification, following full discovery of the opt-in Plaintiffs.[100]  If the Court then concludes that the opt-in Plaintiffs are not similarly situated, it can grant a motion by Just Energy to de-certify the class.[101]

### IV. Conclusion

*A.  Rule 23 Class Action*

The Court **CERTIFIES** the following class of Ohio Plaintiffs:

The named Plaintiffs and all other persons in Ohio since March 28, 2009 who:
(a) were listed on their Just Energy contract as performing services for the "Commerce Energy" affiliate of Just Energy;
(b) were listed by Defendants as independent contractors;
(c) had the job of going door-to-door for Just Energy; and
(d) were not paid overtime.[102]

The Court **APPOINTS** the named Plaintiffs as class representatives.  Further, after considering the Rule 23(g)(1) factors, the Court **APPOINTS**  Dworken & Bernstein Co., LPA as

---

[99]/Doc. 60-11 at 1-7.
[100]/*Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001);  *Douglas v. GE Energy Reuter Stokes*, No. 1:07CV077, 2007 WL 1341779, at *6 (N.D. Ohio Apr. 30, 2007).
[101]/*Hipp*, 252 F.3d at 1218.
[102]/Doc. 45 at 1.

Case No. 1:12-CV-00758
Gwin, J.

class counsel.

The Court **ORDERS** Just Energy to provide the Plaintiffs with the name, last known home address (including zip code), last known telephone number, last known email address, and dates of employment of all individuals within the above-defined class.  Just Energy is to provide this information to the Plaintiffs within fifteen days.

Additionally, the Court **ORDERS** that, within fifteen days of the date of this Order, the parties shall submit to the Court proposed language for notification apprising potential plaintiffs of their rights under the Ohio Wage Act and Rule 23.  The proposed notification language must meet the requirements of Rule 23(c)(2).

*B.  FLSA Collective Action*

The Court **GRANTS** conditional certification of the Plaintiffs' proposed collective action, and will conditionally certify a class consisting of:

> The named Plaintiffs and all other persons who at any point in the last 3 years
> (a) were listed on their Just Energy contract as performing services for the "Commerce Energy" affiliate of Just Energy;
> (b) were treated as independent contractors;
> (c) had the job of going door-to-door for Just Energy; and
> (d) were not paid minimum wage and/or overtime.

The certification ordered here is conditional, and this Court will reexamine this certification at the second stage.

The Court **ORDERS** Just Energy to provide the Plaintiffs with the name, last known home address (including zip code), last known telephone number, last known email address, and dates of employment of all individuals within the above-defined class.  Just Energy is to provide this information to the Plaintiffs within fifteen days.

-17-

Case No. 1:12-CV-00758
Gwin, J.

Additionally, the Court **ORDERS** that, within fifteen days of the date of this Order, the parties shall submit to the Court proposed language for notification and consent forms to be issued by the Court apprising potential plaintiffs of their rights under the FLSA to opt-in as parties to this litigation.  In drafting the proposed notification language, the parties should "be scrupulous to respect judicial neutrality" and "take care to avoid even the appearance of judicial endorsement of the merits of the action."[103]

IT IS SO ORDERED.


Dated: August 15, 2013                         s/          *James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE

---

[103]/*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989).