UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

DAVINA HURT, *et al.*,

        Plaintiff,

vs.

COMMERCE ENERGY, INC., *et al.*,

        Defendants.
-------------------------------------------------------

CASE NO. 1:12-CV-00758

OPINION & ORDER
[Resolving Doc. No. 62]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This is a case about minimum wage and overtime under the Fair Labor Standards Act[1] and overtime pay under the Ohio Minimum Fair Wage Standards Act.[2] Plaintiffs are door-to-door workers who marketed Defendants' energy services to residential customers. Defendant Just Energy Group Inc. has moved to dismiss Plaintiffs' Second Amended Complaint.

For the following reasons, the Court **DENIES** Defendant's motion to dismiss.

**I. Background**

**A. The Parties**

Just Energy Group Inc. ("Just Energy") is a Canadian company that provides electric power and natural gas supply to 1.8 million residential and commercial customers in Canada and the United States. It operates in the U.S. through its licensed subsidiaries. One of these subsidiaries, Defendant Commerce Energy, operates in California, Georgia, Maryland, Massachusetts, New

---

[1] 29 U.S.C. §§ 201-219.
[2] Ohio Rev. Code §§ 4111.01-.03, 4111.10.

Case No. 1:12-CV-00758
Gwin, J.

Jersey, Ohio, and Pennsylvania. Another Just Energy subsidiary, Defendant Just Energy Marketing, hires workers who market Just Energy services by going door-to-door to solicit customers.

Just Energy Marketing hired Plaintiffs as such door-to-door workers. They worked at various times from 2009 to 2013 at Just Energy's Beachwood, Ohio office.

**B. The Complaint**

In their Second Amended Complaint, Plaintiffs say that Defendants, including Just Energy, incorrectly claimed them as exempt under wage and hour laws as independent contractors.[3] They say that during that time Defendants required them to follow certain procedures and company rules, wear Just Energy badges and uniforms, and come to the Just Energy office every morning before working the geographic areas assigned to them by Defendants.[4] Plaintiffs say that under these circumstances they were actually employees.[5] They say that Defendants failed to pay them any minimum wage and overtime as required under state and federal law.[6]

Plaintiffs make these claims on behalf of themselves and as putative representatives for a collective action under Section 16 of the Fair Labor Standards Act, 29 U.S.C. § 216. They also seek to bring this case as a class action under Federal Rule of Civil Procedure 23. Plaintiffs say Defendants: (1) violated the Fair Labor Standards Act ("FLSA") by failing to pay the minimum wage provisions or overtime, 29 U.S.C. § 201, *et seq.*; and (2) violated Ohio's Minimum Fair Wage Standards Act, Ohio Revised Code Chapter 4111, by failing to pay overtime.

---

[3] Doc. 49 at 4-5.
[4] Doc. 49 at 4-5.
[5] Doc. 49 at 8.
[6] Doc. 49 at 1-2.

Case No. 1:12-CV-00758
Gwin, J.

**C. Defendant Just Energy's Motion to Dismiss**

Defendant Just Energy argues three separate grounds for dismissing Plaintiffs' claims against it: (1) for lack of personal jurisdiction, under Federal Rule of Civil Procedure 12(b)(2); (2) for failure to state a claim, under 12(b)(6); and (3) for judgment on the pleadings, under 12(c).[7] Because the Court's decision on Defendants' motion for summary judgment dealt with Defendant's arguments based on Rules 12(b)(6) and 12(c), the Court will only concern itself with the portion of Defendant's motion brought under Rule 12(b)(2).

As to its arguments under Rule 12(b)(2), Defendant Just Energy says Plaintiffs' claims against it must be dismissed for lack of personal jurisdiction. Defendant Just Energy says that it does not have sufficient contacts with the state of Ohio to give the Court either personal jurisdiction or a constitutionally permissible basis for exercising jurisdiction.[8] It says that Just Energy itself conducts no business in Ohio and has no office, employees, or independent contractors in Ohio.[9] Defendant Just Energy says that it is an undisputed fact that the trade name "Just Energy" is the d/b/a for several corporate entities, and is not just shorthand for the corporate entity Defendant Just Energy.[10] It says that it does not own or lease any property in Ohio.[11] Defendant Just Energy also says that it does not produce any product or provide services that might find its way into Ohio through the stream of commerce.[12]

Plaintiffs disagree.[13] They say that, in addition to being the parent company of Defendants

---

[7] Doc. 62-1 at 1-2.
[8] Doc. 62-1 at 2.
[9] Doc. 62-1 at 6.
[10] Doc. 77 at 3.
[11] Doc. 62-1 at 6.
[12] Doc. 62-1 at 6.
[13] Doc. 74.

-3-

Case No. 1:12-CV-00758
Gwin, J.

Commerce Energy and Just Energy Marketing Corporation, Defendant Just Energy takes an active role in managing Just Energy regional offices in Ohio.[14] They say that Just Energy participates in in the administration and management of marketing efforts in Ohio (including establishing procedures, policies, and rules for new marketers), assists with staffing of the regional offices in Ohio, and handles various other aspects of the management and administration of such regional offices.[15]

## II. Legal Standard

Where a court has not held an evidentiary hearing on a jurisdictional motion to dismiss, a plaintiff faces a "relatively light standard": a plaintiff need only make a *prima facie* showing of jurisdiction.[16] In such circumstances, a court must consider the pleading and other documentary evidence in the light most favorable to the plaintiff without considering controverting assertions of the defendant.[17]

At this stage, a *prima facie* showing is all that is required. Sufficient evidence shows a purposeful availment of Ohio and shows actions that Just Energy should anticipate would cause injury or damages in Ohio.

## III. Analysis

In determining whether personal jurisdiction exists in this case, the Court must determine (i) whether Ohio's long-arm statute would allow service of process on Defendant Just Energy Group

---

[14] Doc. 74 at 3.

[15] Doc. 74 at 6-9.

[16] *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998); *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1168-69 (6th Cir.1988) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)).

[17] *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 478 (6th Cir. 2003); *Dean*, 134 F. 3d at 1272.

-4-

Case No. 1:12-CV-00758
Gwin, J.

and (ii) whether the exercise of personal jurisdiction would deny Defendant Just Energy due process.[18]

**A. Ohio's Long-Arm Statute**

The Court finds that the Ohio long-arm statute allows for valid service of process on Defendant Just Energy. Under Ohio's long-arm statute, "[t]ransacting any business in [Ohio]" creates personal jurisdiction.[19] Generally, the Ohio Supreme Court has broadly interpreted the phrase "[t]ransacting any business."[20] That court disfavors creating generalizations of law, and instead favors case-by-case factual analyses.[21]

Here, Plaintiffs offer some evidence suggesting that Defendant Just Energy provides guidelines for new marketers in Ohio,[22] has regional sales offices in Ohio,[23] and handles various aspects of the management and administration of those regional offices.[24] They say Just Energy also provides the Ohio regional offices with company vehicles to transport marketers to the field.[25] The Plaintiffs' claims revolve around marketing efforts from these regional offices.

Though Plaintiffs' evidence is somewhat unclear, Defendant Just Energy has failed to rebut Plaintiffs' evidence in a meaningful way. The Court agrees that it is plausible that one of Defendant

---

[18] *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) ("Where a federal court's subject matter jurisdiction over a case stems from the existence of a federal question, personal jurisdiction over a defendant exists 'if the defendant is amendable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[] due process.'") (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992) (alteration in the original).
[19] Ohio Rev. Code § 2307.382(A)(1).
[20] *Goldstein v. Christiansen*, 638 N.E.2d 541, 544 (Ohio 1994) (finding "transact" as in "[t]ransacting any business" to include "carry[ing] on business" and "hav[ing] dealings") (internal citations omitted).
[21] *Id.*
[22] Docs. 74-5 at 1; 74-6 at 137-40.
[23] Docs. 74-3 at 43-44; 74-7 at 21; 74-8 at 70-71.
[24] Docs. 74 at 6-9; 74-3 at 138, 248-49; 74-5 at 1; 74-6 at 137-40; 74-8 at 33; 61-63.
[25] Docs. 74 at 8-9; 74-3 at 189-90.

-5-

Case No. 1:12-CV-00758
Gwin, J.

Just Energy's subsidiaries d/b/a Just Energy – rather than Defendant Just Energy – has undertaken these actions. Defendant Just Energy relies on an affidavit of Lisa O'Connor, its Vice President and Corporate Controller. She says that Just Energy has a separate corporate existence and does engage in business in Ohio.[26] Such controverting assertions alone cannot warrant dismissal.[27]

At this stage, the evidence and assertions presented by Plaintiffs are sufficient to support a *prima facie* finding that Defendant Just Energy transacted business in Ohio.[28] Thus, the Court finds that the Plaintiffs met their initial burden to show that service of process on Defendant Just Energy Group was allowed under the Ohio long-arm statute.

**B. Constitutional Due Process**

On the next question of whether exercising personal jurisdiction in this case would violate constitutional due process, the Court finds that it would not.

Depending on the nature of a defendant's contacts with the forum state, personal jurisdiction can be either general or specific.[29] General jurisdiction exists when a defendant's contacts with the forum state are "continuous and systematic," allowing the state to exercise personal jurisdiction over the defendant even if plaintiff's cause of action is unrelated to the defendant's contacts with the state.[30] In contrast, "[s]pecific jurisdiction exists if the defendant's contacts with the forum state are related to the case at hand."[31]

**1. Specific Jurisdiction**

---

[26] Doc. 62-2.

[27] *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991) (citing *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 12, 1214 (6th Cir. 1989)) (holding that an affidavit containing controverting assertions of the party seeking dismissal is not sufficient to prevail on a jurisdictional motion to dismiss).

[28] Ohio Rev. Code § 2307.382(A)(1) ("Transacting any business in this state.").

[29] *Bird*, 289 F.3d at 873.

[30] *Id.* at 874.

[31] *Cadle Co. v. Schlictmann*, 123 F. App'x 675, 677 (6th Cir. 2005).

Case No. 1:12-CV-00758
Gwin, J.

Plaintiffs say that the Court has specific personal jurisdiction over Defendant Just Energy.[32] This Court agrees.

To determine whether the particular circumstances of a case provide sufficient contacts between a non-resident defendant and the forum state to support the exercise of specific personal jurisdiction, the Sixth Circuit has devised a three-part test: (1) the defendant must "purposefully avail himself of the privilege of acting in the forum state;" (2) the cause of action must "arise from" the defendant's actions in that state; and (3) the defendant's actions must have a "substantial enough connection with the forum state to make the exercise of jurisdiction . . . reasonable."[33] If all three criteria are met, personal jurisdiction is constitutionally permissible where the defendant has sufficient contacts with the forum state such that the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice."[34]

### a. Purposeful Availment

The Court must first examine whether Plaintiffs have made a *prima facie* showing of purposeful availment.[35] Purposeful availment gives a "degree of predictability to the legal system" by enabling defendants to predict whether actions will subject them to suits in a particular state."[36] Purposeful availment turns on the nature and quality of defendant's contacts.[37] This requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third

---

[32] Doc. 74 at 9-10.
[33] *S. Mach. Co. v. Mahasco Ind., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).
[34] *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted).
[35] *S. Mach.*, 401 F.2d at 381.
[36] *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).
[37] *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479 (1985).

Case No. 1:12-CV-00758
Gwin, J.

person.'"[38]

Here, Plaintiffs say Defendant Just Energy has a physical presence in Ohio. They say that Just Energy maintains offices in Ohio and provide some evidence that regional offices are identified with the "Just Energy" logo.[39] Plaintiffs point to some evidence that, when taken in the light most favorable to them, supports the notion that it is Just Energy itself that appears on the lease and pays the rent for all regional offices in Ohio.[40]

Plaintiffs also say that Defendant Just Energy is intimately involved in the administration and management of marketing efforts in Ohio.[41] They point to evidence that suggests that Just Energy issues company rules, policies, and procedures by which Ohio workers must abide;[42] maintains records pertaining to the Ohio marketers;[43] and provides administrative support for regional offices in Ohio.[44] They also say that Just Energy provides Ohio regional distributors with updated proprietary information, including materials about future market launches, utility endeavors, and changes to products.[45]

Taken in the light most favorable to Plaintiffs (and not considering Defendant's controverting assertions), these business contacts are not "random," "fortuitous," or "attenuated." Though somewhat ambiguous about which legal entity made these contacts, Plaintiffs' evidence suggests that Defendant Just Energy's actions were specifically tailored to and targeted for effects in Ohio. Under these circumstances, the Court finds that Plaintiffs have made a *prima facie* that Defendant Just

---

[38] *See id.* at 475 (internal citations omitted).
[39] Docs. 74 at 7; 74-3 at 43-44; 74-8 at 70-71.
[40] Docs. 74 at 7; 74-2 at 15-16; 74-7 at 21.
[41] Doc. 74 at 1, 3-4, 7-9.
[42] Docs. 74-5 at 1; 74-6 at 137-40.
[43] Doc. 74-8 at 61-63.
[44] Docs. 74-3 at 138, 248-49; 74-8 at 33.
[45] Docs. 74 at 9; 74-1 at 44.

-8-

Case No. 1:12-CV-00758
Gwin, J.

Energy has purposefully availed itself of the privilege of conducting business in Ohio.

### b. Arising From

The Court must next assess whether the cause of action arises from activities by the defendant in the forum state.[46] This analysis is largely the same as the one this Court undertook to determine whether Ohio's long-arm statute allowed for service of process on Defendant Just Energy. In this case, the activities that Plaintiffs say Just Energy undertook in Ohio – the management of marketing efforts and the maintenance of regional offices – are those activities which Plaintiffs say caused them to be deprived of their overtime and minimum wage, creating the basis of their FLSA and Ohio law overtime claims. Given that, as described above, some evidence supports this position, the Court finds that this element is satisfied for purposes of this motion.

### c. Substantial Connection

Finally, the Court must perform a reasonableness inquiry to determine whether the third part of the test for constitutional permissibility has been satisfied. That inquiry must assess whether the defendant's acts have a "substantial enough connection with the forum state" to make the exercise of personal jurisdiction reasonable.[47] As a threshold matter, "[a]n inference arises that the third factor is satisfied if the first two requirements [for the constitutionality of personal jurisdiction] are met."[48] Several factors are relevant, including "the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of controversies."[49]

---

[46] *S. Mach.,* 401 F.2d at 381.
[47] *Id.*
[48] *Bird,* 289 F.3d at 875 (quotations omitted).
[49] *Am. Greetings Corp. v. Cohn,* 839 F.2d 1164, 1169-70 (6th Cir. 1988) (citing *Asahi Metal Indus. Co. v. Sup. Ct.,* 480 U.S. 102, 113 (1987)).

Case No. 1:12-CV-00758
Gwin, J.

Here, although defending the current lawsuit in Ohio may be some burden on Defendant Just Energy, based out of Canada, Defendant seems to have specifically engaged in the administration and management of marketing efforts in Ohio. Nothing indicates that the Defendant will be unable to adequately defend itself in this forum. Rather, some evidence suggests that some of Defendant's employees already travel to Ohio on a regular basis.[50]

Additionally, all of the activities that Plaintiffs say give rise to their cause of action took place in Ohio. Ohio has a legitimate interest in protecting Ohio-based plaintiffs against exploitative employment practices.[51]

The Court therefore finds that the third element of the test for specific jurisdiction is satisfied. Accordingly, the Court finds that Plaintiffs have sufficiently shown that personal jurisdiction over Defendant Just Energy is constitutionally permissible.

**2. General Jurisdiction**

Plaintiffs also say that the Court has general jurisdiction over Defendant Just Energy.[52] Because the Court has already found Plaintiffs to have made a *prima facie* case of specific jurisdiction, the Court need not reach the question of whether there is general jurisdiction over Defendant Just Energy.

---

[50] Doc. 74 at 8-9; Doc. 74-3 at 138.
[51] *J4 Promotions, Inc. v. Splash Dogs, LLC*, 08 CV 977, 2009 WL 385611, at *17 (N.D. Ohio Feb. 13, 2009).
[52] Doc. 74 at 9-10.

Case No. 1:12-CV-00758
Gwin, J.

## III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss.

IT IS SO ORDERED.


Dated: August 27, 2013                    s/    *James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE