UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
Davina Hurt, *et al.*, :
: CASE NO. 1:12-CV-00758
Plaintiffs, :
:
vs. : OPINION & ORDER
: [Resolving Doc. Nos. 97, 101]
Commerce Energy, Inc., *et al.* :
:
Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case about minimum wage and overtime under the Fair Labor Standards Act[1] and overtime under the Ohio Minimum Fair Wage Standards Act,[2] Defendants Just Energy Group, Inc., Commerce Energy, Inc., and Just Energy Marketing Corp. ("Defendants") move the Court under 28 U.S.C. § 1292(b) to certify an interlocutory appeal of the Court's August 15, 2013 Order granting in part and denying in part Defendants' Motion for Summary Judgment.[3] Defendants also seek a stay of the proceedings during that appeal.[4] For the following reasons, the Court **DENIES** Defendants' motion.

---

[1] 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.500, *et seq.*
[2] Ohio Rev. Code §§ 4111.01-.03.
[3] Doc. 97.
[4] *Id.*

Case No. 1:12-CV-00758
Gwin, J.

## I. Background

On January 1, 2013, Defendants filed a motion for summary judgment. Along with making an argument that the statute of limitations barred one plaintiff's claims, Defendants said that they were entitled to summary judgment because Plaintiffs are outside salespersons under Section 13(A)(1) of the Fair Labor Standards Act ("FLSA") and the Ohio Wage Act.[5] Plaintiffs opposed that motion.[6]

On August 15, 2013, this Court entered an order granting in part and denying in part Defendant's Motion for Summary Judgment.[8] In addition to disposing of the statute of limitations issue, the Court found that Defendants failed to show the Plaintiffs were exempt outside salespeople.[9] It held that questions of material fact regarding Plaintiffs' employment circumstances existed.[10] These factual questions made impossible the determination of the applicability of FLSA's outside sales exemption at summary judgment.

In their current motion, Defendants say the Court, in its August 15, 2013 Order, improperly interpreted the Supreme Court's recent decision in *Christopher v. SmithKline Beecham*[11] and request an interlocutory appeal.[12] They say that the application of *Christopher*'s interpretation of FLSA's sales exemption presents a novel and difficult question of controlling law.[13] In addition to asking for an immediate interlocutory appeal, Defendants ask the Court to stay the proceedings for the

---

[5] *See* Doc. 80.
[6] Doc. 82.
[8] Doc. 89.
[9] *Id.* at 19-20, 23.
[10] *Id.*
[11] 132 S. Ct. 2156 (2012).
[12] Doc. 97-1 at 1.
[13] *Id.* at 1-2.

Case No. 1:12-CV-00758
Gwin, J.

appeal's pendency.[14] Plaintiffs oppose this motion.[15]

## II. Legal Standard & Analysis

Litigants are generally not entitled to appellate review of court orders prior to a final judgment on the merits.[16] In "exceptional cases," however, district courts may grant parties leave to take interlocutory appeals.[17] To appeal under § 1292(b), a party must show: (1) the issue concerns a controlling question of law; (2) substantial ground for difference of opinion on that issue exist; and (3) immediate appeal would materially advance the ultimate termination of the litigation.[18] The burden of showing exceptional circumstances justifying an interlocutory appeal rests with the party seeking review.[19]

### A. Controlling Legal Issue

On the first factor, "[a] legal issue is controlling if it could materially affect the outcome of the case."[20] In other words, "[a]n issue is . . . controlling if its resolution on appeal could result in a reversal of a district court's final judgment."[21] Here, Defendants say that the application of *Christopher* to FLSA's outside sales exemption presents controlling issues of law in this case.[22] The Court does not find this argument compelling.

A resolution of an interlocutory appeal in Defendants' favor would not resolve this case.

---

[14] *Id.* at 1.
[15] Doc. 101.
[16] *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).
[17] *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (citations omitted); *see also* 28 U.S.C. § 1292(b).
[18] *In re City of Memphis*, 293 F.3d at 350; Negron v. United States, 553 F.3d 1013, 1015 (6th Cir. 2009).
[19] *See In re City of Memphis*, 293 F.3d at 350-51.
[20] *Id.* at 351.
[21] *Gaylord Enter. Co. v. Gilmore Enter. Grp.*, 187 F. Supp.2d 926, 956 (M.D. Tenn. 2001).
[22] Doc. 97-1 at 5-7.

Case No. 1:12-CV-00758
Gwin, J.

Rather, the Court still would need to reach a decision on the actual merits of Plaintiffs' claims. This is because the determination of Defendants' liability will turn on questions of material fact about the circumstances of Plaintiffs' employment. As the Court made clear in its August 15, 2013 Order, the parties dispute many facts which would affect the applicability of the exemption. Particularly significant is the disputed nature of the degree of Defendants' control over Plaintiffs' work. Whether the FLSA outside sales exemption covers Plaintiffs will depend on the resolution of factual disputes like whether Defendants allowed Plaintiffs to travel and work independently and whether Defendants dictated Plaintiffs' hours. The question of the outside sales exemption's applicability is not purely legal and requires factual findings. This factor, therefore, weighs against granting the appeal.

**B. Substantial Grounds for Different Opinion**

The second factor requires that the Court determine whether substantial grounds exist for different opinion on the issue. Substantial grounds for a difference of opinion exist when "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question."[23]

Here, Defendants seek to appeal whether the Court correctly interpreted *Christopher* in applying the FLSA's outside sales exemption. Defendants are correct that very few courts have had an opportunity to apply *Christopher*, especially with regard to the outside salesperson exemption.[24]

---

[23] *In re Miedzianowski*, No. 13-101, 2013 WL 4436545, at *1 (6th Cir. Aug. 20, 2013) (citing *City of Dearborn v. Comcast of Mich. III, Inc.,* No. 08–10156, 2008 WL 5084203, at *3 (E.D. Mich. Nov. 24, 2008)); *see also West Tenn. Chapter of Assoc. Builders and Contractors, Inc.*, 138 F. Supp. 2d 1015, 1019 (W.D. Tenn. 2000).

[24] *See* Doc. 97-1 at 8.

-4-

Case No. 1:12-CV-00758
Gwin, J.

This, however, is irrelevant.

The issues that the Court addressed in its August 15, 2013 Order are not difficult or of first impression. Because *Christopher* involved the factually distinguishable situation where regulations precluded the pharmaceutical representatives from finalizing sales, the Court did not need to interpret and apply the merits of *Christopher* in its August 15, 2013 Order. Rather, the Court's decision was "substantially guided by previous decisions" that had applicable facts.[25]

Additionally, no conflict exists between the opinions of courts applying *Christopher* and this Court. Defendants say that "at least one appellate court considering *Christopher* reached a different result than the Court in the present case."[26] They are mistaken for two reasons.

First, although the Fifth Circuit in *Meza* held that "no aspect of the [*Christopher*] opinion suggests that earning less than minimum wage is itself *sufficient* for relief,"[27] the Court's August 15, 2013 Order did not find otherwise. Rather, the Court's decision followed the tradition of recognizing the amount of individuals' compensation as "indicia" of employees' eligibility for the FLSA exemption.[28] It also recognized the relevance of Plaintiffs' compensation to the question of whether Plaintiffs fit within the purpose of the exemption.[29] The Court never found that the exemption

---

[25] *See* Doc. 89 at 9-10 (analogizing to *Clements v. Serco*, 530 F.3d 1224, 1225 (10th Cir. 2008) and *Wirtz v. Keystone Readers, Inc.*, 418 F.2d 249, 253 (5th Cir. 1969)).

[26] Doc. 97-1 at 8 (citing *Meza v. Intelligent Mexican Marketing*, 720 F.3d 577 (5th Cir. 2013)).

[27] *Meza*, 720 F.3d at 586 (emphasis in the original).

[28] *See, e.g.*, *Nielsen v. DeVry*, 302 F. Supp. 2d 747, 756 (W.D. Mich. 2003) (recognizing "commission compensation" as a "indicia of sales-related activities"); *see also* Allan L. Schwartz, *Who is Employed in "Capacity of Outside Salesman" within Meaning of § 13(a)(1) of Fair Labor Standards Act (29 USCS § 213(a)(1), as Amended, Exempting Such Employees from Minimum Wage and Overtime Requirements of Act*, 26 A.L.R.Fed. 941, 952-953 (1976 & 1995 Supp.) (analyzing "outside salesperson" exemption under FLSA, and explaining that its applicability may depend on various "indicia" of a given employment situation including whether the person receives "commission compensation" and the "totality of circumstances").

[29] Doc. 89 at 18-20.

Case No. 1:12-CV-00758
Gwin, J.

*necessarily* would exclude Plaintiffs if Plaintiffs in fact earned less than minimum wage. Rather, it found Plaintiffs' compensation one relevant factor in the analysis of the exemption's applicability.

Second, *Meza*'s analysis of *Christopher* applied only to a certain category of potentially exempt salespeople: drivers. In *Meza*, the Fifth Circuit recognized that *Christopher* "offers little guidance as to how a court determines if a *driver* is a deliveryman or a salesman for FLSA purposes."[30] And, the regulations the Fifth Circuit references are those delineating the category of deliveryman versus exempt outside salesman for *drivers*, not the more general regulations for outside sales at issue in this case.[31] Drivers are not the category of employees at issue in this case. The Court's August 15, 2013 Order therefore does not conflict with the Fifth Circuit's holding in *Meza* at all.

**C. Material Advancement of Ultimate Termination of the Litigation**

Finally, the Court must consider whether an immediate appeal would materially advance the ultimate termination of the litigation. Such circumstances exist where appellate review could "appreciably shorten the time, effort, and expense exhausted between the filing of a lawsuit and its termination."[32] If anything, the Court finds that allowing an interlocutory appeal will delay the ultimate progression of the litigation. In their opposition, Plaintiffs say that "[a] single appeal at the end of this case, instead of two appeals, shortens the time span of this litigation."[33] The Court finds this correct. The particular issue that Defendants want to appeal will not dispose of the case and the risk that the Court's decision will be reversed is not unique to this proceeding. The highly fact-intensive nature of the inquiry required to apply the outside salesperson exemption almost guarantees

---

[30] *Meza*, 720 F.3d at 586 (emphasis added).
[31] *Id.* at 581-86.
[32] *Berry v. Sch. Dist. of City of Benton Harbor*, 467 F. Supp. 721, 727 (W.D. Mich. 1978).
[33] Doc. 101 at 7.

-6-

Case No. 1:12-CV-00758
Gwin, J.

that even a ruling in favor of Defendants' interpretation of *Christopher* will not terminate this case. Thus, the Court finds that this factor also weighs against granting the appeal.

### III. Conclusion

Having considered the foregoing factors, the Court finds that it would not be appropriate to grant an interlocutory appeal under 28 U.S.C. § 1292(b). The Court, therefore, **DENIES** the Defendants' motion.

IT IS SO ORDERED.


Dated: September 20, 2013               s/      *James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE