UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
DAVINA HURT AND DOMINIC HILL :
Individually and on behalf :
Of others similarly situated : CASE NO. 1:12-CV-758
:
Plaintiffs, :
:
v. : OPINION & ORDER
: [Resolving Doc. Nos. 641, 643, 644, 647,
COMMERCE ENERGY, INC. *et al.* : & 649, 650]
:
Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This Court conditionally certified a Fair Labor Standards Act ("FLSA") class action and notice was sent to the potential class members stating that the opt-in forms were to be postmarked by January 10, 2014. Now, Defendants seek to strike opt-in notices that were filed after January 13, 2014.[1] Plaintiffs oppose the motion.[2] Plaintiffs also have filed motions to accept an additional 26 late-filed opt-in notices.[3] Defendants oppose that motion.[4] For the following reasons, the Court **DENIES** Defendants' motion and **GRANTS** Plaintiffs' motions to allow the opt-in notices filed after January 13, 2014 to be included in the potential class.

The opt-in notices that Defendants seek to strike fall into two distinct groups: (1) those that

---

[1] Docs. 641, 644.
[2] Doc. 643.
[3] Docs. 647, 650.
[4] Doc. 649.

-1-

Case No. 1:12-CV-758
Gwin, J.

were postmarked by January 10, 2014 but were not filed by January 13, 2014, and (2) those that were not postmarked by January 10, 2014.

### (A) Opt-in Notices Postmarked by January 10, 2014, Filed After January 13, 2014

The class notice that the Court approved instructed potential class members that their opt-in notices must be postmarked by January 10, 2014.[5/] Plaintiffs have represented that 78 of the challenged opt-in notices met this deadline.[6/]

Defendants argue, however, that the Court's September 14, 2013 scheduling order providing January 13, 2014 as the "Class notification closeout deadline" set the date by which Plaintiffs must file the opt-in notices.[7/] Plaintiffs' reading of this language differs, suggesting that the order set January 13, 2014 as the postmark deadline.

The Court did not clearly specify a deadline by which Plaintiffs must docket the opt-in notices.[8/] The Court will not now deny the opportunity to join this litigation to the opt-ins who followed the instructions on the notices they received – with language approved from this Court – just because Plaintiffs' attorneys did not file their notices sooner. Therefore, the Court denies Defendants' motion with regard to opt-in notices postmarked on or before January 10, 2014.

### (B) Opt-in Notices Postmarked After January 10, 2014

The opt-in notices postmarked after January 10, 2014 are untimely. Nevertheless, the Court has the authority to allow late opt-ins.[9/]

---

[5/] Doc. 641-1.

[6/] *Id.* at 2.

[7/] Doc. 103 at 1.

[8/] Even if the Court's Class notification deadline had been a filing deadline, for the reasons described below, the Court would allow those opt-ins postmarked by January 10, 2014 but filed after January 13, 2014 to join the collective action.

[9/] *See Ruggles v. Wellpoint, Inc.*, 687 F.Supp.2d 30, 37 (N.D.N.Y.2009).

Case No. 1:12-CV-758
Gwin, J.

In determining whether to allow late-filed opt-ins, courts will consider various combinations of the following factors: (1) whether good cause exists for the untimeliness; (2) prejudice to the defendant; (3) how late the opt-in notices are; (4) judicial economy; and (5) the remedial purposes of the FLSA.[10]

Balancing these factors, the Court finds that the opt-in potential class members who sent notices postmarked after January 10, 2014 may be properly added. Although Plaintiffs have offered no good cause for the untimeliness of these additional opt-in notices, all of the other factors weigh in their favor.[11]

Adding these late-filed opt-ins does not prejudice the Defendants. Given that approximately 2,000 total notices were filed within the deadline, the inclusion of the late-filed opt-ins increases the size of the potential class less than 5%.[12] This increase will not overly burden or prejudice Defendants.[13]

Additionally, less than a month has passed after the Court's deadline for postmarking the opt-in notices. Thus, Defendants do not face "unfair surprise," nor are they "requir[ed] . . . [to] take any

---

[10] *Id.* (citing *Ayers v. SGS Control Servs., Inc.,* 2007 WL 3171342, at *4–5 (S.D.N.Y. Oct. 9, 2007) (requiring that late opt-in plaintiffs show good cause for their untimely consent filings), *Robinson–Smith v. Gov't Empl. Ins. Co.,* 424 F.Supp.2d 117, 123–24 (D.D.C.2006) (considering the potential prejudice to the defendant and the purposes of the FLSA), *Raper v. State of Iowa,* 165 F.R.D. 89, 92 (S.D. Iowa 1996) (considering potential prejudice to the defendant and judicial economy), *Monroe v. United Air Lines, Inc.*, 94 F.R.D. 304, 305 (N.D. Ill.1982) (considering how long after the deadline the consent forms were filed)).

[11] See *Ruggles,* 687 F.Supp.2d at 37 (permitting late consent opt-in plaintiffs to join collective class even though the plaintiffs offered no good cause for their failure to timely file, but all other factors weighed in their favor); *In Re Wells Fargo Home Mortg. Overtime Pay Litig.*, No. MDL 06–01770 MHP, 2008 WL 4712769 at *2 (N.D.Cal. Oct. 23, 2008) (rejecting a "rigid application of a 'good cause' standard" because it "does not fully respond to the various factors with which the court must concern itself" such as judicial economy and prejudice to the defendant).

[12] Even if the 78 notices that were postmarked by January 10, 2014 were considered, the total number of challenged opt-ins would increase the potential class by only slightly more than 8%.

[13] *See* *Heaps v. Safelite Solutions, LLC*, No. 2:10-cv-729, 2011 WL 6749053, at *2 (S.D. Ohio Dec. 22, 2011) (holding that a 10% increase in the potential class, 21 plaintiffs added, was not prejudicial) (citing *Abubakar v. Co. of Solano,* No. Civ. S–06–2268, 2008 WL 550117 at *2 (E.D. Cal. Feb.27, 2008) (holding a 15% increase in liability, 23 plaintiffs added to a class of 155, was not prejudicial)).

-3-

Case No. 1:12-CV-758
Gwin, J.

additional steps to defend this action."[14] Defendants have not been prejudiced by a significant delay and the addition of these opt-in plaintiffs should not hamper the discovery process already underway.

Judicial economy also supports adding these late-filed opt-ins. Even if the Court were to strike these plaintiffs' opt-in notices, these plaintiffs would still be able to file separate claims for relief against Defendants.[15] And Defendants would then still have to defend against each of these plaintiffs' individual FLSA claims. "Obviously, there is little economy in spawning identical FLSA lawsuits that themselves might be properly joined with this lawsuit in the future."[16]

Finally, the remedial purpose of the FLSA supports accepting these late-filed opt-in notices. "[A] generous reading, in favor of those whom congress intended to benefit from the law, is also appropriate when considering issues of time limits and deadlines."[17]

**(C) Additional Opt-in Notices**

Defendants say that "the end of [Plaintiffs'] untimely filings is not in sight" and criticize Plaintiffs' February 6, 2014 filing of additional notices.[18]

The Court agrees that it is unacceptable for Plaintiffs to continue to receive and file opt-in notices indefinitely for inclusion in the collective action. The Court therefore directs Plaintiffs to finish filing any additional opt-in notices by February 18, 2014. Any opt-in notices filed after that

---

[14] *Heaps,* 2011 WL 6749053, at *2 (allowing late-filed consent notices that were filed within a few months after the deadline) (citing Raper, 165 F.R.D. at 92 (finding no prejudice to the defendant by allowance of the addition of plaintiffs even after liability had been determined).

[15] *Heaps,* 2011 WL 6749053, at *2 (citing *Ruggles*, 687 F.Supp.2d at 37 (citing 29 U.S.C. § 256(b))).

[16] *Heaps,* 2011 WL 6749053, at *2 (quoting *Ruggles,* 687 F.Supp.2d at 38).

[17] *Heaps,* 2011 WL 6749053, at *2 (quoting *Kelley v. Alamo*, 964 F.2d 747, 750 (8th Cir.1992)).

[18] Doc. 644 at 2-3; *see also* Doc. 649 at 1-2.

-4-

Case No. 1:12-CV-758
Gwin, J.

date will not be included in the potential class.

    IT IS SO ORDERED.

Dated: February 6, 2014                  s/ *James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE