UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                :
DAVINA HURT AND DOMINIC HILL,                   :
Individually and on behalf                      :
of others similarly situated,                   :       CASE NO. 1:12-CV-758
                                                :
        Plaintiffs,                             :
                                                :
v.                                              :       ORDER
                                                :
COMMERCE ENERGY, INC., *et al.*,                :
                                                :
        Defendants.                             :
                                                :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      Defendants have notified the Court of yet another discovery dispute they claim needs the Court's intervention.[1/] They say that Plaintiffs have failed to properly respond to Defendants' Fourth Set of Interrogatories and Requests for Production of Documents and have improperly objected to Defendants' Notice of Video Deposition Duces Tecum.  Defendants ask the Court (1) to compel Plaintiffs to produce additional information, (2) to allow Defendants an extension of time to review and analyze that information, and (3) to allow Defendants to identify additional witnesses for depositions.[2/]

      The Court denies Defendants' requests.

---

[1/] Doc. 677.
[2/] *Id.* at 2.

-1-

Case No. 1:12-CV-758
Gwin, J.

**A.  Plaintiffs' Responses and Objections to Defendants' Discovery Requests**

The parties agree that Plaintiffs' counsel has no obligation to survey the 2000 opt-in plaintiffs or the 7000 Rule 23 plaintiffs.[3/] Rather, Defendants say Plaintiffs are withholding responsive information already in Plaintiffs' counsel's possession.[4/] In response, Plaintiffs say that they have already produced "all non-privileged information that is responsive to most of the interrogatories."[5/]

**1.  Defendants' Fourth Set of Interrogatories**

Requiring Plaintiffs to produce additional discovery in response to Defendants' Fourth Set of Interrogatories would be unduly burdensome.[6/] Plaintiffs have already produced responsive information for the approximately 450 class members that Plaintiffs surveyed. And, Plaintiffs have no further responsive information. Plaintiffs have no obligation to conduct additional surveys for Defendants.

Plaintiffs will not give specific testimony or enter evidence at trial from unnamed class members who have not been surveyed and from whom Defendants have not been allowed discovery. Therefore, any further discovery is not needed.

**2.  Defendants' Fourth Request for Production of Documents**

Plaintiffs have not sought any documents from class members and say that they will review their records to see if any class members has produced non-privileged documents responsive to any of Defendants' document requests.[7/] Plaintiffs say that if any such documents exist, they will

---

[3/] Docs. 677 at 3; 680 at 2.
[4/] Doc. 677 at 3.
[5/] Doc. 680 at 2.
[6/] *See Boynton v. Headwaters, Inc.*, No. 1-02-1111, 2009 WL 3103161, at *1 (W.D. Tenn. Jan. 30, 2009) (Order).
[7/] Doc. 680 at 3.

-2-

Case No. 1:12-CV-758
Gwin, J.

produce any responsive, non-privileged documents to Defendants and will produce a privilege log for any withheld documents.[8/]

The Court orders Plaintiffs to comply with its obligations under the Federal Rules of Civil Procedure and (1) conduct this review for documents and (2) make a production to Defendants of any responsive, non-privileged documents and a privilege log of withheld documents within ten days.[9/] Defendants are not entitled to any further discovery in response to their Fourth Request for Production of Documents.

**B.  Plaintiffs' Objection to Defendants' Notice of Video Deposition Duces Tecum**

Defendants say that Plaintiffs have improperly objected to their request for deponent's resumes or job applications because these documents go to the question of whether plaintiffs performed exempt outside sales work. Plaintiffs say that such materials created subsequent to the deponent's engagement with Defendants is irrelevant to this matter.

The Court agrees with Plaintiffs. Defendants are free to ask Plaintiffs at deposition about their employment with Defendants. Materials Plaintiffs created after their employment with Defendants does not have bearing on whether Plaintiffs were exempt salespeople or were employees. Defendants are not entitled to the additional documents they request.

IT IS SO ORDERED.

Dated: May 22, 2014                    s/        *James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE

---

[8/] *Id.*
[9/] *See* Fed. R. Civ. Proc. 26, 34.

-3-