UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                    :
DAVINA HURT AND DOMINIC HILL,        :
Individually and on behalf                      :
of others similarly situated,                   :          CASE NO. 1:12-CV-758
                                                    :
            Plaintiffs,                            :
                                                    :
v.                                                  :          OPINION AND ORDER
                                                    :          [Resolving Doc. Nos. 696, 704, & 708]
COMMERCE ENERGY, INC., *et al.*,       :
                                                    :
            Defendants.                          :
                                                    :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        In this case about unpaid overtime under the Fair Labor Standards Act[1] and unpaid minimum

wage and overtime under the under the Ohio Minimum Fair Wage Standards Act,[2] Defendants move

under Federal Rule of Civil Procedure 37(d) to dismiss thirteen individual plaintiffs for failure to

attend scheduled depositions before the close of discovery.[3] Plaintiffs oppose.[4]  For the below

reasons, the Court **GRANTS IN PART** Defendants' motion.

## I. Background

        The background of this case is detailed more fully in the Court's earlier orders.[5]

---

[1] 29 U.S.C. §§ 206(a), 207(a).
[2] Ohio Rev. Code §§ 4111.03, 4111.10.
[3] Doc. 696.
[4] Doc. 704.
[5] Docs. 88 (Order granting conditional certification); 89 (Order granting in part and denying in part summary judgment); 92 (Order denying motion to dismiss the second amended complaint).

Case No. 1:12-CV-758
Gwin, J.

Generally, plaintiffs are a group of door-to-door workers that were hired to solicit customers for Defendant Just Energy's electric power and natural gas products.[6] The FLSA collective action consists of roughly 2,000 individuals. The OFMWSA class consists of nearly 8,000 members.[7]

Class notices informed potential plaintiffs that they "may also be asked to sit for a deposition, answer questions under oath, and/or testify in court at trial or another proceeding."[8] Given the number of plaintiffs, the parties agreed on thirty-five individuals who would serve as witnesses throughout discovery and trial.[9]

Thirteen of the thirty-five identified plaintiffs failed to attend their properly noticed depositions: Roscoe Cook, Dominique Davis, Jerome Davis, John Davis II, Jessica Garrett, Chanel Morris, Darton Newman, Clifford Oliver, Joshua Parrish, Chantara Rodgers, Jessica Rodreques, Adrien Suarez, and Jazzmon Williams.[10]

**A.      Individual Delinquent Plaintiffs**

Ten out of the thirteen delinquent plaintiffs had opted-in to the FLSA collective action. In order to become class members, these individuals received notice that they may "be asked to sit for a deposition, answer questions under oath, and/or testify in court," and return a form providing their consent to participate in the litigation consistent with the Notice of Lawsuit.[11]

These ten delinquent plaintiffs were: Plaintiffs Cook, Dominique Davis, Garrett, Morris,

---

[6] Docs. 45 at 4; 52 at 3.
[7] Doc. 696 at 2.
[8] Doc. 105-1 at 1-3.
[9] Doc. 696-1 at 1.
[10] *Id.* at 1-3.
[11] Doc. 105-1 at 1-2.

Case No. 1:12-CV-758
Gwin, J.

Newman, Oliver, Rodgers, Rodreques, Suarez, and Williams.[12]

Plaintiffs Cook, Davis, Newman, Rodgers, and Suarez only brought FLSA claims.[13]

Plaintiffs Cook and Newman were scheduled to be deposed on May 29, 2014 in Philadelphia.[14] Plaintiff Dominique Davis was scheduled for May 30, 2014 in Baltimore and Plaintiff Rodgers was scheduled for May 22, 2014 in Chicago.[15]

Plaintiff Suarez was scheduled for June 3, 2014 in Los Angeles.[16] Both parties received prior notice that Suarez would not be able to attend his deposition and exchanged correspondence reaching a "resolution" that Suarez's deposition would not be rescheduled in exchange for Plaintiff's agreement that they would not call him at trial.[17]

Plaintiffs Garrett, Morris, Oliver, Rodreques, and Williams are class members of both the Rule 23 opt-out class action lawsuit under the Ohio Wage Act and the FLSA collective action.[18] Defendants subpoenaed Plaintiffs Garrett, Morris, Oliver, and Williams for their respective depositions.[19]

With the exception of Plaintiff Rodreques, the depositions of all of these class members were scheduled for May 16, 2014 in Cleveland and were rescheduled on June 2, 2014 due to these Plaintiffs' failure to appear.[20] Plaintiff Rodrques's deposition was scheduled for May 7, 2014 in

---

[12]*Id.* at 1-3.
[13]*Id.*
[14]*Id.* at 1-2.
[15]*Id.* at 2.
[16]*Id.* at 3.
[17]*Id.* at 3; Doc. 704-1.
[18]Doc. 696-1 at 1-3.
[19]*Id.* at 1-3.
[20]Doc. 105-1 at 2-3.

Case No. 1:12-CV-758
Gwin, J.

Toledo and was rescheduled for May 16, 2014 after she failed to attend on the first date.[21]

The remaining three delinquent class members, Plaintiffs Jerome Davis, John Davis II, and Joshua Parrish participate only as part of the Rule 23 opt-out class action lawsuit brought under the Ohio Wage Act ("Solely Rule 23 Plaintiffs").[22]

Plaintiffs Jerome Davis and John Davis II were scheduled for depositions in Cleveland on May 16, 2014 and, subsequently, on June 2, 2014, when they failed to attend the first scheduled deposition.[23] Defendants served them each with subpoenas for the depositions.[24]

The parties were unable to inform Plaintiff Parrish that the parties had selected him to be deposed.[25]

**B.      Defendants' Motion to Dismiss Delinquent Individual Plaintiffs**

Defendants bring this motion under Rule 37 requesting as a sanction dismissal of the claims of the thirteen delinquent individual plaintiffs.[26]  Defendants also say they are entitled to recovery of the costs and fees associated with the plaintiffs' failure to attend their depositions.[27]

Plaintiffs admit that the thirteen plaintiffs failed to appear for their depositions but say that dismissal of their claims is inappropriate.[28]  Instead, Plaintiffs say that the lesser sanction of prohibiting those individuals from appearing at trial would be sufficient and Defendants have not

---

[21]/Doc. 696-1 at 3.

[22]/*Id.* at 1-3.

[23]/*Id.* at 2.

[24]/*Id.*

[25]/*Id.* at 3.

[26]/Doc. 696.

[27]/*Id.* at 1.

[28]/Doc. 704 at 1.

Case No. 1:12-CV-758
Gwin, J.

suffered prejudice.[29] Plaintiffs also say that Defendants are not entitled to an award of costs and fees associated with the plaintiffs failure to attend their depositions because other depositions occurred on the scheduled days and, as a result, no additional preparation or fees were incurred.[30]

The motion is ripe.

## II. Legal Standard

Federal Rule of Civil Procedure 37(d) allows courts to impose sanctions, including dismissal, of an action in whole or in part, on properly served parties for failure to appear for a deposition.[31]

Four factors control whether dismissal is an appropriate sanction under Rule 37: (1) whether the party's failure to cooperate is due to wilfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the failure to cooperate; (3) whether the violating party had notice of the potential for dismissal; and (4) whether lesser sanctions were imposed or considered before dismissal.[32]

The use of dismissal as a sanction "accomplishes the dual purposes of punishing the offending party and deterring similar litigants from misconduct in the future."[33] However, "[d]ismissal is the sanction of last resort.  It should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith or due to its own fault."[34]

In addition to sanctions, Rule 37(d)(3) requires that "the party failing to act, the attorney advising that party, or both [] pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of

---

[29] *Id.* at 1.

[30] Doc. 704 at 1.

[31] Fed. R. Civ .P. 37(d).

[32] *Wittman v. Wilson*, 95 F. App'x 752, 754 (6th Cir. 2004) (citing *Harmon v. CSX Transp., Inc.*, 110 F.3d 364 (6th Cir. 1997)).

[33] *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997).

[34] *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994) (internal quotations omitted).

-5-

Case No. 1:12-CV-758
Gwin, J.
expenses unjust."[35]

### III. Analysis

#### A.    FLSA Claim Opt-In Plaintiffs

Defendants say that the ten delinquent plaintiffs who opted-in to the FLSA collective action should be dismissed and the Court should assess relevant costs and fees.[36]  Although Adrien Suarez is an FLSA opt-in plaintiff, the Court will analyze his situation below separately from the other nine delinquent FLSA opt-ins.  The remaining nine individuals are: Plaintiffs Cook, Dominique Davis, Garrett, Morris, Newman, Oliver, Rodgers, Rodreques, and Williams ("FLSA Claim Opt-In Plaintiffs").

##### 1.    Dismissal

Defendants say that the behavior of the delinquent FLSA Claim Opt-In Plaintiffs warrants dismissal with prejudice.  This Court agrees.

Though courts disagree about the breadth of the availability of discovery on opt-in plaintiffs, in general, defendants are entitled to individualized discovery on at least some of the opt-ins.[37]  Where, as here, certain individuals have opted-in and have been selected for depositions, Rule 37 can govern dismissal of their claims as a sanction.[38]

###### a.    Wilfulness, Bad Faith, and/or Fault

The FLSA Claim Opt-In Plaintiffs joined the collective action lawsuit by reading and

---

[35] Fed. R. Civ. P. 37(d)(3).

[36] Doc. 696.

[37] See *Smith v. Lowe's Home Ctrs., Inc.*, 236 F.R.D. 354, 357-58 (S.D. Ohio 2006) (describing some cases in which courts allowed individualized discovery on all opt-ins and other cases in which courts allowed discovery on a sampling of opt-in plaintiffs).

[38] *Oropeza v. Appleillinois, LLC*, No. 06 C 7097, 2010 WL 3034247 (N.D. Ill. Aug. 3, 2010).

Case No. 1:12-CV-758
Gwin, J.

agreeing to the Notice of Lawsuit. They knew that they might "be asked to sit for a deposition, answer questions under oath, and/or testify in court."[39/] Yet, they chose to opt-in anyway and chose to be bound to the terms of the Notice of Lawsuit.

Moreover, Defendants properly noticed – and in some cases rescheduled and re-noticed – the depositions for each of the FLSA Claim Opt-In Plaintiffs. Defendants specifically subpoenaed four of the FLSA Claim Opt-In Plaintiffs for their depositions.[40/]

Nevertheless, over half of these FLSA Claim Opt-In Plaintiffs failed to attend two properly noticed depositions without providing substantial justification.[41/] This is not a circumstance where Plaintiffs' counsel failed to convey the deposition to the FLSA Claim Opt-In Plaintiffs, or some superseding event prevented the FLSA Claim Opt-In Plaintiffs from attending. Yet, all of these FLSA Claim Opt-In Plaintiffs missed at least one properly noticed and scheduled deposition. Plaintiffs do not contest that these absences were without substantial justification. And, all of this is in spite of these individuals having consented to being active participants in the collective action.

As such, the Court finds that all nine of these FLSA Claim Opt-In Plaintiffs either willfully, through bad faith, or through their own fault, failed to attend their properly noticed and scheduled depositions. Therefore, the first factor weighs in favor of dismissal.

## b.  Prejudice

Defendants say that they suffered prejudice as a result of the FLSA Claim Opt-In Plaintiffs' failure to attend their depositions. They say they "did not have the opportunity to conduct discovery on nearly 40% of the identified witnesses and will be unable to offer testimony from these witnesses,

---

[39/]Doc. 105-1 at 1-2.
[40/]Doc. 696-1 at 1-3 (Plaintiffs Garrett, Morris, Oliver, and Williams).
[41/]*Id.* (Plaintiffs Garrett, Morris, Oliver, Rodreques, and Williams).

Case No. 1:12-CV-758
Gwin, J.

who may have offered helpful information to Defendants or negated Plantiffs' theories of this case."[42]

The Court agrees.  Without the ability to conduct discovery on the FLSA Claim Opt-Ins, Defendants are put at a distinct disadvantage.  Furthermore, Plaintiffs have had the ability to collect information in the form of surveys from these nine delinquent FLSA Claim Opt-In Plaintiffs.  The interests of justice require that Defendants would have had a chance to conduct discovery from the FLSA Claim Opt-In Plaintiffs.  And, they did not.  This fact prejudices Defendants.  Therefore, the second factor also weighs in favor of dismissal.

### c.        Notice of Potential for Dismissal & Existence of Lesser Sanctions

The Court addresses the third and fourth factors together.  Plaintiffs say that dismissal is a severe sanction that should be reserved for "the most egregious cases," and that the circumstances present in this case does not merit such a severe sanction.[43] Plaintiffs also say that dismissal is not appropriate because it is usually warranted only where notice has been given that a failure to comply with discovery would lead to dismissal and where no alternative sanction would be appropriate.[44]

The Court disagrees with Plaintiffs' assessment of the circumstances in this case.  By affirmatively opting-in to the collective action, the nine FLSA Claim Opt-In Plaintiffs had actual notice that they may have obligations, including appearing for depositions, during the discovery period.  By extension, then, these individuals should have had constructive notice that Rule 37 sanctions could apply to them.

And, here, any lesser sanctions would be inadequate.  Dismissal of these nine FLSA Claim

---

[42]/Doc. 708 at 2.
[43]/Doc. 704 at 4.
[44]/*Id.*

Case No. 1:12-CV-758
Gwin, J.

Opt-In Plaintiffs is already a lesser sanction than complete dismissal of the collective action for

Plaintiffs' bad behavior.[45]  Simply barring the FLSA Claim Opt-In Plaintiffs from testifying at trial

would allow them to partake in the benefits of a collective action lawsuit without allowing

Defendants a meaningful opportunity to build an individual defense to their claims.  The inadequacy

of such a lesser sanction is especially apparent in light of the fact that Defendants identified over half

of the FLSA Claim Opt-In Plaintiffs as potential trial witnesses.[46]  Allowing these individuals to

simply sit-out trial does nothing to remedy the prejudice that Defendants have suffered from the

inability to conduct discovery and build their defense.  Plaintiffs' actions were egregious and

threatened Defendants' rights to due process.

Overall then, the third and fourth factors tend to support dismissal as well.

For the reasons above, the Court dismisses the nine FLSA Claim Opt-In Plaintiffs from the

FLSA collective action and excludes them, where applicable, from the Rule 23 class.  Additionally,

the Court orders that Plaintiffs may not use at trial any testimony, information, data, and/or

documents from these FLSA Claim Opt-In Plaintiffs.[47]

## 2.    Costs and Attorneys' Fees

Under Rule 37(d)(3), "the court must require the party failing to act, the attorney advising

that party, or both to pay the reasonable expenses, including attorneys fees, caused by the failure,

unless the failure was substantially justified."

Plaintiffs do not contest that the failure of the FLSA Claim Opt-In Plaintiffs was not

---

[45]/Cf. *Knoll v. City of Allentown,* 707 F.3d 406, 410 (3d Cir. 2013) (describing that dismissal is considered to
be such a serious sanction because it affects the ability of a party to have its day in court).
    [46]/Doc. 696 at 1-3.
    [47]/See Fed. R. Civ. P. 37(b)(2)(A)(ii).

Case No. 1:12-CV-758
Gwin, J.

"substantially justified."[48/]

Defendants request that the Court award them the costs and attorneys' fees associated with the depositions of the FLSA Claim Opt-In Plaintiffs.[49/]  The Court grants this request, but orders that within fourteen days of this order Defendants submit an itemized accounting and proof of reasonable costs and fees incurred for the depositions of the FLSA Claim Opt-In Plaintiffs.  The Court notes that Defendants will not be able to recover costs and fees that were associated with depositions other than expenses associated with the FLSA Claim Opt-In Plaintiffs who are being dismissed.

###    B.    Solely Rule 23 Class Members

Defendants have also moved to dismiss Plaintiffs Parrish, Jerome Davis, and John Davis II based on their failure to appear for depositions.  These individuals are solely members of the Rule 23 Ohio Wage Act class; they have no FLSA claims and they did not affirmatively opt-in to the action.

Generally, absent class members in a Rule 23 class action are not subject to discovery.[50/]

That Defendants chose to identify Plaintiffs Parrish, Jerome Davis, and John Davis on their witness list does not change that.  Nor does the fact that Defendants properly served Plaintiffs

---

[48/]Doc. 704.

[49/]Doc. 696 at 1.

[50/]*Garden City Emps.' Ret. Sys. v. Psychiatric Solutions*, 2012 WL 4829802, at *2 (M.D. Tenn. Oct. 10, 2012) (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985) and other cases).
        Under certain circumstances, some courts have contemplated allowing Rule 33 and Rule 34 discovery from absent class members.  *See, e.g., Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999, 1005 (7th Cir. 1971) (limiting discovery from absent class members to those cases where "the trial judge determines that justice to all parties requires that absent parties furnish certain information"); *Cruz v. Dollar Tree Stores, Inc.*, No. 07-2050, 2011 WL 843956, *1-8 (N.D. Cal. Mar. 8, 2011) (following *Brennan*, 459 F.2d at 999).  Here, Defendants have made no arguments that those circumstances are present in this case.  In fact, Defendants do not make separate arguments for why discovery from Plaintiffs Parrish, Jerome Davis, and John Davis is uniquely needed or should be allowed.

-10-

Case No. 1:12-CV-758
Gwin, J.

Jerome Davis and John Davis with subpoenas.[51]

Not only did Defendants have the opportunity to obtain discovery from the named plaintiffs in this Rule 23 action, but Defendants were able to depose plaintiffs who were part of both the FLSA opt-in collective action and the Rule 23 class. Defendants have thus suffered insufficient prejudice from Plaintiffs Parrish, Jerome Davis, and John Davis's failure to appear for their depositions.

For these reasons, the Court denies Defendants' request to dismiss Plaintiffs Parrish, Jerome Davis, and John Davis, and Defendants' accompanying request for related fees and costs. The Court does order, however, that Plaintiffs not call these individuals at trial. The Court further orders that, in the interests of justice and fairness, Plaintiffs cannot rely at trial upon any documents, survey results, or any other information from these three individuals.

### C.      Plaintiff Adrien Suarez

In their motion to dismiss, Defendants identify Plaintiff Adrien Suarez as one of the plaintiffs whose deposition was cancelled and request his dismissal and appropriate costs and fees.[52]

Plaintiffs contest that Plaintiff Suarez is an appropriate subject of Defendant's motion, since they say that his deposition was cancelled at the parties' agreement.[53] To their opposition, Plaintiffs attach June 2, 2014 email correspondence between counsel agreeing to cancel the deposition of Suarez.[54]

---

[51]Defendants acknowledge that Plaintiffs' counsel was unable to reach Plaintiff Parrish regarding his deposition. Doc. 696 at 4. This fact makes Defendants' motion with regard to Plaintiff Parrish even more troubling. As the Supreme Court has indicated, "an absent class action plaintiff is not required to do anything" and he "may sit back and allow the litigation to run its course." *Phillips*, 472 U.S. at 810. To dismiss Parrish would be to threaten the very rationale underlying a Rule 23 class action.

[52]Doc. 696.

[53]Doc. 704.

[54]Doc. 704-1.

Case No. 1:12-CV-758
Gwin, J.

Before the close of discovery, Plaintiffs informed Defendants of a scheduling conflict with Plaintiff Suarez's deposition.[55/] Rather than attempting to reschedule, Plaintiffs proposed that they would "remove Adrien Suarez from [their] witness list and obviously represent that [they would] not use him at trial."[56/] Counsel for Defendants responded that "[t]his is an acceptable result" and indicated that they "appreciate[d] that [they] were able to work through this issue."[57/] Defendants had not identified Plaintiff Suarez as a potential trial witness.[58/]

Under these circumstances, all four Rule 37 factors weigh against dismissing Plaintiff Suarez. Though Plaintiff Suarez's scheduling conflict only became apparent to Defendants the night before his deposition was scheduled, counsel explored alternative options and both parties agreed to cancel Plaintiff Suarez's deposition rather than reschedule it, in exchange for Plaintiffs' agreement to remove Suarez from their witness list and not use him at trial. Thus, there is nothing to indicate that Suarez's failure to cooperate is due to any wilfulness, bad faith, or fault.

And, Defendants are unable to show that they are prejudiced by Plaintiff Suarez's failure to cooperate, especially given their agreement with the "acceptable result" of Suarez being removed from the witness list.

Finally, given that Plaintiffs and, particularly, Plaintiff Suarez were under the impression that the cancellation of his deposition had been satisfactorily resolved, Plaintiff Suarez would not have any notice for dismissal and Plaintiffs have already agreed to the lesser sanction of barring Plaintiff Suarez from testifying at trial.

Under these circumstances, the Court will not dismiss Plaintiff Suarez from the action.

---

[55/]*Id.*

[56/]*Id.*

[57/]*Id.*

[58/]Doc. 696 at 4.

Case No. 1:12-CV-758
Gwin, J.

Additionally, the Court finds that since Defendants had indicated they agreed to the cancelling of

Suarez's deposition, "circumstances make an award of expenses unjust."[59]  The Court orders that,

as Plaintiffs have represented and Defendants have agreed, Plaintiff Suarez will not testify at trial.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** Defendant's motion to dismiss.


IT IS SO ORDERED.

Dated: July 21, 2014                          s/          *James S. Gwin*
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE

---

[59] Fed. R. Civ. P. 37(d)(3).