UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

DAVINA HURT AND DOMINIC HILL, Individually and on behalf of others similarly situated,

Plaintiffs,

v.

COMMERCE ENERGY, INC., *et al.*,

Defendants.

CASE NO. 1:12-CV-758

OPINION AND ORDER
[Resolving Doc. Nos. 695, 707, & 711]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this minimum wage and overtime case, the Defendants move to (1) decertify the Rule 23 class of certain Plaintiffs bringing Ohio state law claims and (2) oppose the final certification of the conditionally-certified Fair Labor Standards Act ("FLSA") collective action.[1] Plaintiffs oppose.[2] For the below reasons, the Court **DENIES** Defendants' motion.

**I. Background**

On August 15, 2013, the Court certified a Rule 23 class of Plaintiffs bringing Ohio state law claims against Defendants for violating the Ohio Wage Act by failing to pay overtime.[3] In its order, the Court also conditionally certified under 29 U.S.C. § 216 an FLSA collective bringing claims

[1] Docs. 695, 711.

[2] Doc. 707.

[3] Doc. 88.

against Defendants for failing to pay overtime and minimum wage.[4] The factual background of this case is detailed more fully in the Court's earlier orders.[5]

Defendants now bring a motion to both decertify the Rule 23 class and oppose final certification of a collective action under the FLSA.[6] Defendants say that the Rule 23 class must be decertified for two reasons: (1) because the class violates the Ohio Wage Act and (2) because the class "lacks commonality and predominance, requiring highly individualized factual determinations and an impermissible 'trial by formula.'"[7] They also say that the Court should not grant final certification of the FLSA collective because Plaintiffs fail to establish that they are similarly situated.[8]

Plaintiffs oppose this motion.[9] They say that the Court has already considered and rejected Defendants' argument about the Rule 23 class violating the Ohio Wage Act.[10] They also say that a liability determination is proper for class and collective action treatment even if some damage issues require individual treatment.[11] They say that differences in plaintiffs' damages do not provide a basis for decertification and that no other justification for decertification exists.[12]

## II. Legal Analysis

Defendants present two arguments in favor of decertifying the Rule 23 class and denying the

---

[4] *Id.*

[5] *Id.* (Order granting certification); Docs. 89 (Order granting in part and denying in part summary judgment); 92 (Order denying motion to dismiss the second amended complaint).

[6] Doc. 695.

[7] Doc. 695-1 at 8, 11.

[8] *Id.* at 14.

[9] Doc. 707.

[10] *Id.* at 3.

[11] *Id.* at 11.

[12] *Id.* at 13, 19.

FLSA collective action final certification: (1) Defendants say the Ohio Wage Act precludes a Rule 23 class action in this case, and (2) Defendants say the circumstances and characteristics of the plaintiffs in each action make class and collective certification inappropriate. Specifically, Defendants say that the Court must decertify the Rule 23 class because it "lacks commonality and predominance, requiring highly individualized factual determinations and an impermissible 'trial by formula.'"[13] They also say that the Court should not grant the FLSA collective final certification because Plaintiffs fail to establish that they are similarly situated.[14]

The Court will examine each of these issues in turn.

**A. Rule 23 Class**

**1. Legal Standard**

"[A] district court's responsibilities with respect to Rule 23(a) do not end once the class is certified."[15] Under Rule 23, "the district court is charged with the duty of monitoring its class decisions in light of the evidentiary development of the case [and] must define, redefine, subclass, and decertify as appropriate in response to the progression of the case from assertion to facts."[16] The court has a continuing obligation to ensure that the following requirements for class certification under Rule 23 are met:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

[13] Doc. 695-1 at 11.

[14] *Id.* at 18.

[15] *Bitna B. ex rel. S.A. v. Gordon*, 710 F.3d 608, 618 (6th Cir. 2013).

[16] *Sutton v. Hopkins Cnty., Ky.*, 2007 WL 119892, at *2 (W.D.Ky. Jan. 11, 2007) (internal citations omitted).

(4) the representative parties will fairly and adequately protect the interests of the class.[17/]

The court must also find that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."[18/] And, the court can alter or amend a certification at any time prior to a final judgment.[19/]

**2. Availability of a Class Action**

Defendants say that the Ohio Wage Act prohibits a Rule 23 class action in this case.[20/] This is the same argument that Defendants made – and the Court rejected – at class certification.[21/] Nothing has changed since Defendants initially made that argument. Defendants point to no new Ohio state precedent (or new federal cases interpreting the Ohio Wage Act). For the reasons enunciated in its August 15, 2013 class certification order, the Court remains unswayed by Defendants' argument.

**3. Appropriateness of a Class Action**

Defendants seem to say that the fact that some Rule 23 class members acted differently in the scope of their employment precludes a class action. They say that the depositions of certain Rule 23 class members such as John Davis and Tierra Coleman revealed that some class members set their

---

[17/] Fed.R.Civ.P. 23(a); *see Miri v. Clinton*, 2014 WL 1746403, *2 (E.D. Mich. May 1, 2014) (requiring a district court to continue to inquire into the adequacy of representation); *Powel v. Tosh*, 2013 WL 4418531, *2 (W.D. Ky. Aug. 2, 2013) ("The Sixth circuit recognizes that district courts have a 'continuing obligation to ensure that the class certification requirements are met, and [may] alter or amend the certification order as circumstances change.'" (quoting *Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347, 352 (2011))).

[18/] Fed.R.Civ.P. 23(b)(3).

[19/] Fed.R.Civ.P. 23(c)(1)(C)

[20/] Doc. 695-1 at 8.

[21/] Doc. 88 at 3-4.

own schedules and chose where to work.[22] This argument fails.

At class certification, this Court found that "Just Energy's own documents support Plaintiffs' claim that Just Energy subjected *all* its Ohio door-to-door workers to a level of supervision that was arguably inconsistent with exempt, independent contracts."[23] The deposition evidence that Defendants now cite does not undermine other Just Energy documents showing the opposite. While Just Energy can argue the contrary to the jury, sufficient evidence supports Plaintiffs' arguments that Just Energy applied state-wide policies to all class members and that these policies were inconsistent with exempt, independent contractors.

And, the one case that Defendants cite in support of their position, *Tracy v. NVR, Inc.*, 293 F.R.D. 395 (W.D.N.Y. 2013), does not help them. In *Tracy*, before deciding the summary judgment motion, the court found that plaintiffs had "tremendous flexibility in terms of the manner in which they chose to allocate their time and resources to perform [their duties]."[24]

Here, the evidence does not support such a conclusion. The Court denied in part Defendants' motion for summary judgment, finding that Plaintiffs' evidence raises a genuine issue of material fact about whether plaintiffs qualified as outside salesmen based on their making of sales or having external indicia of outside salesman.[25]

The questions of whether Plaintiffs have these characteristics can be answered on a classwide basis and are not individual issues as Defendants say they are. Here, the issue is not the minor individual differences between the Plaintiffs, but rather the Defendants' uniform treatment of the

[22] *Id.* at 17.
[23] Doc. 88 at 7.
[24] 293 F.R.D. at 398.
[25] Doc. 89 at 8, 12.

Plaintiffs as exempt independent contractors – both liability and defenses to liability will be appropriately made on a classwide basis.[26]

Here, the Defendants' concern over the lack of time-sheets with regard to the liability phase is misplaced. How many hours a given class member worked or how exactly a class member spent any single given day will affect the damages to which a class member is entitled. But, these details do not change the fact that evidence exists from which a jury could conclude that Just Energy applied high-level, state-wide policies to this class of plaintiffs.

Defendants also say that *Comcast Corp. v. Behrend*[27] requires this Court decertify the Ohio Wage Act class action because (1) Plaintiffs' damages theory is arguably inconsistent with their liability theory and (2) Plaintiffs are unable to prove damages on a classwide basis.[28]

Defendants, however, misunderstand *Comcast*. In *Comcast*, the Supreme Court reversed a class certification where the Plaintiffs only surviving claim alleged one theory of liability and the Plaintiffs expert based its damages calculations on multiple theories of liability.[29]

In this case, the Plaintiffs present one theory of liability – that the Defendants incorrectly classified Plaintiffs as independent contractors and thereby, failed to pay wages and overtime to the

[26] *See, e.g., Crawford v. Lexington-Fayette Urban Cnty Gov't*, 2008 WL 2885230, *8-9 (E.D.Ky. July 22, 2008) ("The court finds therefore that there is a meaningful nexus that binds plaintiffs' claims together and that the similarities in their claims outweigh the differences." (quotation marks omitted)); *see also Nerland v. Caribou Coffee Co., Inc.*, 564 F.Supp.2d 1019, 1024 (D. Minn. 2010) ("The Court finds it disingenuous for [defendant], on the one hand, to collectively and generally decide that all store managers are exempt from overtime compensation without any individualized inquiry, while on the other hand, claiming plaintiffs cannot proceed collectively to challenge the exemption."); *and Johnson v. Koch Foods, Inc.*, 657 F. Supp. 2d 951, 955 (E.D. Tenn. 2009) (granting certification where plaintiffs "were all impacted by a single decision, policy, or plan").

[27] 133 S.Ct. 1426 (2013).

[28] Doc. 695-1 at 11-18.

[29] *Comcast Corp.*, 133 S.Ct. at 1433-34 (holding that "a model purporting to serve as evidence of damages in this class action must measure only those damages attributable to that theory").

Plaintiffs in violation of the FLSA and the Ohio Wage Act.[30] Without assessing the validity of the damages calculations and methodology used by the Plaintiffs' expert, this Court notes that the damages model was based on the single theory of liability alleged by the Plaintiffs. As such, the Plaintiffs damages theory appears to be consistent with their liability theory, and *Comcast* does not require decertification.

Defendants' second argument about the inability of providing damages on a classwide basis also fails. In their opposition to Defendants' motion, Plaintiffs say that bifurcation of the liability and damages issues would be sufficient to cure any concern over individualized issues relating to damages. The Court agrees.

Even where the issue of damages is individualized, the question of liability can be treated as a class action.[31] And, "[w]here determinations on liability and damages have been bifurcated . . . the decision in *Comcast* – to reject certification of a liability and damages class because plaintiffs failed to establish that damages could be measured on a classwide basis – has limited application."[32]

In this case, resolution of the common theory of liability on a classwide basis will significantly and efficiently advance the litigation. As such, the Court bifurcates the issues of liability and damages in this case.

The Court allows continued certification of the Rule 23 Ohio Wage Act class action for the determination of liability. The Court makes no ruling about the appropriateness of a Rule 23 class action for the determination of damages. If Defendants are found liable and continue to have

[30] *See* Doc. 49.

[31] *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988).

[32] *In re Whirlpool Corp. Front-Loading Washer Prod. Liability Litig.*, 722 F.3d 838, 860 (6th Cir. 2013) (internal citations omitted).

concerns about Plaintiffs' ability to prove damages on a classwide basis, they may raise those concerns through a *Daubert* motion, as they have done, or through a motion later challenging Plaintiffs' damage evidence.

### B. FLSA Collective

#### 1. Legal Standard

Under 29 U.S.C. § 216(b), after a court has granted conditional certification in an FLSA collective action, the Court must determine the appropriateness of final certification of the action.[33/]

At the final certification stage, the Court applies "a stricter standard than the conditional certification stage because it occurs near the end of discovery."[34/] Plaintiffs have the burden to show that the opt-in plaintiffs are "similarly situated" and"must produce more than just allegations and affidavits demonstrating similarity."[35/]

Although neither the FLSA nor the Sixth Circuit has defined "similarly situated," courts should base their final certification decisions

> on a variety of factors, including the factual and employment settings of the individual[] plaintiffs, the different defenses to which plaintiffs may be subject on an individual basis, [and] the degree of fairness and procedural impact of certifying the action as a collective action. . . . it is clear that plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs.[36/]

The similarly situated standard under the FLSA is "less stringent than the predominance inquiry"

---

[33/] *See* Doc. 88 at 13-14 (describing conditional and final certification process).

[34/] *Frye v. Baptist Mem'l Hosp. Inc.*, 495 F.App'x 669, 671 (6th Cir. 2012) (internal quotation marks omitted).

[35/] *Id.* (internal quotation marks omitted).

[36/] *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584-85 (6th Cir. 2009) (alteration in the original except for omission of text).

relevant to class certification disputes under Rule 23(b).[37]

### 2. Appropriateness of a Collective Action

Given the less stringent similarly situated standard for determining the appropriateness of final certification for an FLSA collective action, the Court finds final certification appropriate for the purposes of determining Defendants' liability with respect to the FLSA opt-in plaintiffs.[38]

The Court makes no ruling about the final certification of a collective for the determination of damages. If Defendants are found liable and continue to have concerns about Plaintiffs' ability to prove damages as a collective, they may raise those concerns at that time.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' motion and grants final certification to the FLSA collective.

IT IS SO ORDERED.

Dated: July 28, 2014

s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

[37] *Frye*, 495 F.App'x at 672 (internal quotation marks omitted).

[38] *See Frye*, 495 F. App'x at 672.