```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
```
-------------------------------------------------------
:
DAVINA HURT, *et al.*,              :     CASE NO. 1:12-CV-00758
:
       Plaintiffs,              :
:
vs.                                 :     OPINION & ORDER
:     [Resolving Docs. 712, 733, 737]
COMMERCE ENERGY, INC, *et al.*,     :
:
       Defendants.              :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This is a case about minimum wage and overtime under the Fair Labor Standards Act [1] and overtime under the Ohio Minimum Fair Wage Standards Act [2]. Plaintiffs worked as door-to-door workers who solicited residential customers for the Defendants' energy services at various times from 2009 to 2013.

Defendants have moved for summary judgment against 322 class members, asserting that their FLSA claims fall outside the statute of limitations.[3] For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion.

**I. Background**

---

[1] 29 U.S.C. §§ 201-219.

[2] Ohio Rev. Code §§ 4111.01-.03.

[3] Defendants' motion initially sought summary judgment against 328 members of the FLSA opt-in class. Doc. 712-1. In their opposition to this motion, Plaintiffs asserted that Defendants had double-counted four class members. Doc. 733 at 1 n.1. They also pointed out that Chantara Rodgers has already been dismissed from this case. *Id.* at 9 n.4 (citing Doc. 715). In their reply, Defendants acknowledged the double-counting mistake. Doc. 737 at 1 n.1. Defendants also withdrew their motion for summary judgment with request to plaintiff Nicole Blevins. *Id.* at 4 n.2. Defendants did not respond to the issue regarding Chantara Rodgers, but the Court acknowledges that she has already been dismissed from this suit and therefore should not have been included in Defendants' motion.

Case No. 1:12-CV-00758
Gwin, J.

The background of this case is detailed more fully in the Court's earlier orders.[4/]

In late 2013, Plaintiffs distributed notices to potential class members regarding their rights to opt in to the FLSA collective action.[5/] Nearly 2,000 opt in notices were filed with the Court by the cutoff date of February 18, 2014.[6/]

Defendants now move for summary judgment against 322 of these opt-in collective action members. Defendants say that Plaintiffs have put forth no admissible evidence demonstrating that these individuals worked for Defendants within the statute of limitations, and thus no reasonable jury could find in their favor.[7/]

Plaintiffs agree that forty-nine of the individuals admitted during discovery to having worked only outside the statute of limitations.[8/] For the remaining 273 individuals, Plaintiffs further agree there is no direct evidence as to their last days of work. Instead, Plaintiffs rely on their expert's estimates about the average number of days worked by class members. Applying these estimates to the remaining 273 individuals, Plaintiffs say that it is likely that five individuals performed some work within the statute of limitations, while the remaining 268 individuals likely did not.[9/]

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings,

---

[4/] Docs. 88 (Order granting conditional certification); 89 (Order granting in part and denying in part summary judgment); 92 (Order denying motion to dismiss the second amended complaint).

[5/] *See* Doc. 107 (Order approving class notifications).

[6/] *See* Doc. 652 (Order extending date for filing of opt in forms).

[7/] Docs. 712-1; 737.

[8/] Doc. 733 at 1.

[9/] *Id.* at 3–8. The Court notes that Plaintiffs listed 269 individuals who likely did not work within the statute of limitations, but that Chantara Rodgers's claim has already been dismissed. The Court also notes that Plaintiffs listed six individuals who likely worked within the statute of limitations, but that Defendants have withdrawn their motion with respect to Nichole Belvins.

Case No. 1:12-CV-00758
Gwin, J.

the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[10] As the moving party, Defendants have the initial burden of showing the absence of a genuine issue of material fact as to an essential element of Plaintiffs' case.[11] Once Defendants satisfy their burden, the burden shifts to the Plaintiffs to set forth specific facts showing a triable issue.[12] In deciding a motion for summary judgment, the Court views the factual evidence and draws all reasonable inferences in favor of the non-moving party.[13]

### III. Law and Analysis

Generally, FLSA claims are governed by a two-year statute of limitations.[14] However, a three-year statute of limitations applies where the statutory violation was "willful."[15] Although pursued as a collective action, each individual class member's case commences, thereby tolling the statute of limitations, on the day he files his opt-in notice.[16] For this motion, Defendants identify collective action members who, they say, would not fall within even the three-year statute of limitations because their last days of work were more than three years before their opt-in forms were filed with the Court.

Plaintiffs do not dispute that summary judgment is appropriate with respect to the forty-nine individuals who have admitted that they did not work for Defendants within three years prior to

---

[10] *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008).
[11] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[12] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).
[13] *Thomas v. Cohen*, 453 F.3d 657, 660 (6th Cir. 2004) (citations omitted).
[14] *See* 29 U.S.C. § 255(a).
[15] *Id.*
[16] 29 U.S.C. § 256(b).

Case No. 1:12-CV-00758
Gwin, J.

filing their opt-in notices. The Court finds that there is no genuine issue of material fact as to the dates these individuals worked for Defendants and therefore **GRANTS** Defendants' motion for summary judgment against them.[17]

Plaintiffs concede that their best evidence does not support the claims of another 268 individuals. Although Defendants have not proved that these 268 individuals did not work within the statute of limitations, Plaintiffs have not produced any evidence that they did. The burden is on Plaintiffs to provide some evidence that they worked within three years before filing their opt-in notices.[18] But these individuals did not respond to their counsel's survey regarding their last date worked. And even Plaintiffs' expert analysis suggests that these individuals likely did not work within the previous three years. Because Plaintiffs have presented no evidence in their favor on this issue, the Court **GRANTS** Defendants' motion for summary judgment against these 268 individuals.[19]

Plaintiffs contest that the remaining five individuals—Delandis Burnett, David Evans, Nicholas Sellars, Tanisha Taylor, and Ricky Todd—may have worked within three years of filing their opt-in notices. If Plaintiffs' expert report is correct, and if these individuals worked about as much as the average employee, they would all have viable claims. Drawing these inferences in favor of Plaintiffs, the Court finds that this creates a genuine issue of material fact that will need to be resolved during the damages portion of the trial. The Court therefore **DENIES** Defendants' motion for summary judgment against these five individuals.

---

[17] A complete list of these forty-nine individuals is contained in Plaintiffs' brief. *See* Doc. 733 at 8–10.
[18] *Cf., e.g.*, *Morrissey v. William Morrow & Co.*, 739 F.2d 962, 966 (4th Cir. 1984).
[19] A complete list of these 268 individuals is contained in Plaintiffs' brief. *See* Doc. 733 at 10–16.

-5-

Case No. 1:12-CV-00758
Gwin, J.

### IV. Conclusion

For the reasons above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion for summary judgement. The Court further clarifies that this Order covers only the FLSA claims of the affected individuals, and does not affect their other claims.

IT IS SO ORDERED.

Dated: September 10, 2014                         s/        *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE