```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                    :
DAVINA HURT, ET AL.,                                :     CASE NO. 1:12-CV-00758
                                                    :
          Plaintiffs,                               :
                                                    :
v.                                                  :     OPINION & ORDER
                                                    :     [Resolving Doc. 811]
COMMERCE ENERGY, INC., ET AL.,                      :
                                                    :
          Defendants.                               :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This is a case about minimum wage and overtime pay under the Fair Labor Standards Act ("FLSA")[1] and overtime pay under the Ohio Minimum Fair Wage Standards Act ("Ohio Wage Act").[2] Plaintiffs are door-to-door workers who solicited residential customers for the Defendants' energy services. Following a trial on the merits, a jury found Defendants liable for violations of the FLSA and the Ohio Wage Act.[3]

Defendants now move to decertify the FLSA collective action and the Rule 23 class for the damages phase of the case.[4] For the following reasons, the Court **DENIES** Defendants' motion, without prejudice to re-file once the final structure of the damages phase is determined. To this end, the Court **ORDERS** the parties to file additional position papers regarding how to structure the damages phase.

**I. Background**

The Court has previously issued opinions detailing the factual background of this case and

---

[1] 29 U.S.C. § 201 *et seq.*
[2] Ohio Rev. Code § 4111.01 *et seq.*
[3] *See* Doc. 808.
[4] Doc. 811. Plaintiffs oppose the motion. Doc. 814. Defendants have filed a reply. Doc. 819.

Case No. 1:12-CV-00758
Gwin, J.

incorporates those descriptions by reference.[5] In short, Defendants sell electricity and natural gas to residential and commercial customers in the United States and Canada. Under Defendant's selling scheme, Plaintiffs went door to door to obtain applications from potential customers. Plaintiffs were paid commission for every finalized contract; if an application was rejected for any reason before the contract became final, the employee was not paid.

Plaintiffs brought suit, alleging this commission-based compensation system deprived them of minimum wage and overtime. Two classes were certified: a nationwide FLSA collective action seeking minimum wage and overtime under federal law, and a Rule 23 class action seeking overtime under Ohio law. Against these claims, Defendants argued that Plaintiffs were exempt from overtime and minimum wage requirements under the "outside salesperson" exemption.

The Court bifurcated the proceedings into a liability phase and a damages phase.[6] The Court recognized that liability could be determined on a classwide basis, as the question of whether Plaintiffs were exempt outside salespersons equally applied to all door-to-door workers. The Court also recognized, however, that what damages Defendants would owe, if any, would likely need to be determined individually based on each employee's hours worked and wages earned.

The Court held a jury trial on Defendants' liability from September 29, 2014, to October 6, 2014. The jury found that Defendants had not proved Plaintiffs were exempt outside salespeople, and Defendants were therefore liable for unpaid wages and overtime.

Defendants have now moved to decertify both the FLSA collective action and the Rule 23 class for the damages phase. Defendants argue that the individualized evidence necessary to

---

[5] *See, e.g.*, Doc. 89 at 1–6.
[6] Doc. 719 at 7; Doc. 731.

Case No. 1:12-CV-00758
Gwin, J.

establish what damages are owed to each plaintiff makes continuing class treatment inappropriate.[7] Plaintiffs respond that classwide damages based on a relaxed burden of proof should be available, especially since the need for individual evidence flows from Defendants' failure to keep adequate records of hours worked by its employees.[8] Relatedly, both parties have also submitted position papers on how the damages phase should be structured.[9]

## II. Legal Standards

"[A] district court's responsibilities with respect to Rule 23(a) do not end once the class is certified."[10] The court has a continuing obligation to ensure that the requirements for class certification under Rule 23 continue to be met.[11] This includes ensuring that common issues continue to predominate over individual issues and that class treatment "is superior to other methods for fairly and efficiently adjudicating the controversy."[12]

Similarly, after a court has certified an FLSA collective action so that liability may be determined as to the entire group, it may review its certification decision and decide whether continued collective action treatment is appropriate for determining damages.[13] When deciding whether to certify an FLSA collective action, the Court must find that the opt-in plaintiffs are

---

[7] Doc. 811; Doc. 819.
[8] Doc. 814.
[9] Doc. 809; Doc. 812; Doc. 816; Doc. 817.
[10] *Bitna B. ex rel. S.A. v. Gordon*, 710 F.3d 608, 618 (6th Cir. 2013).
[11] *See Powel v. Tosh*, 2013 WL 4418531, *2 (W.D. Ky. Aug. 2, 2013) ("The Sixth circuit recognizes that district courts have a 'continuing obligation to ensure that the class certification requirements are met, and [may] alter or amend the certification order as circumstances change.'" (quoting *Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347, 352 (2011))); *see also* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment.")..
[12] *See* Fed. R. Civ. P. 23(b)(3).
[13] Wright & Miller, 7B Fed. Prac. & Proc. Civ. § 1807, at text accompanying nn. 75–76 (3d ed. 2014).

Case No. 1:12-CV-00758
Gwin, J.

"similarly situated."[14] That decision should be based "on a variety of factors, including the factual and employment settings of the individual plaintiffs, the different defenses to which plaintiffs may be subject on an individual basis, and the degree of fairness and procedural impact of certifying the action as a collective action."[15] The similarly situated standard under the FLSA is "less stringent than the predominance inquiry" relevant to class certification disputes under Rule 23(b).[16]

### III. Analysis

In this case, damages are difficult to determine because Defendants failed to keep adequate records of the hours its employees worked. As a result, determining how much back pay and overtime each plaintiff should receive is more than a mere accounting exercise. Plaintiffs argue that damages can be established on a classwide basis using representative testimony and their damages expert's calculations. But after briefing on this motion was submitted, the Court excluded Plaintiffs' expert's estimates of classwide damages because they were based on an unreliable survey.[17]

Instead, Plaintiffs will need to present some evidence regarding how many hours they worked in order to establish how much they are entitled to recover in damages. How that evidence will be collected and presented, and what standards will apply to it, are now the primary points of contention between the parties.

Somewhat helpfully, however, Defendants do have records of how much each Plaintiff was paid. Both parties agree that, if hours worked can be determined, then a mathematical formula can

---

[14] 29 U.S.C. 216(b).
[15] *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584 (6th Cir. 2009) (internal quotation marks and alterations omitted).
[16] *Id.*
[17] Doc. 828.

-4-

Case No. 1:12-CV-00758
Gwin, J.

be used to determine damages based on each employee's hours worked and wages earned.[18]

## A. Rule 23 Class

Because Plaintiffs' claims all proceed under the same damages theory, *Comcast Corp. v. Behrend* does not require the Rule 23 class to be decertified.[19] Furthermore, although the damages would be unique for each class member, they would all be determined by applying a consistent methodology—a mathematical formula based on the number of hours worked and the amount of wages already earned. This is a predominating common issue that allows for continued class treatment under Rule 23.[20] The only issue for the trier of fact is how many hours each person worked. Given the small dollar values at stake for each plaintiff, class certification is likely the only feasible means of resolving the individual claims.[21] And with proper management, class treatment is likely to be less burdensome to the parties than handling a large number of individual cases. Thus, at present, continuing class treatment is superior to other methods of adjudication.

Defendants have indicated willingness to engage in some sort of a claims process, potentially supervised by a magistrate or special master.[22] Proof-of-claim forms are often used in large classes seeking damages, and do not require decertifying the class.[23] For example, this type of process has

---

[18] The parties disagree, however, about exactly what this formula would be. *Compare* Doc. 812 at 9–12, *with* Doc. 817 at 10–11. But both agree that some formula could be used. The Court will not decide at this time which formula is correct.

[19] *See In re VHS of Mich., Inc.*, F. App'x , 2015 WL 424486, at *2 (6th Cir. Feb. 3, 2015) (citing *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013)).

[20] *See Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 513–14 (9th Cir. 2013); Rubenstein, Newberg on Class Actions §§ 12:4–12:6 (5th ed. 2014); *cf. Gomez v. Tyson Foods, Inc.*, 295 F.R.D. 397, 402 (D. Neb. 2013) ("Where it appears that the calculation of monetary relief will be mechanical, formulaic, a task not for a trier of fact but for a computer program . . . the district court can award that relief without terminating the class action and leaving the class members to their own devices." (quoting *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770 (7th Cir. 2013))).

[21] *See Leyva*, 716 F.3d at 514.

[22] *See* Doc. 809 at 6–7.

[23] *See* Fed. R. Civ. P. 23(d)(1)(B)(iii) (permitting the Court to require notice to class members that they must "intervene and present claims"); Wright & Miller, 7AA Fed. Prac. & Proc. Civ. § 1787 at nn. 29–31 & accompanying

(continued...)

Case No. 1:12-CV-00758
Gwin, J.

been used in securities class actions under Rule 10b-5, where plaintiffs were required to submit proof of ownership of the security during the relevant time period and defendants were then allowed to present evidence rebutting the fraud-on-the-market presumption with respect to any particular plaintiff.[24/] It has also been used in mass tort cases where plaintiffs are required to state the nature of their injuries and establish causation, after which defendants have the opportunity to contest the claims.[25/]

In this case, a claims process could be used where each plaintiff, through submission of a standardized form, can assert how many hours he worked, and Defendants can have an opportunity to contest the claims in a less formal proceeding without the need for a full-blown trial.[26/] Instead, the use of these forms would significantly streamline discovery and could facilitate settlements. Armed with the information obtained from these forms, the parties and the Court could make informed decisions about how best to deal with challenges to individual claims.[27/]

## B. FLSA

Because the standard for substantial similarity is less stringent than the Rule 23 predominance standard, the FLSA collective action can also be continued in this case.[28/] The identical theory and formula that will cover all Plaintiffs' damages claims make them similarly

---

[23/](...continued)
text (3d ed. 2014); Federal Judicial Center, Manual for Complex Litigation 273 n.836 (4th ed. 2004).

[24/]*See, e.g.*, *Biben v. Card*, 789 F. Supp. 1001, 1002–04 (W.D. Mo. 1992); *Jaroslawicz v. Engelhard Corp.*, 724 F. Supp. 294, 301–03 (D.N.J. 1989).

[25/]*See* *In re Shell Oil Refinery*, 136 F.R.D. 588, 596 (E.D. La. 1991).

[26/]*See id.*

[27/]*See* Newberg on Class Actions § 12:6.

[28/]*See* *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 672 (6th Cir. 2012); *cf.* *Camilotes v. Resurrection Health Care Corp.*, 286 F.R.D. 339, 355 (N.D. Ill. 2012) ("Because Plaintiffs have failed to meet their burden to show they are 'similarly situated' for purposes of § 216(b), they have also failed to demonstrate . . . that common issues predominate over individual issues for their . . . claim under Rule 23(b).").

situated, even though they worked different numbers of hours.

When defendants have failed to keep adequate records, an FLSA collective action only needs to present sufficient representative evidence to show "as a matter of just and reasonable inference" the amount and extent of the under-compensated work.[29] If Plaintiffs present evidence from a sufficient number of representative employees about how many hours they worked, the jury can infer that non-testifying employees worked a similar number of hours and award backpay to the entire collective action. This can be established through live testimony in addition to affidavits or stipulations that other employees would testify similarly.[30] Of course, if Plaintiffs make this showing, Defendants would have the opportunity to rebut it with their own evidence.[31]

Even though the Court need not decertify the collective action, if Plaintiffs intend to proceed using this type of proof, then sub-classes may be appropriate. Specifically, there may need to be sub-classes for each office (e.g., Beachwood, Philadelphia, Towson, etc.), and further sub-classes for both "Badge Never Used" ("BNU") workers and non-BNU workers within each office. If this procedure were used, Plaintiffs would need to offer representative testimony from each sub-class to establish damages for that sub-class.[32]

This all may be unnecessary, though. If the Rule 23 class is to proceed using proof-of-claim forms, it may be simpler and more efficient for the FLSA collective action to use a similar process

---

[29] *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946); *Dep't of Labor v. Cole Eneters., Inc.*, 62 F.3d 775, 781 (6th Cir. 1995); *Frye*, 495 F. App'x at 672.

[30] *See, e.g.*, *Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 797 (8th Cir. 2014); *Cole Enters.*, 62 F.3d at 781; *Reich v. S. Md. Hosp., Inc.*, 43 F.3d 949, 951 (4th Cir. 1995); *Sec'y of Labor v. DeSisto*, 929 F.2d 789, 793–94 (1st Cir. 1991); *but see Espenscheid*, 705 F.3d at 773–75.

[31] *McLaughlin v. Ho Fat Seto*, 850 F.2d 586, 589 (9th Cir. 1988).

[32] As the cases cited above indicate, exactly how many employees would need to testify to constitute a "sufficient number" is something of an open question, and would likely depend on the number of employees in each sub-class.

Case No. 1:12-CV-00758
Gwin, J.

that would make full-blown damages trials using representative testimony unnecessary.

### C. Further Briefing on Damages Phase

It is possible to do the damages phase using a claims class, and it would likely be efficient to do so. However, until the final structure of the damages phase is determined, the Court recognizes that it would be premature to make a final decision on this issue. Thus, while the Court **DENIES** Defendants' motion to decertify the FLSA collective action and Rule 23 class, it does so without prejudice to re-file these motions or to move to certify sub-classes at a later date.

To facilitate the damages phase process, the Court **ORDERS** the parties to meet and confer and to submit position papers with proposals regarding the structure and timeline for conducting the damages phase. As indicated above, the Court is inclined to implement a streamlined process that would use proof-of-claim forms. The parties' position papers should at a minimum propose who might design and administer those forms, how the responses would be evaluated, and what processes might be used to resolve any disagreements about particular claims. They should also address whether, in light of the use of claims forms, representative testimony on behalf of the FLSA collective action would be necessary.

The parties' position papers shall be submitted within 14 days, with any responses due 7 days after that.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' motion to decertify the class, and

Case No. 1:12-CV-00758
Gwin, J.

**ORDERS** further briefing on the structure of the damages phase of these proceedings.

    IT IS SO ORDERED


Dated: March 23, 2015                        s/ *James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE