UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                        :
DAVINA HURT, ET AL.,                    :      CASE NO. 1:12-CV-00758
                                        :
           Plaintiffs,                  :
                                        :
v.                                      :      OPINION & ORDER
                                        :      [Resolving Doc. 810]
COMMERCE ENERGY, INC., ET AL.,          :
                                        :
           Defendants.                  :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case, Plaintiffs seek minimum wage and overtime pay under the Fair Labor Standards Act ("FLSA")[1] and overtime pay under the Ohio Minimum Fair Wage Standards Act ("Ohio Wage Act").[2] Following a trial, a jury found Defendants liable for violations of the FLSA and the Ohio Wage Act.[3] Afterward, Defendants moved to certify an interlocutory appeal of the liability phase of the trial. The Court denied the motion.[4] Upon reconsideration, the Court **GRANTS** Defendants' motion to certify an interlocutory appeal.

**I. Background**

Since the Court's prior opinion detailed the background of this case, there is no need to reiterate it in full in this opinion.[5] It is sufficient to say that Plaintiffs are door-to-door workers who solicited residential customers for the Defendants' energy services and received commission-based pay for completed contracts they obtained. Plaintiffs alleged that, under this compensation scheme,

---

[1] 29 U.S.C. § 201 *et seq*.
[2] Ohio Rev. Code § 4111.01 *et seq*.
[3] *See* Doc. 808.
[4] *Hurt v. Commerce Energy, Inc.*, ___ F. Supp. 3d ___, 2015 WL 1039761, at *10–12 (N.D. Ohio 2015). Defendants simultaneously moved for judgment as a matter of law or a new trial, which the Court also denied.
[5] *See id.* at *1.

Case No. 1:12-CV-00758
Gwin, J.

they were not paid minimum wage or overtime as required by state and federal law. Defendants argued that Plaintiffs were exempt from overtime and minimum wage requirements because of the "outside salesperson" exemption.[6]

The Court held a trial on Defendants' liability from September 29, 2014, to October 6, 2014.[7] A jury found Defendants liable for unpaid wages because Defendants had not demonstrated by a preponderance of the evidence that Plaintiffs qualified as outside salespeople.[8]

After trial, Defendants moved to certify an interlocutory appeal as to whether the Court used the correct legal standard for the outside salesperson exemption in denying Defendants' motion for judgment as a matter of law ("JMOL") and in giving its jury instructions.[9] The Court denied that motion, finding that Defendants had not met their burden of showing exceptional circumstances justifying an interlocutory appeal.[10]

The parties are now engaged in administering the damages phase of the case, which will be handled through a claims process.[11] The parties have agreed upon the procedure for the determination of damages. Each Plaintiff will submit a standardized claim form asserting the number of days and hours worked in order to receive damages. After reviewing the submitted claims forms, the parties will determine which individual claims can be resolved based solely on the information submitted, and which will need further evidentiary proceedings to determine what damages (if any) are owed to that particular Plaintiff.

---

[6] *See* 29 U.S.C. § 213(a)(1); Ohio Rev. Code § 4111.03(A).
[7] The Court bifurcated the proceedings into a liability phase and a damages phase. Doc. 731.
[8] Doc. 808.
[9] Doc. 810. Plaintiffs opposed the motion. Doc. 815. Defendants filed a reply. Doc. 818.
[10] *Hurt*, ___ F. Supp. 3d at ___, 2015 WL 1039761, at *10.
[11] *See* Doc. 846.

Case No. 1:12-CV-00758
Gwin, J.

The Court has reconsidered its prior opinion regarding the interlocutory appeal in light of the progression of the proceedings. The parties have been working collaboratively to implement the damages phase. During a telephone conference on July 28, 2015, counsel for both parties updated the Court as to their progress. Counsel advised the Court that they expected their survey expert to have completed designing the claims form by the end of August 2015. Counsel expected that the claims forms would be sent to Plaintiffs shortly thereafter, and that Plaintiffs would then have sixty days to return their completed forms. There was no discussion of the time line for reviewing the submitted forms, but the Court anticipates that it could take several months, especially for those cases where further adjudication is needed. Counsel indicated that with this procedure, though, there would likely be no need to appeal any of the damages determinations.

Given these updates, the Court believes that an interlocutory appeal of the liability phase would be appropriate at this time. During the July 28, 2015, teleconference, Defendants' counsel expressed satisfaction with the plan for conducting the damages phase. Accordingly, Defendants have stipulated that they will not seek a stay of the damages phase proceedings during the pendency of the appeal.[12] During the July 28, 2015, teleconference, Plaintiffs' counsel expressed that this stipulation, combined with the substantial progress the parties have made in implementing the damages phase, have alleviated many of the concerns Plaintiffs expressed in opposing Defendants' original motion for an interlocutory appeal. Specifically, Plaintiffs had been most concerned that, as time goes on, it will become more difficult to identify and contact members of the plaintiff class.[13] But with the damages phase now on track, that concern has been addressed.

---

[12] Doc. 852.
[13] *See* Doc. 815 at 11.

Case No. 1:12-CV-00758
Gwin, J.

With these updates and assurances, the Court finds it appropriate to reconsider its prior opinion denying the motion to certify an interlocutory appeal.

## II. Law and Analysis

Defendants sought the Court's leave to take an interlocutory appeal of the liability phase of this case. Specifically, the Defendants requested that the Court certify for appeal "the Court's denial of Defendants' JMOL and the jury's subsequent verdict . . . on the grounds that the Court's denial of Defendants' JMOL and the jury instructions with regard to the elements of the outside sales exemption rested on an erroneous legal standard."[14] The Court will certify for interlocutory appeal these issues and any other issue arising from the liability phase, excepting issues related to damage determinations.

### A. Legal Standard

Litigants are generally not entitled to appellate review of court orders prior to a final judgment on the merits.[15] In "exceptional cases," however, district courts may grant parties leave to take interlocutory appeals.[16] To appeal under 29 U.S.C. § 1292(b), a party must show: (1) the issue concerns a controlling question of law; (2) substantial ground for difference of opinion on that issue exist; and (3) immediate appeal would materially advance the ultimate termination of the litigation.[17] "The burden of showing exceptional circumstances justifying an interlocutory appeal rests with the party seeking review."[18]

---

[14] Doc. 810-1 at 7.

[15] *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 902–03 (2015); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474–75 (1978).

[16] *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (citations omitted); *see also* 28 U.S.C. § 1292(b).

[17] *Negron v. United States*, 553 F.3d 1013, 1015 (6th Cir. 2009); *In re City of Memphis*, 293 F.3d at 350.

[18] *Trimble v. Bobby*, No. 5:10-cv-00149, 2011 WL 1982919, at *1 (N.D. Ohio May 20, 2011) (citing *In re City of Memphis*, 293 F.3d at 350).

Case No. 1:12-CV-00758
Gwin, J.

## B. Application

### 1. Controlling Legal Issue

"A legal issue is controlling if it could materially affect the outcome of the case."[19] A question may be controlling "if its incorrect disposition would require reversal of a final judgment, either for further proceedings or for a dismissal that might have been ordered without the ensuing district-court proceedings."[20] This inquiry is somewhat intertwined with the question of whether immediate appeal would materially advance the ultimate termination of the litigation: in some cases, a question may be considered controlling "if interlocutory reversal might save time for the district court, and time and expense for the litigants."[21] As a result, collateral issues that may not necessarily lead to reversal may be appealed as well.[22]

Here, Defendants say that the Court's description of the outside salesperson exemption—as used in both the Court's denial of Defendants' JMOL and the jury instructions—represents a controlling issue of law.[23] Resolution of this question in Defendants' favor could end this litigation, or, more likely, require a retrial on the issue of liability. As such, it represents an immediately appealable controlling issue.

Given that this issue can be appealed, the Court finds that it would be most efficient to certify for appeal any other issues that arose during the liability phase as well. Allowing the appeal on liability to proceed at the same time as the damages phase of trial will save some time, regardless of the outcome. Certifying only some of the liability phase issues for appeal now would undo this

---

[19]*In re City of Memphis*, 293 F.3d at 351.
[20]16 Wright & Miller, Federal Practice & Procedure Juris. § 3930 (3d ed. 2015).
[21]*Id.*
[22]*Id.*
[23] Doc. 810-1 at 9–10.

Case No. 1:12-CV-00758
Gwin, J.

efficiency, as it could lead to successive appeals. For this reason, the Court finds that any collateral issues that arose during the liability phase can also appropriately be reviewed on interlocutory appeal.

Any issues relating to damages, however, should not be reviewed at during this interlocutory appeal. The damages phase of this case is ongoing. The parties do not anticipate taking any appeal of individual damages determinations. But should appeals of damages issues become necessary in the future, it would be more appropriate to consider all those issues at once, rather than raising any damages issues now.

The Court therefore finds that the liability determination in this case, and all collateral issues relating to liability, satisfies the "controlling issue of law" requirement.

**2. Substantial Grounds for Different Opinion**

The second factor requires that the Court determine whether substantial grounds exist for different opinion on the issue. Substantial grounds for a difference of opinion exist when "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question."[24]

Here, Defendants seek review of the legal standard for application of the outside salesperson exemption. The Court recognizes that the Supreme Court's relatively recent decision in *Christopher v. Smithkline Beecham Corp.* has caused some uncertainty in FLSA litigation.[25] But the jury instructions were not written on a blank slate. The legal issues here are not particularly difficult, nor

---

[24] *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (citing *City of Dearborn v. Comcast of Mich. III, Inc.,* No. 08–10156, 2008 WL 5084203, at *3 (E.D. Mich. Nov. 24, 2008)).

[25] *See Christopher v. SmithKline Beecham Corp.*, 132 S. Ct. 2156 (2012).

Case No. 1:12-CV-00758
Gwin, J.

is there a clear split of authority. The Court's instructions were based on and consistent with numerous other cases. And the Sixth Circuit itself has recently distinguished *Christopher* based on its unique facts and circumstances, and determined that it should not necessarily control other FLSA cases.[26]

Nevertheless, the Court ultimately finds that there are some grounds for a difference of opinion as to the application of *Christopher* in this case. Specifically, there is some uncertainty as to what it means to be "making sales" within this particular industry. Although these disagreements are not as substantial as some other cases, there is enough to justify an interlocutory appeal, especially given the potential efficiencies to the litigation identified elsewhere in this opinion. Similarly, other collateral issues from the liability determination are likely subject to some reasonable differences of opinion, and are therefore properly reviewed at this time.

Thus, although this element does not weigh strongly in favor of granting the interlocutory appeal, ultimately the "substantial grounds for different opinion" requirement is satisfied.

**3. Material Advancement of Ultimate Termination of the Litigation**

Finally, the Court must consider whether an immediate appeal would materially advance the ultimate termination of the litigation. Such circumstances exist where appellate review could "appreciably shorten the time, effort, and expense exhausted between the filing of a lawsuit and its termination."[27] This factor weighs most heavily in favor of certifying an interlocutory appeal in this case.

The damages phase of this case is proceeding, but it will still take several months to

---

[26] *See Killion v. KeHE Distribs., LLC*, 761 F.3d 574, 583–84 (6th Cir. 2014).
[27] *Berry v. Sch. Dist. of City of Benton Harbor*, 467 F. Supp. 721, 727 (W.D. Mich. 1978).

Case No. 1:12-CV-00758
Gwin, J.

complete. Rather than having to wait for all damages determinations to be finalized before appealing liability, interlocutory review of the liability phase now will allow the case to proceed along both tracks simultaneously. Since the parties do not anticipate taking appeals from individual damages determinations, only the liability portion of this case would likely be appealed anyway. With the damages phase of the case moving along, there is no reason to delay the appeal of the liability phase.

Doubtless, Defendants would almost certainly take an appeal of the liability determination regardless of the outcome of the damages phase. The question of how to classify and compensate their door-to-door workers seems to go to the core of Defendants' business model. The damages determination in this case seems to be, then, somewhat less important to Defendants' long-term plans than the liability determination. Thus, even if Defendants end up owing less in damages than they currently anticipate (say, for example, because few members of the class submit their claims forms), Defendants would still appeal the liability issues.

An interlocutory appeal in this case will very likely shorten the ultimate time to resolution of this litigation, and has the potential to save both parties some expense and effort. This is especially true since Defendants have agreed not to seek a stay from the Sixth Circuit, which could have prolonged the proceedings and undercut the rationale for allowing the interlocutory appeal. Furthermore, Plaintiffs have recognized that timing matters for them, too, as delaying these proceedings only increases the chances that some class members will drop off the map. As such, it makes sense for both parties to begin this inevitable appeal as to liability now.

For this reason, the Court finds that it is appropriate to certify more than just the aspects of the case that depend on the Court's description of the legal standard for the outside salesperson exception—namely, Court's denial of Defendants' JMOL and the jury's verdict. The efficiency from

Case No. 1:12-CV-00758
Gwin, J.

allowing an interlocutory appeal now would be undone if another, later appeal of other issues from the liability phase of trial were necessary.

Because of the potential to shorten this litigation by several months, the "material advancement of the ultimate termination of the litigation" requirement is easily satisfied. Moreover, the Court explicitly notes that the potential efficiency gains from simultaneously adjudicating the damages phase of trial and appealing liability is its primary motivation for certifying interlocutory appeal in this case.

### III. Conclusion

For the foregoing reasons, upon reconsideration the Court **GRANTS** Defendants' motion to certify an interlocutory appeal. The Court accordingly **CERTIFIES FOR INTERLOCUTORY APPEAL** any issue related to the liability phase, and particularly "the Court's denial of Defendants' JMOL and the jury's subsequent verdict . . . on the grounds that the Court's denial of Defendants' JMOL and the jury instructions with regard to the elements of the outside sales exemption rested on an erroneous legal standard." Again, collateral issues relating to the liability determination may also be raised in this interlocutory appeal. Issues relating to damages, however, are not covered by this certification.

IT IS SO ORDERED

Dated: August 3, 2015                    s/  *James S. Gwin*
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE