UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                     :

DAVINA HURT, et al.,                :         CASE NO.: 1:12-CV-758
                                       :
          Plaintiffs,            :
                                       :
         v.                     :         OPINION AND ORDER
                                     :         [Resolving Doc. 860]
COMMERCE ENERGY, INC., et al.,  :
                                     :
         Defendants.          :
                                     :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case, Plaintiffs seek minimum wage and overtime pay under the Fair Labor Standards Act (FLSA)[1] and overtime pay under the Ohio Minimum Fair Wage Standards Act ("Ohio Wage Act").[2] Following a trial, a jury found Defendants liable for FLSA and Ohio Wage Act violations.[3] Plaintiffs now seek an award of liquidated damages.[4]

For the following reasons, the Court **GRANTS** Plaintiffs' motion for liquidated damages.

## I. Background

Defendants sell electricity and natural gas to residential and commercial customers in the United States and Canada. Plaintiffs worked as door-to-door workers who solicited residential customers for the Defendants' energy services. Plaintiffs received commission-based pay for completed contracts that they obtained.

Plaintiffs alleged that, under this compensation scheme, they were not paid minimum wage or overtime as required by state and federal law. In response, Defendants argued that the

---

[1] 29 U.S.C. § 201 *et seq.*
[2] Ohio Rev. Code § 4111.01 *et seq.*
[3] Doc. 808.
[4] Doc. 860.

Case No. 1:12-CV-758
Gwin, J.

FLSA's "outside salesperson" exemption excused Defendant from paying overtime and

minimum wage.

The Court held a trial on Defendants' liability from September 29, 2014, to October 6,

2014.[5] A jury found Defendants liable for unpaid wages because Defendants had not

demonstrated by a preponderance of the evidence that Plaintiffs qualified as exempt outside

salespeople.[6] The jury also found that the Defendants' FLSA violations were not willful.[7]

The parties are now administering the damages phase of the case. On June 19, 2017,

Plaintiffs moved for liquidated damages.[8]

With their motion, the Plaintiffs argue that they should receive liquidated damages

because the Defendants' FLSA violations were not good faith violations. Plaintiffs claim that the

Defendants ignored repeated New York Department of Labor (NYDOL) rulings related to their

door-to-door salespeople. In those rulings, NYDOL told Defendants that because the Defendants

exercised control over their door-to-door workers, the door-to-door workers were employees, not

independent contractors.[9] According to Plaintiffs, the Defendants' human resources department

discussed these rulings, but decided against reclassifying the Plaintiffs.[10]

Defendants oppose Plaintiffs' motion.[11] Defendants argue that there is insufficient record

evidence suggesting that Defendants intentionally or negligently violated the FLSA.[12]

Defendants emphasize that the jury found that the Defendants' FLSA violations were not

willful.[13]

---

[5] The Court bifurcated the proceedings into a liability phase and a damages phrase. Doc. 731.
[6] Doc. 808.
[7] *Id.*
[8] Doc. 860.
[9] *Id.* at 4-5.
[10] *Id.* at 1. Plaintiffs also moved for leave to file a reply brief. Doc. 865. The Court granted Plaintiffs' request.
[11] Doc. 862.
[12] *Id.* at 1.
[13] *Id.*

Case No. 1:12-CV-758
Gwin, J.

The Defendants also point to other federal district court decisions finding that Defendants' door-to-door workers were exempt as outside salespeople.[14] Defendants argue that these courts' "well-reasoned decisions" demonstrate that Defendants' reliance on the FLSA's outside-salespeople exemption was reasonable.[15] Finally, the Defendants argue that the NYDOL rulings are inapposite to this case because the rulings deal with the independent contractor-employee distinction, not the outside salespeople exemption.[16]

## II. Legal Standard

The FLSA generally imposes liquidated damages on employers that violate the FLSA.[17] The Sixth Circuit considers liquidated damages the norm,[18] and courts in other circuits have referred to them as "mandatory."[19]

There is an exception, however, where "the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that [the employer] had reasonable grounds for believing that [its] act or omission was not a violation of the [FLSA]."[20] The good faith component is subjective, and the reasonable grounds component is objective.[21]

The employer has the burden of demonstrating good faith and reasonable grounds, and the necessary showing is "substantial."[22] "To prove that it acted in good faith, an employer 'must

---

[14] *Id.* at 3.
[15] *Id.* at 4.
[16] *Id.* at 4-5.
[17] *Martin v. Indiana Michigan Power Co.*, 381 F.3d 574, 584 (6th Cir. 2004) ("An employer who violates the FLSA's overtime provisions is liable to the employee in the amount of the unpaid overtime compensation 'and in an additional equal amount as liquidated damages.'") (quoting 29 U.S.C. § 216(b)).
[18] *Id.*
[19] *See, e.g.*, *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 907 (3d Cir. 1991).
[20] 29 U.S.C. § 260.
[21] *Garcia v. Sar Food of Ohio, Inc.*, No. 1:14-CV-01514, 2015 WL 4080060, at *6 (N.D. Ohio Jul. 6, 2015).
[22] *Martin v. Indiana Michigan Power Co.*, 381 F.3d at 584.

Case No. 1:12-CV-758
Gwin, J.

show that [it] took affirmative steps to ascertain the Act's requirements, but nonetheless violated its provisions.'"[23]

In the Sixth Circuit, a finding of willfulness usually compels a finding that the employer did not act in good faith.[24] But "the reverse is not necessarily true."[25] Courts can still conclude that an employer acted without good faith where the employer's violation was merely negligent and not willful.[26]

Finally, even if an employer sustains its substantial burden of proving good faith and reasonable grounds, district courts "nevertheless may award full liquidated damages equal to, and in addition to, the unpaid back wages."[27]

### III. Discussion

Despite the jury's finding that Defendants' FLSA violations were not willful, Defendants fail to show that they took affirmative steps to comply with the FLSA. Plaintiffs are entitled to liquidated damages.

As an initial matter, Defendants seem to misunderstand their Section 260 burden. Defendants argue that there is "no . . . objective evidence in the record to suggest – much less establish – that [Defendants] acted intentionally or negligently in its treatment of plaintiffs."[28]

However, it is not Plaintiffs' responsibility to prove bad faith. Rather, it is Defendants' responsibility to prove good faith. [29] Because Defendants bear the burden, Defendants must demonstrate they took affirmative steps to comply with the FLSA.

Defendants fail to identify affirmative steps showing good faith.

---

[23] *Id.* (quoting *Martin v. Cooper Elec. Supply Co.*, 940 F.2d at 908).
[24] *Herman v. Palo Grp. Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999).
[25] *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 840 (6th Cir. 2002).
[26] *Abadeer v. Tyson Foods, Inc.*, 975 F. Supp. 2d 890, 908 (M.D. Tenn. 2013).
[27] *McClanahan v. Mathews*, 440 F.2d 320, 323 (6th Cir. 1971).
[28] Doc. 862 at 1.
[29] *Jordan v. IBP, Inc.*, 542 F. Supp. 2d 790, 815-16 (M.D. Tenn. 2008).

Case No. 1:12-CV-758
Gwin, J.

In their briefing, Defendants primarily attempt to show good faith in two ways. First, Defendants argue that human resources managers relied on outside counsel's advice when they applied the outside-sales exemption to the door-to-door salespeople Plaintiffs.[30] Second, Defendants point to two recent federal district court decisions that found that Defendants' door-to-door workers qualified for the outside sales exemption.[31] Because those courts disagreed with this Court, Defendants reason, Defendants' actions were reasonable.

*Reliance on Outside Counsel*

Relying on the advice of counsel can sometimes support a liquidated damages good faith defense.[32] Accordingly, Defendants point to former Vice President of Human Resources Richard Early's testimony.[33] Early stated that outside counsel advised him that Defendants' door-to-door workers were independent contractors, not employees.[34]

Early's vague testimony about outside counsel does not satisfy Defendants' "substantial" burden of showing good faith. Early testified that Defendants determined door-to-door workers were not entitled to minimum wages and overtime by "receiv[ing] confirmation from our discussions with external counsel."[35]

The frequency and content of those discussions, however, is unclear. Although Early references multiple "discussions" with counsel, he also testified that Defendants only had a single, short conversation with counsel about Defendants' treatment of door-to-door workers. [36]

---

[30] Doc. 862 at 7.
[31] *Id.* at 3 (citing *Dailey v. Just Energy Marketing Corp.*, No. 14 Civ. 2012, 2015 WL 4498430 (N.D. Cal. Jul. 23, 2015); *Flood v. Just Energy Marketing Corp. et. al.*, No. 7:2015-cv-02012, 2017 WL 280820 (S.D.N.Y. Jan. 20, 2017)).
[32] *See Featsent v. City of Youngstown*, 70 F.3d 900, 906-07 (6th Cir. 1995).
[33] Doc. 862 at 7.
[34] Doc. 753-1 at 258-60
[35] *Id.* at 259.
[36] *Id.* at 259-60. According to Early, that conversation took place in the context of the NYDOL independent contractor matter:

Case No. 1:12-CV-758
Gwin, J.

According to Early, the conversation took place in the context of the NYDOL independent

contractor matter, a matter different from FLSA wage and overtime exemptions. Likewise, Early

could not recall what specific information counsel provided or whether counsel provided

Defendants with documents about employee classification.[37]

Moreover, Early testified that Defendants' management team had only a short internal

discussion about the door-to-door workers' classification.[38] This discussion similarly took place

in the context of the NYDOL independent contractor matter. Management never followed up

with an investigation, research, or fact-finding into these workers' classification.[39]

Again, Defendants bear the burden of showing good faith. Early's testimony only shows

that Defendants solicited counsel at some point. It is unclear when, how or why Defendants

contacted counsel. It is unclear what advice Defendants received from counsel, and whether the

advice only concerned the NYDOL matter or the FLSA too. Finally, it is unclear how

Defendants relied on said advice.

The good faith defense requires more than a mere showing that employers contacted

counsel. For a finding of good faith, employers must demonstrate that they took affirmative steps

---

Q. Have you done it more recently than years ago? In other words, have you updated [your research] in the last year or two?
A. We have not, outside of the discussion that would have taken place with regards to our New York Department of Labor issue.

[37] *Id.*

Q. . . . [W]hat information did you get that would say, "X, Y and Z allow us to treat these people as non-employees"?
A. I don't have that information . . . at hand, sir . . . But this is something that would have taken place years ago, so I can't recall what exactly that documentation was, sir.

[38] *Id.* at 86-88.
[39] *Id.* at 88. The NYDOL matter put Defendants on notice that it had improperly classified its door-to-door workers. As this Court previously noted, the NYDOL independent contractor matter and the instant case largely turned on the same factor: the extent of control exercised by the employer. *Hurt v. Commerce Energy, Inc.*, No. 1:12-CV-00758, 2013 WL 442757, at *11 (N.D. Ohio Aug. 15, 2013). After the NYDOL rulings, Defendants "should have inquired further about whether its worker were also exempt outside salesmen." *Id.*

Case No. 1:12-CV-758
Gwin, J.

to comply with the FLSA. Without any details of Defendants' interactions with counsel, or how Defendants subsequently relied on counsel's advice, Defendants fail to show that they acted in good faith.

> *Contrary Federal Court Decisions*

Defendants also argue that "well-reasoned" Southern District of New York[40] and Northern District of California[41] decisions demonstrate that Defendants' actions were reasonable.[42] Contrary to this Court's conclusions, these courts found Defendants' door-to-door salespeople were exempt from the FLSA.[43]

Defendants' reliance on other federal district court decisions is puzzling. The good-faith test for liquidated damages is whether the employer took affirmative steps to ascertain the Act's requirements. These other district court decisions—decisions that postdate Defendants' classification of Plaintiffs as exempt salespeople—merely show that there is disagreement among district courts over what the Act requires. The decisions have no bearing on what steps the Defendants took to comply with the FLSA.

Another district court's conclusion that Defendants complied with the FLSA does not demonstrate that Defendants affirmatively took steps to ascertain the Act's requirements. Defendants fail to satisfy their burden of showing good faith.

---

[40] *Flood v. Just Energy Marketing Corp. et al.*, No. 7:2015-cv-02012, 2017 WL 280820 (S.D.N.Y. Jan. 20, 2017).
[41] *Dailey v. Just Energy Marketing Corp.*, No. 14 Civ. 2012, 2015 WL 4498430 (N.D. Cal. Jul. 23, 2015).
[42] Doc. 862 at 4.
[43] *Id.* at 3-4.

Case No. 1:12-CV-758
Gwin, J.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion for liquidated damages.


IT IS SO ORDERED.


Dated:  July 24, 2017                                    *s/        James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE