UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
DAVINA HURT, et al.,  :  CASE NO.: 1:12-CV-758

       Plaintiffs,  :

    v.  :  OPINION AND ORDER
                                  [Resolving Doc. Nos. 863, 868, & 870]
COMMERCE ENERGY, INC., et al.,  :

       Defendants.  :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this decision, the Court considers whether certain plaintiffs forfeited their claim for minimum wages and overtime when those plaintiffs missed a survey response deadline.

Under an agreement they had reached to determine individual damages in this case, the parties agreed to give class members until April 4, 2017 to complete surveys regarding the hours the affected employees had worked during the overtime pay period. In the survey, recipients were told: "You must *complete* this survey by April 4, 2017 in order to continue to participate in this lawsuit."[1] Some claimants failed to respond before the April 4, 2017, date but instead responded after that date. Seventy-one relevant surveys were received or postmarked after April 4, 2017.[2]

Now, Defendants seek to exclude any surveys postmarked or received after April 4, 2017.[3] Plaintiffs oppose the motion.[4] For the following reasons, the Court **DENIES IN PART AND GRANTS IN PART** Defendants' motion.

---

[1] Doc. 863-2, Exs. 1, 2 (emphasis added).
[2] Defendants state that "at least 83 untimely surveys have been received." Doc. 863-1 at 3. Exhibits 3 and 4 of Defendant's briefing, however, identifies only 73 untimely surveys. Doc. 863-2, Ex. 3 at 3; *id.*, Ex. 4 at 6-8. Out of those 73 untimely surveys, the parties agree that two of the surveys are no longer relevant for calculating damages. Doc. 868 at 3 n.1. Thus, the parties acknowledge that there are 71 untimely surveys in total.
[3] Docs. 863, 870-1.
[4] Doc. 868.

Case No. 1:12-CV-758
Gwin, J.

"In class actions, courts have equitable powers to manage the litigation in order to promote judicial economy and fairness to litigants."[5] When the case involves a Fair Labor Standards Act ("FLSA") claim, "[a] generous reading, in favor of those whom congress intended to benefit from the law, is also appropriate when considering issues of time limits and deadlines."[6]

To determine whether to permit the parties to evaluate these late-received surveys, the Court considers: (1) whether good cause exists for the untimeliness; (2) prejudice to the defendant; (3) how late the surveys are; (4) judicial economy; and (5) the remedial purposes of the FLSA.[7]

Balancing these factors, the Court finds that the parties can consider any surveys that were received or postmarked after one month or less from the April 4, 2017 deadline.

First, nearly all of the late surveys (64 out of 71) are late by less than one month.[8] And Plaintiffs have stated a good cause for why many of these surveys were received late. For 31 of the 71 late surveys, Plaintiffs argue that the recipients may have completed their surveys by the deadline.[9] These 31 surveys do not have any postmark, yet were all received within one week after the deadline.[10] Thus, it is possible that claimants completed many of these surveys by the deadline, but mail delays and postmarking errors caused later delivery.[11]

Second, Defendants are unlikely to experience prejudice. Defendants will not experience any delay by considering these late surveys. For unrelated reasons, the damages calculation process

---

[5] *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 313 (3d Cir. 2003).
[6] *Hurt v. Commerce Energy, Inc.*, No. 1:12–CV–758, 2014 WL 494571, at *4 (N.D. Ohio Feb. 6, 2014) (quoting *Heaps v. Safelite Solutions, LLC*, No. 2:10-cv-729, 2011 WL 6749053, at *2 (S.D. Ohio Dec. 22, 2011)).
[7] *Hurt*, 2014 WL 494571, at *3 & n.10 (considering such factors to determine whether to allow late-filed opt-ins); *see also Ruggles v. Wellpoint, Inc.*, 687 F.Supp.2d 30, 37 (N.D.N.Y.2009).
[8] Of the 64 surveys that were late by one month or less, nearly 90% (56 out of 64) were less than two weeks late, and nearly 80% (50 out of 64) were less than one week late. *See* Doc. 868-1, Ex. 1.
[9] Doc. 868 at 3.
[10] Doc. 868-1, Ex. 1. Of these 31 surveys that were not postmarked, 12 surveys were received three days or less after the deadline. *See id.*, Ex. 1.
[11] *See Schaefer-LaRose v. Eli Lilly & Co.*, No. 1:07-CV-1133-SEBTAB, 2008 WL 5384340, at *2 (S.D. Ind. Dec. 17, 2008) ("Delivery by the U.S. Postal Service is hardly instantaneous, and on certain occasions it can take more time than expected. It would be highly unfair to penalize [parties] simpl[y] because they fell 'prey to the United States Postal Service's snail mail.'").

is still ongoing, and the parties have not yet exchanged damages calculations for any group of individuals.[12] In fact, other processing problems, including the mailing of surveys to incorrect addresses, have already delayed the parties' process.[13]

And because Defendants are already aware of these late surveys,[14] Defendants will not face any "unfair surprise"[15] by having to consider them. Defendants must calculate damages for claimants with late surveys and on-time surveys in the same way.[16]

Judicial economy also supports permitting parties to evaluate the 64 surveys that are late by one month or less.[17] Defendants also need not be concerned that they are a "moving target" or that the litigation "will [be] prolong[ed] ... indefinitely."[18] Defendants are not required to consider any surveys received or postmarked more than one month after the April 4, 2017, deadline.

Finally, the remedial purpose of the FLSA supports consideration of these 64 late-filed surveys. "The FLSA should be given a broad reading, in favor of coverage."[19]

Therefore, the Court orders that parties consider the 64 surveys postmarked or received before or on May 4, 2017 for purposes of calculating individual damages. Any surveys postmarked or received after May 4, 2017 are excluded from the parties' consideration of individual damages.

IT IS SO ORDERED.

Dated: August 10, 2017        *s/         James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

---

[12] Doc. 868-1, Fiorelli Affidavit at ¶ 4.
[13] Doc. 863-1 at 3; Doc. 868 at 2.
[14] Doc. 863-2, Ex. 3 at 3; *id.*, Ex. 4 at 6-8.
[15] *Heaps*, 2011 WL 6749053, at *2 (allowing late-filed consent notices that were filed within a few months after the deadline).
[16] Doc. 868-1, Fiorelli Affidavit at ¶ 6.
[17] *See In re Wells Fargo Home Mortg. Overtime Pay Litig.*, No. MDL 06-01770 MHP, 2008 WL 4712769 (N.D. Cal. Oct. 22, 2008) (finding judicial economy served by accepting late-filed forms which were postmarked one month or less from the deadline and constituted the "bulk" of the late-filed forms at issue).
[18] Doc. 870-1 at 4.
[19] *Kelley v. Alamo*, 964 F.2d 747, 749 (8th Cir. 1992).