UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

DAVINA HURT, et al.,

        Plaintiffs,

        v.

COMMERCE ENERGY, INC., et al.,

        Defendants.

------------------------------------------------------

CASE NO.: 1:12-CV-758

OPINION & ORDER
[Resolving Doc. Nos. 864, 869, & 871]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs bring (1) a class action under the Ohio Minimum Fair Wage Standards Act ("Ohio Wage Act")[1] for overtime pay and (2) a collective action under the Fair Labor Standards Act (FLSA) for minimum wage and overtime pay.[2]

As indicated, certain Ohio class Plaintiffs failed to opt in to the collective action. The parties disagree with regard how to calculate overtime pay damages under the Ohio Wage Act for these class action Plaintiffs who did not opt in to the collective action.

The Ohio Wage Act requires class Plaintiffs to opt in to civil actions to obtain minimum wage pay, but does not require class Plaintiffs to opt in to obtain overtime pay. The parties agree that the opt-in Plaintiffs can use the minimum wage rate to calculate overtime pay damages. Defendants move to exclude Plaintiffs who did not opt in from using Ohio's minimum wage rate to calculate overtime pay damages.

For the reasons below, the Court finds that the parties must use the greater of the regular rate or the minimum wage rate to calculate Plaintiffs' overtime pay under the Ohio Wage Act.

---

[1] Ohio Rev. Code § 4111.01 *et seq*.
[2] 29 U.S.C. § 201 *et seq*.

Case No. 1:12-CV-758
Gwin, J.

## I. Background

Plaintiffs worked as door-to-door workers who solicited residential customers for the Defendants' energy services. Plaintiffs received commission-based pay for completed contracts. Plaintiffs alleged that, under this compensation scheme, they were not paid minimum wage or overtime as required by the Ohio Wage Act and the FLSA. In an earlier ruling, this Court found that Plaintiffs could make Rule 23 class claims for overtime violations under the Ohio Wage Act.[3] Certain Plaintiffs did not opt in.

Following a trial, the jury found Defendants liable for unpaid wages, including overtime pay.[4] The parties are now administering the damages phase of the case.

Defendants move to exclude Plaintiffs from using Ohio's minimum wage rate to calculate overtime pay for Plaintiffs who did not opt in to the class action.[5]

Defendants argue that only the regular rate,[6] and not the minimum wage rate, can be used to calculate overtime pay for Plaintiffs who did not opt in.[7] Many Rule 23 overtime class members never secured any compensable contract and, as a result, had no regular pay. According to Defendants, Section 4111.14(K) of the Ohio Wage Act only permits the use of the minimum wage rate for plaintiffs who opt in.

Plaintiffs oppose Defendants' motion.[8] Plaintiffs argue that Section 4111.14(K) is not relevant. According to Plaintiffs, Section 4111.14(K) does not address how overtime pay must be calculated. Plaintiffs argue that the parties can use the minimum wage rate to calculate overtime

---

[3] Doc. 88.
[4] Doc. 808.
[5] Doc. 864.
[6] The regular rate is based on Plaintiffs' actual earned weekly wage divided by their actual weekly hours worked. Doc. 864-1 at 4.
[7] Doc. 864-1.
[8] Doc. 869.

-2-

pay because the Ohio Wage Act calculates overtime pay exactly as the FLSA. And the FLSA calculates overtime by using the greater of the employee's regular rate *or* the minimum wage rate.

## II. Legal Analysis

The Court agrees with Plaintiffs. The parties must use the greater of the regular rate or the minimum wage rate to calculate Plaintiffs' overtime pay under the Ohio Wage Act. The Court also finds that Plaintiffs who did not opt in to the accompanying collective action can also employ this overtime pay calculation.

### A. Calculation of Overtime Pay

The Ohio Wage Act and the FLSA have the same overtime provisions. Section 4111.03 of the Ohio Wage Act states: "An employer shall pay an employee for overtime at a wage rate . . ., in the manner and methods provided in . . . section 7 and section 13 of the 'Fair Labor Standards Act of 1938' . . . as amended." Thus, "[b]ecause the FLSA and the [Ohio Wage Act] have the same overtime requirements, the outcomes will be the same and the claims can be evaluated together."[9]

The FLSA, in turn, requires parties to calculate overtime "at a rate not less than one and one-half times the *regular rate* at which he is employed."[10] The "regular rate" "cannot be lower than [the] applicable minimum."[11] Federal courts have thus calculated overtime pay under the FLSA by using the greater of the employee's regular rate or the minimum wage rate.[12]

---

[9] *Craig v. Bridges Bros. Trucking LLC*, 823 F.3d 382, 385 n.1 (6th Cir. 2016); *see also McCrimon v. Inner City Nursing Home, Inc.*, No. 1:10 CV 392, 2011 WL 4632865, at *4 (N.D. Ohio Sept. 30, 2011) (evaluating Defendants' FLSA and Ohio Wage Act overtime claims together); *Heard v. Nielson*, No. 1:16-CV-1002, 2017 WL 2426683, at *2 (S.D. Ohio June 2, 2017) ("Ohio law incorporates the FLSA's definitions, standards, and principles for its minimum wage and overtime compensation provisions.").

[10] 29 U.S.C. § 207(a)(1) (emphasis added).

[11] 29 C.F.R. § 778.5; 29 C.F.R. § 778.107 ("The regular rate of pay at which the employee is employed may in no event be less than the statutory minimum . . . . If the employee's regular rate of pay is higher than the statutory minimum, his overtime compensation must be computed at a rate not less than one and one-half times such higher rate.").

[12] *See, e.g.*, *Saucedo v. On the Spot Audio Corp.*, No. 16CV00451CBACLP, 2016 WL 8376837, at *12 (E.D.N.Y. Dec. 21, 2016), *report and recommendation adopted*, No. 16-CV-451(CBA)(CLP), 2017 WL 780799 (E.D.N.Y. Feb. 28, 2017) ("The FLSA states that overtime pay should [be] calculated based on the employee's regular rate of pay or the minimum wage, whichever is greater."); *Hernandez v. Jrpac Inc.*, No. 14 CIV. 4176 (PAE), 2016 WL 3248493,

Case No. 1:12-CV-758
Gwin, J.

Consequently, the parties must also calculate overtime pay under the Ohio Wage Act in the same way.

### B. Calculation of Overtime Pay for Plaintiffs Who Did Not Opt In

The Court next finds that the parties can employ the above overtime pay calculation for Plaintiffs who did not opt in.

The Ohio Wage Act requires prospective minimum wage plaintiffs to opt in to the action.[13] But overtime claimants are treated differently, and overtime class action claimants can recover irrespective of whether they have opted in to the action.[14] Defendants concede this point.[15] Thus, the Plaintiffs' opt-in status has no bearing on how their overtime claims must be calculated.

Defendants' arguments to the contrary are not persuasive. Section 4111.14(K) of the Ohio Wage Act is not instructive here. That provision only applies to minimum wage claims under the Ohio Wage Act, not to Plaintiffs' overtime pay claims at issue here.[16]

---

at *32 (S.D.N.Y. June 9, 2016) (finding the "regular rate" to be the statutory minimum, where "their regular rates of pay fall below the minimum wage").

[13] Ohio Rev. Code § 4111.14(K) (Division K requiring plaintiffs to opt in applies to "action[s] for equitable and monetary relief" brought "[i]n accordance with Section 34a of Article II, Ohio Constitution."); Ohio Const. art. II, § 34a ("state minimum wage rate"); *see also Laichev v. JBM, Inc.*, 269 F.R.D. 633, 636 (S.D. Ohio 2008) ("Obviously, the drafters of the [Ohio Wage Act] knew how to limit a civil action to an opt-in class and must have then specifically [chose] not to do so in drafting O.R.C. § 4111.10.").
[14] *Hurt v. Commerce Energy, Inc.*, No. 1:12-CV-00758, 2013 WL 4427255, at *1 (N.D. Ohio Aug. 15, 2013) ("But the Ohio Legislature limited the Ohio Wage Act's opt-in requirement to *minimum wage* claims not *overtime* claims.").
[15] Doc. 871-1 at 2.
[16] *See supra* note 13. Because § 4111.14(K) does not apply to overtime pay calculation, the Court does not interpret it here. Thus, Defendants need not be concerned that the Court is attempting to "modify the Ohio Constitution or the plain language of the [Ohio Wage Act]." *See* Doc. 864-1 at 3.

Case No. 1:12-CV-758
Gwin, J.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' motion. The parties must use the greater of the employees' regular rate or the minimum wage rate to calculate every Plaintiffs' overtime pay under the Ohio Wage Act.

IT IS SO ORDERED.

Dated: August 14, 2017                             *s/          James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE