UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
                                        :
DAVINA HURT, *et al.*,                  :    CASE NO.: 1:12-CV-758
                                        :
        Plaintiffs,                     :
                                        :
    v.                                  :    OPINION & ORDER
                                        :    [Resolving Doc. Nos. 883, 884]
COMMERCE ENERGY, INC., *et al.*,        :
                                        :
        Defendants.                     :
                                        :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs brought (1) a class action under the Ohio Minimum Fair Wage Standards Act ("Ohio Wage Act")[1] for overtime pay and (2) a collective action under the Fair Labor Standards Act (FLSA) for minimum wage and overtime pay.[2] Magistrate Judge William H. Baughman, Jr. will hold a trial to determine damages for the remaining disputed class and collective action members.[3]

The parties dispute two issues regarding the calculation of damages. The parties disagree as to (1) what rate this Court should use for calculating overtime pay under the Ohio Wage Act for the Rule 23 Ohio employee class and (2) whether regional distributors should receive damages.[4]

For the reasons below, the Court finds that Defendants must calculate overtime pay at one-half the employees' applicable rate for each hour worked in excess of the applicable maximum hours standard. The applicable rate is the greater of the employees' regular rate or the minimum wage rate. The Court also finds that questions about regional distributors' overtime pay are factual determinations better left to the Magistrate Judge.

---

[1] Ohio Rev. Code § 4111.01 *et seq*.
[2] 29 U.S.C. § 201 *et seq*.
[3] Doc. 880.
[4] Docs. 833, 884, 885, 886.

## I. BACKGROUND

Plaintiffs worked as door-to-door workers who solicited residential customers for the Defendants' energy services. Plaintiffs received commission-based pay for completed contracts. Plaintiffs alleged that, under this compensation scheme, they were not paid the minimum wage or overtime as required by the Ohio Wage Act and the FLSA.

In an earlier ruling, this Court certified the following Rule 23 class:

> The named Plaintiffs and all other persons in Ohio since March 28, 2010 who: (a) were listed on their Just Energy contract as performing services for the "Commerce Energy" affiliate of Just Energy; (b) were listed by Defendants as independent contractors; (c) had the job of going door-to-door for Just Energy; and (d) were not paid overtime.[5]

The Court also certified the following FLSA collective action:

> The named Plaintiffs and all other persons who at any point in the last 3 years: (a) were listed on their Just Energy contract as performing services for the "Commerce Energy" affiliate of Just Energy; (b) were treated as independent contractors; (c) had the job of going door-to-door for Just Energy; and (d) were not paid minimum wage and/or overtime.[6]

Following a trial, the jury found Plaintiffs were not independent contractors and found Defendants liable for unpaid wages, including minimum wage and overtime pay.[7] In particular, the jury found that Defendants had not met their burden of showing that the plaintiffs were exempt from being paid minimum wage and overtime pay.[8]

---

[5] Doc. 88; Doc. 93.
[6] Doc. 88.
[7] Doc. 808.
[8] *Id.*

Case No. 1:12-CV-758
Gwin, J.

The parties are now litigating the damages phase of the case. The Court previously held that the parties must use the greater of the regular rate[9] or the minimum wage rate to calculate Plaintiffs' overtime pay under the Ohio Wage Act.[10]

Magistrate Judge Baughman is set to hold a trial to make factual determinations on damages for the individual class and collective action whom the parties still dispute.[11] In anticipation of that damages trial, the parties submitted briefs to the Court regarding the outstanding legal issues to govern Magistrate Judge Baughman's factual determinations.[12]

First, the parties disagree as to whether overtime pay should be calculated at one-half or 1.5 times the applicable wage rate. Second, the parties disagree whether regional distributors, who did not always perform door-to-door solicitation every week, are entitled to damages.

## II. LEGAL ANALYSIS

**A. Overtime Pay Rate for Employees Receiving Commissions**

The parties' first dispute centers on what rate the Rule 23 class members should be paid for overtime hours under the Ohio Wage Act.

As an initial matter, the Ohio Wage Act and the FLSA have the same overtime provisions. Section 4111.03 of the Ohio Wage Act states: "An employer shall pay an employee for overtime at a wage rate . . . , in the manner and methods provided in . . . section 7 and section 13 of the 'Fair Labor Standards Act of 1938' . . . as amended." Thus, "[b]ecause the FLSA and the [Ohio Wage Act] have the same overtime requirements, the outcomes will be the same and the claims can be evaluated together."[13]

---

[9] The regular rate is based on Plaintiffs' actual earned weekly wage divided by their actual weekly hours worked. Doc. 864-1 at 4.
[10] Doc. 873.
[11] Doc. 880.
[12] Docs. 883, 884, 885, 886.
[13] *Craig v. Bridges Bros. Trucking LLC*, 823 F.3d 382, 385 n.1 (6th Cir. 2016); *see also McCrimon v. Inner City Nursing Home, Inc.*, No. 1:10 CV 392, 2011 WL 4632865, at *4 (N.D. Ohio Sept. 30, 2011) (evaluating Defendants'

Case No. 1:12-CV-758
Gwin, J.

Defendants argue that because the Rule 23 class members received commissions, they are entitled to overtime pay at only one-half their applicable rate for hours worked above the maximum pursuant to 29 C.F.R. § 778.118.[14] Plaintiffs argue that a one-half rate cannot be applied retroactively to calculate overtime pay when employers are found to have misclassified their employees as exempt from overtime pay.[15] As a result, Plaintiffs argue that overtime for all Rule 23 class members should be calculated at 1.5 the employees' regular rate for hours worked above the maximum pursuant to the Ohio Wage Act.[16]

The Court agrees with Defendants.

29 C.F.R. § 778.118 explains how overtime pay should be calculated under the FLSA for employees who receive commissions — which is the case here. Under that regulation, an employee's regular rate must be calculated by dividing the employee's weekly commission by the total number of hours the employee worked that week.[17] Employees who receive commissions are then "paid extra compensation at one-half of that rate for each hour worked in excess of the applicable maximum hours standard."[18] "To hold otherwise would be to read more complexity into § 778.118 th[a]n is indicated by a plain reading."[19]

As the Court already held, if the regular rate as calculated above falls below the minimum wage, the parties must use the minimum wage to calculate the overtime rate. In this case, for employees who did not receive commissions above the minimum wage, the plaintiffs' overtime

---

FLSA and Ohio Wage Act overtime claims together); *Heard v. Nielson*, No. 1:16-CV-1002, 2017 WL 2426683, at *2 (S.D. Ohio June 2, 2017) ("Ohio law incorporates the FLSA's definitions, standards, and principles for its minimum wage and overtime compensation provisions.").
[14] Doc. 883 at 5-6.
[15] Doc. 884 at 2-6.
[16] *Id.*
[17] 29 C.F.R. § 778.118. The parties have agreed to attribute a plaintiff's commissions equally over the weeks worked within the class definition and period. Doc. 885 at 3 n.1.
[18] § 778.118.
[19] *See Kornbau v. Frito Lay N. Am., Inc.*, No. 4:11CV02630, 2012 WL 3778977, at *5 (N.D. Ohio Aug. 30, 2012).

Case No. 1:12-CV-758
Gwin, J.

pay must be calculated at one-half the minimum wage for hours worked above the maximum hours standard.

Plaintiffs' arguments for a 1.5 multiplier are not persuasive.

In Plaintiffs' cited cases, the courts required overtime pay at 1.5 the regular rate for hours worked above the statutory maximum because employers had misclassified their salaried employees as exempt from overtime pay. [20] Had the employers not misclassified their employees, the employers would have had to pay their salaried employees overtime pay pursuant to 29 C.F.R. § 778.114. Under § 778.114, employers must have a "clear mutual understanding" with their salaried employees that their fixed salary is compensation for hours worked each workweek, whatever their number. Nevertheless, under § 778.114, the employer cannot pay less than minimum wage for all hours worked and, for overtime hours, less than one-half the regular rate of pay.[21]

The driving concern in banning retroactive use of the one-half rate in misclassification cases intended to avoid incentivizing employers to misclassify their salaried employees as exempt from overtime pay at the outset to avoid § 778.114's requirement of negotiating overtime pay rates with their salaried employees.[22] After all, if the minimum one-half rate was always retroactively applied, employers might end up paying much less in overtime through misclassification than had they rightfully classified their salaried employees and negotiated at the outset with their salaried employees to obtain a "clear mutual understanding."[23]

---

[20] See *Snodgrass v. Bob Evans Farms, LLC*, No. 2:12-CV-768, 2015 WL 1246640, at *8-10 (S.D. Ohio Mar. 18, 2015); *Wilson v. PrimeSource Health Care of Ohio, Inc.*, No. 1:16-CV-1298, 2017 WL 2869341, at *13-15 (N.D. Ohio July 5, 2017); *Lindsey v. Tire Discounters, Inc.*, No. 2:15-CV-3065, 2017 WL 5972104, at *18-20 (S.D. Ohio Dec. 1, 2017); *Hunter v. Sprint Corp.*, 453 F. Supp. 2d 44, 61 & n.19 (D.D.C. 2006); *In re Texas EZPawn Fair Labor Standards Act Litig.*, 633 F. Supp. 2d 395, 404-05 (W.D. Tex. 2008); *Wallace v. Countrywide Home Loans Inc.*, No. SACV 08-1463-JST, 2013 WL 1944458, at *7 & n.4 (C.D. Cal. Apr. 29, 2013).
[21] 29 C.F.R. § 778.114. The regular rate of pay would be calculated by dividing the weekly compensation by the total number of hours worked per week. § 778.114(b).
[22] See, e.g., *Hunter*, 453 F. Supp. 2d at 61n.19.
[23] *Id.*

Case No. 1:12-CV-758
Gwin, J.

While this case is also a misclassification case, Plaintiffs' cited cases are still distinguishable from this case. This is because all of Plaintiffs' cited cases concern 29 C.F.R. § 778.114, the calculation of overtime pay for salaried employees, rather than § 778.118, which applies for employees receiving commissions.

§ 778.118 commission provision does not have the same requirement that employers have a "clear mutual understanding" about overtime pay rates with their employees who receive commissions. Therefore, the concern about retroactive application of § 778.114 in misclassification cases does not control § 778.118. As a result, the retroactive application of the one-half rate for employee commission overtime pay does not raise the same concerns. And as Plaintiffs acknowledge, no other district court in the Sixth Circuit has considered whether to applied a retroactive ban of the one-half rate under § 778.118 in misclassification cases.[24]

For those reasons, the Court finds that employees who received commissions must be paid overtime pay at one-half of their applicable rate for each hour worked in excess of the applicable maximum hours standard. The applicable rate is the greater of the regular rate or the minimum wage. The regular rate will be calculated by dividing the plaintiff's total weekly commission by the total hours worked that week.

**B. Damages for Regional Distributors**

The Court next finds that the calculation of damages for regional distributors is a factual question better left for the Magistrate Judge. Regional distributors plaintiffs performed work other than simply going door-to-door selling contracts for Defendants.[25]

---

[24] Doc. 884 at 4-5.
[25] *See* Doc. 885 at 10; Doc. 884 at 7.

-6-

Case No. 1:12-CV-758
Gwin, J.

Contrary to Plaintiffs' assertions,[26] Defendants do not argue that regional distributors should be categorically exempt from being paid minimum wage or overtime pay.[27] Rather, Defendants only argue that regional distributors should be paid minimum wage or overtime pay for only the workweeks in which they actually performed door-to-door work.[28] Because the nature of the regional distributors' work duties is a factual determination, Defendants argue that that inquiry should be left to the Magistrate Judge.[29] Plaintiffs, however, assert that trial testimony conclusively shows that the regional distributors all had door-to-door functions and consequently should be categorically awarded overtime pay and minimum wage.[30]

The Court agrees with Defendants.

FLSA claims are evaluated on a workweek-by-workweek basis.[31] The same is true with the Ohio Wage Act, as Ohio Wage Act claims are evaluated like FLSA overtime claims.[32] Here, the Court certified a Rule 23 class under the Ohio Wage Act and an FLSA collective action for those plaintiffs who "had the job of going door-to-door for Just Energy."[33]

Pursuant to this definition then, the regional distributor plaintiffs can only claim damages under the FLSA and Ohio Wage Act for the workweeks in which they actually performed door-to-door work. Whether the regional distributors performed enough door-to-door activities in a particular workweek to qualify them for damages is ultimately a factual inquiry left for the Magistrate Judge. This is because that determination will require evaluating these regional

---

[26] Doc. 886 at 1-2.
[27] *See* Doc. 885 at 7-11.
[28] Doc. 883 at 2-5; Doc. 885 at 7-11.
[29] Doc. 883 at 4-5; Doc. 885 at 11.
[30] Doc. 886 at 1.
[31] *See* <u>Hughes v. Region VII Area Agency on Aging</u>, 542 F.3d 169, 187 (6th Cir. 2008) ("A cause of action is deemed to accrue, as a general rule, 'at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed.'" (citation omitted)).
[32] *See supra* note 13.
[33] Doc. 88.

distributor plaintiffs' timesheets, their testimony about their job duties, and any other relevant evidence explaining their door-to-door activities for particular workweeks.

If the trial testimony and other relevant evidence show what Plaintiffs claim (that the regional distributors performed enough door-to-door functions for all relevant workweeks), then the regional distributors should be awarded the applicable overtime pay and minimum wage for all of those workweeks. Nevertheless, that determination is a factual one to be left for the Magistrate Judge.

### III. CONCLUSION

For the above reasons, the Court finds that Defendants must calculate overtime pay at one-half the employees' applicable rate for each hour worked in excess of the applicable maximum hours standard. The applicable rate is the greater of the employees' regular rate or the minimum wage rate. The Court also finds that regional distributors' overtime pay is a factual determination left to the Magistrate Judge.

IT IS SO ORDERED.

Dated: January 29, 2018            *s/ James S. Gwin*
           JAMES S. GWIN
           UNITED STATES DISTRICT JUDGE