**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **DAVINA HURT, et al.,** : | |
| Plaintiffs, : | |
| : | CASE NO. 1:12-CV-00758 |
| : | |
| : | JUDGE JAMES S. GWIN |
| v. : | |
| **COMMERCE ENERGY, INC.,** : | |
| Defendants. : | |
| : | |

**PLAINTIFFS' MEMORANDUM**

**IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS**

**INTRODUCTION**

Plaintiffs have litigated this FLSA collective action and Ohio class action for over six years on behalf of themselves, as well as thousands of Defendants' employees across multiple states. Plaintiffs overcame dispositive motions, obtained class certification (and defeated attempts at decertification), won the jury trial on liability, were subsequently awarded liquidated damages, and ultimately negotiated individual damages stipulations for 98% of the survey respondent class members. Because Plaintiffs prevailed at trial, an award of attorney's fees is mandatory. Plaintiffs are requesting $5,438,081.50 in total fees ($2,719,040.75 in lodestar with a multiplier of 2) and $217,120.16 in costs.

**LEGAL ARGUMENT**

I. **Attorney's fee request**

   A. **General Standard.**

The FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "An award of attorney's fees under 216(b) is mandatory." *Smith v. Service Master Corp.,* 592 Fed. Appx. 363, 367 (6th Cir.2014). Similarly, Ohio law states that the employer "is liable to the employee affected for … costs and reasonable attorney's fees as may be allowed by the court." R.C. 4111.10(A).

Under Ohio law, "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Bittner v. Tri-County Toyota, Inc.,* 58 Ohio St.3d 143, 145 (1991). Similarly under federal law, the hourly rate used for calculating the lodestar is based on the prevailing market rate. *Smith,* 592 Fed. Appx. at 369.

1

### B.     The hours expended in this case were documented and reasonable.

"Attorneys who seek fees have an obligation to 'maintain billing time records that are sufficiently detailed to enable courts to review the reasonableness of the hours expended.'" *Smith*, 592 Fed. Appx. at 371. "Although Plaintiffs' counsel is not required to record in great detail how every minute of his or her time was expended, at least counsel should identify the general subject matter of time expenditures." *Id.* Attached hereto as Exhibits A and B are billing and cost records from Plaintiffs' counsel, which meet the standard set forth above. The records detail which attorneys worked on the file, the tasks performed, and the time spent on each task. See Exhibit A and Fiorelli Aff. ¶¶19-20; Exhibit B and DeRoche Dec. ¶8.

Plaintiffs' counsel's offices have collectively spent over 7,100 hours in successfully prosecuting this matter, which was aggressively litigated from the outset. Defendants have argued that the outside sales exemption applied; that Plaintiffs were independent contractors; that class certification was improper; and, that the parent company, Defendant Just Energy Group, should not be held liable. Plaintiffs' counsel spent significant time addressing these issues, including discovery, legal research, strategic planning, and brief writing.

Discovery in this case was extensive. The parties took 40 depositions across nine different states, plus Ontario. Fiorelli Aff. ¶13. Defendants produced over 6,300 pages of documents and served 104 interrogatories and 84 requests for production. Id. Plaintiffs served 27 interrogatories and 28 requests for production. Id. There were also a multitude of discovery disputes that the parties had to work through, some of which necessitated court involvement. See Doc. Nos. 662, 666, 674, 678, 687, 694.

Class certification was highly contested. Plaintiffs successfully obtained certification of both an Ohio class action and an FLSA collective action. Doc. No. 88. Plaintiffs also had to defend

those decisions against Defendants' repeated, unsuccessful attempts at decertification. See Doc. Nos. 719, 831. Further, administering the notice process – fielding class member calls and processing and filing opt-in forms for approximately 1800 individuals was a significant project. Fiorelli Aff. ¶14.

Plaintiffs' counsel also spent significant time defending several dispositive motions filed by Defendants. See Orders at Doc. Nos. 92, 89, 740, 829. The issue at the heart of this case – the application of the outside sales exemption to workers with no education or sales experience over whom Defendants exercised tremendous control – was vigorously litigated, resulting in Defendants making two motions for interlocutory appeal. See Orders at Doc. Nos. 106, 853.

This litigation also involved three experts. Expert reports and supplemental reports were prepared and depositions were taken of each expert.

Throughout the course of the litigation there were numerous miscellaneous motions that required significant time to properly advance Plaintiffs' position in the litigation. See e.g. Orders at Doc. No. 652 (granting Plaintiffs' motion to accept late opt-ins); Doc. No. 752 (denying Defendants' motion to enlarge time for depositions); Doc. No. 738 (denying Defendants' request to open and close trial).

Before trial, the parties engaged in several days of mediation, including one day in front of Attorney Gregory Mersol, and two days in front of Judge Polster. Fiorelli Aff. ¶16.

Ultimately, the matter went to trial on the issue of liability. At trial, twenty witnesses testified. Doc. Nos. 839, 847, 848, 849. Plaintiffs prevailed at trial, but Defendants challenged the result. Doc. No. 810. After the Court denied Defendants' motion for judgment as a matter of law (Doc. No. 829), the parties proceeded to the damages phase of the trial.

Determining damages was a time-consuming process. Disputed legal issues included whether late surveys could be accepted; how overtime is calculated; and whether regional distributors fell within the class definition of persons who had the job of going door-to-door. See Doc. Nos. 872, 873, 887. The damages calculations required the parties to engage an expert to create a damages survey. Fiorelli Aff. ¶17. Over 8,900 surveys were mailed to class members, and 601 individuals responded. Id. The 601 responses were analyzed, charted, and compared to Just Energy's contract data for each class member. Id. The parties then met for four days to negotiate damages amounts. This process culminated in 587 stipulations. Id. The 14 remaining claims were resolved in a four-day damages trial. Doc. Nos. 919, 920, 921, 927.

### C. The rates sought by Plaintiffs' counsel are reasonable.

Plaintiffs request the following rates for each attorney and support staff member who has worked on the case:

**Attorneys:**

| Attorney Initials in billing record | Attorney Name | Title | No. of Years in practice during time attorney worked on case | Total time (units entered) | Hourly rate | Total amount billed |
|---|---|---|---|---|---|---|
| MRR | Michael Rudick | Associate | 1-2 | 669.4 | $250 | $167,350.00 |
| AS | Andrew Samtoy | Associate | 4 | 10 | $300 | $3,000.00 |
| FAB | Frank Bartela | Associate | 2 - 7 | 1,214.11 | $325 | $394,585.75 |
| SMF | Shelley Fleming | Associate | 5 - 12 | 885.6 | $375 | $332,100.00 |
| KS (or LC) | Kristen Stuber | Associate | 8 | 161 | $375 | $60,375.00 |
| GJK | Grant Keating | Associate | 9 | 12.3 | $375 | $4,612.50 |
| JST | Jim Timmerberg | Associate | 12 - 18 | 360.90 | $450 | $162,405.00 |

4

| NTF | Nicole Fiorelli | Partner | 6-13 | 2,032.2 | $450 | $914,490.00 |
| KMK | Kristen Kraus | Partner | 13 | 45.3 | $450 | $20,385.00 |
| RNS | Ric Selby | Partner | 22 - 26 | 528.4 | $550 | $290,620.00 |
| PJP | Patrick Perotti | Partner | 29 - 36 | 470.8 | $650 | $306,020.00 |

**Support staff:**

| Name/position | Initials in records | Total hours | Hourly rate | Total amount billed |
|---|---|---|---|---|
| Amanda Schrank (paralegal) | AMS | 353.7 | $125.00 | $44,212.50 |
| Jon Freund (legal assistant) | JF | 3.9 | $100.00 | $390 |
| Law Clerk | LC | 72.3 | $150.00 | $10,845.00 |
| Nancy Strubbe (legal assistant) | NTS | 70.5 | $100.00 | $7,050.00 |

See Fiorelli Affidavit ¶¶20-21.

Details about each individual attorney's experience is provided in the contemporaneously filed affidavits/declarations of Nicole Fiorelli, Patrick Perotti, Richard Selby III, and James DeRoche.

The hourly rate used for calculating the lodestar is based on the prevailing market rate. *Smith,* 592 Fed. Appx. at 369; see also *Bittner,* 58 Ohio St.3d at 145 (Ohio law utilizes standard of "reasonable" hourly rate). "District courts are free to look to a national market, an area of specialization market or any other market they believe appropriate to fairly compensate particular attorneys in individual cases*." Smith* at 369.

The appropriate market here is plaintiffs' attorneys practicing in the areas of class action litigation and wage and hour litigation. Plaintiffs' counsel are highly experienced class action attorneys. See Fiorelli, Perotti, and DeRoche affidavits/declarations. And class certification was hotly contested.

5

The appropriate geographic region is the states covered by this case: California, Illinois, Maryland, Ohio, and Pennsylvania. Here, Plaintiffs' counsel successfully prosecuted this case against an international company[1] represented by an international law firm.[2] Also, Dworken & Bernstein's class action department litigates nationwide. Fiorelli and Perotti Affidavits.

The evidence demonstrates Plaintiffs' rates are reasonable and should be approved. Plaintiffs submit with this motion affidavits from class action attorneys demonstrating that the rates sought by Plaintiffs' counsel are reasonable for this type of case, covering these geographic areas. See Declarations of Subodh Chandra (plaintiffs' employment and civil litigation attorney in Ohio), Terrence Buehler (plaintiffs' wage and hour and class action attorney in Illinois), Andrea Gold (plaintiffs' class action and employment law attorney in Maryland), and Kristen Sagafi (plaintiffs' class action attorney in California).

The case law also supports Plaintiffs' requested rates:

*McCulloch v. Baker Hughes Inteq Drilling Fluids, Inc.*, No. 1:16-cv-00157 DAD-JLT, 2017 WL 5665848 (E.D. Cal. 2017). In an overtime case, the court approved hourly rates of $525 per hour for partners with 17 years of experience; $350 per hour for an associate with 6 years of experience; and $175 per hour for non-attorneys. *Id.* at *9.

*Poteat v. Visionworks of America, Inc.* No. 1:15-cv-02306, Doc. No. 69 (N.D. Ohio Aug. 8, 2017). In a consumer class action, this Court approved hourly rates of $600 per hour for an attorney practicing since 1990; $595 per hour for an attorney practicing since 1992; $450 per hour for an attorney practicing since 2008. See Legando Decl., ¶ 14, Doc. No. 64-3 (Landskroner, admitted in Ohio in 1992 [see Landskroner curriculum vitae] billed at $595 per hour; and Legando [see Legando curriculum vitae], admitted in Ohio in 2008 billed at $450 per hour). The referenced *McCulloch* pleadings are attached as Exhibit C.

*Osman v. Grube, Inc.,* No. 3:16-cv-00802-JJH, 2018 WL 2095172, *4-5 (N.D. Ohio May 4, 2018). In an FLSA case, the court approved an hourly rate of $650 for lead counsel with 28 years of experience. Werman Decl., Doc. No. 79-4, PageID 1221 The referenced *Osman* pleading is attached as Exhibit D).

---

[1] http://justenergygroup.com/AboutUs/OurBrands.aspx (last visited June 22, 2018)
[2] https://www.littler.com/locations (last visited June 22, 2018)

*Cuzick v Zodiak U.S. Seat Shells, LLC*, No. 16-cv-03793-HSG, 2018 WL 2412137 (N.D. Cal. May 29, 2018). The court awarded rates of $700 for an attorney with 19 years of experience; $650 per hour for an attorney with 19 years of experience; $400 per hour for an attorney with 5 years of experience; $350 per hour for an attorney with 5 years of experience. *Id.* at *7. The court held that those billing rates were "generally in line with prevailing rates in the District for personnel of comparable experience, skill, and reputation." *Id.*

*Harshbarger v. Penn Mut. Life Ins. Co.*, No. 12-6172, 2017 WL 6525783 (E.D. Pa. 2017). The court approved the hourly rates of class counsel with "substantial experience in class action litigation[.]" *Id.* at *6. Those rates included: $850 per hour for an attorney with 37 years of experience (Chavez Decl. Doc. No. 76, pages 2 and 4 of 8); $750 per hour for an attorney with 39 years of experience (Friedman Decl. Doc. No. 75, page 7 of 11); and $725 per hour for a attorney with 24 years of experience (Kravec Decl., Doc. No. 77, page 9 of 14) The referenced *Harshbarger* pleadings attached as Exhibit E.

### D. A multiplier of two for Plaintiffs' lodestar is appropriate under Ohio law.

Under Ohio law, after calculating the lodestar, the court "may modify that calculation by application of the factors listed in [Rule 1.5(a) of the Ohio Rules of Professional Conduct]." *Bittner,* 58 Ohio St.3d at 145.[3] Those factors include:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill needed to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; fee; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; (8) whether the fee is fixed or contingent.

Consideration of these factors shows that Plaintiffs' counsel should receive a multiplier of two on their lodestar.

### 1. The time and labor required by this case was extensive, as this case involved complex questions of law; great skill was needed to perform the legal service properly.

---

[3] *Bittner* cites DR 2-106(B), which is now Rule 1.5.

As detailed above, and from the 2,198 pages of filed time records, this case was aggressively litigated from the outset. Due to the complexity of the issues involved, this case has been litigated for 6 years, and an appeal to the Sixth Circuit will eventually be taken. Throughout these years of litigation, Plaintiffs' counsel have been opposed by an international law firm with counsel specializing in labor and employment matters.

**2. Plaintiffs' counsel was precluded from accepting other litigation because of the demands of this case.**

This case precluded the pursuit of other work. To ensure that the appropriate time could be devoted to this matter, Plaintiffs' counsel declined matters they otherwise would have accepted. DeRoche Affidavit. ¶9; Fiorelli Affidavit. ¶23.

**3. The rates sought are consistent with those by other practitioners in the same practice area and relevant geographic areas**.

This prong likewise supports Plaintiffs' request for a multiplier, for the reasons outlined above at pp. 5-7.

**4. The results obtained in this case were excellent.**

Class members with timely claims who completed surveys and worked overtime are receiving damages (and those part of the federal collective action are receiving double their damages). This result was achieved due to Plaintiffs' counsel achieving multiple successes in this litigation, culminating in class certification, a jury verdict on liability, and a finding that liquidated damages were appropriate. See Fiorelli Aff. ¶12, and docket noting the following accomplishments:

| Description | Result |
|---|---|
| Plaintiff's Motion for Class Certification (Doc. #45) | Granted; Doc #88 |
| Plaintiff's Motion for conditional class certification (Doc. #46) | Granted; Doc #88 |

8

| | |
|---|---|
| Defendants' Motion to Dismiss for lack of jurisdiction (Doc. #62) | Denied; Doc #92 |
| Defendants' Motion for summary judgment (Doc. #80) | Denied on issue of whether outside sales exemption applied to plaintiff class to defeat overtime claim; Doc #89 |
| Defendants' Motion to Certify Order for Interlocutory Appeal and Stay this Action Pending Appellate Review (Doc. #97) | Denied; Doc #106 |
| Defense filed motion to strike Late Opt – Ins (Doc #641); Plaintiff filed Motion to Accept Filing of Late Opt-Ins (Doc #647 & Doc #650) | Plaintiffs' motion granted and Defendants' motion denied; Doc #652 |
| Defendants' Motion to Amend Case Management Order to Enlarge Time Allotment for Depositions Practice (Doc. #670) | Denied; Doc #678 |
| Defendants' Motion to Decertify the Class and Collective Actions (Doc. #695) | Denied; Doc #719 |
| Defendants' Motion for Summary Judgment (Doc. #712) | Denied as to class members who worked within the limitations period; Doc #740 |
| Defendants' Trial Plan (Doc. #727) | Denied (agreeing with Plaintiffs that they should open and close the trial); Doc #738 |
| Plaintiffs' Motion in Limine to Exclude Videotape (Doc. #746) | Granted; Doc. #839 |
| Defendants' Motion in Limine to Exclude Reference to and Evidence of Plaintiffs' Alleged Misclassification as Independent Contractors (Doc. #747) | Denied; Doc. #839 |
| Defendants' Motion in Limine to Exclude Evidence of Recruiting Advertisements (Doc. #757) | Denied; Doc. #839 |
| Defendants' Motion in Limine to Exclude Reference to and Evidence of Plaintiffs' compensation (Doc. #758) | Denied; Doc. #839 |
| Trial on liability | Jury found Defendants did not meet their burden of demonstrating Plaintiffs were outside sales people exempt from the legal requirements to pay minimum wage and overtime; Jury found Just Energy Group was liable as a joint employer (Doc. #808) |
| Defendants' Renewed Motion for Judgment as a Matter of Law, or, in the alternative, Motion to Certify Adjudication After Liability Phase of | Denied in its entirety (Doc. #829); later granted only to allow interlocutory appeal (Doc. #853) |

9

| | |
|---|---|
| Trial for Interlocutory Appeal and Stay This Action Pending Appellate Review (Doc. #810) | |
| Defendants' motion to decertify the class and collection actions for damages purposes (Doc. #811) | Denied; Doc #831 |
| Plaintiffs' Motion for liquidated damages (Doc. #860) | Granted; Doc #867 |

**5. Plaintiffs' counsel have an excellent reputation, extensive experience, and demonstrated significant ability in achieving the level of success they did in this litigation.**

Plaintiffs' counsel brought an extraordinary amount of wage and hour and class action experience to this case. Dworken & Bernstein's class action department has recovered over $700 million in settlements or judgments on behalf of class members. Perotti Affidavit ¶2.

Nicole Fiorelli has been lead counsel on over 20 complex class action or wage and hour cases litigated across the country. Fiorelli Aff. ¶9. Her opponents are almost always attorneys from a large firm. She has defeated countless dispositive motions, obtained class certification in a multitude of cases, and obtained significant settlements for employees and consumers. Id. at ¶¶8-11. To date, cases in which she performed significant substantive work have collectively yielded over $89 million in settlements or judgments. Id. at ¶10.

Patrick Perotti was involved with discovery, briefing, and litigation strategy in this case. He is the head of the class action department at Dworken & Bernstein and a nationally recognized plaintiffs' lawyer. Perotti Aff. ¶¶2, 12. He has been practicing since 1982, and has focused on class action litigation for 21 years. Id. at ¶3. He is also a certified specialist in employment law. Id. at ¶9.

Richard Selby, primarily active in depositions and the trial aspects of this case, brought 20 years of litigation and trial experience to this matter. Selby Aff. ¶3. He has been practicing since

10

1992. Id. He has 15 years of experience in employment law, and has handled over 150 employment-related cases. Id. at ¶7. He has tried 30 jury trials, at least ten of which were employment related. *Id.* at ¶8. Two of his employment jury trials resulted in seven figure verdicts. Id. at ¶9. And he was part of a trial team that received a $3.9 million verdict in a class action against Cuyahoga County. Id. at ¶10.

Attorney James DeRoche was primary counsel on the expert and data issues, handled depositions, and was part of the liability and damages trial team. For the past decade his practice has focused primarily on class action litigation. DeRoche Dec. ¶4. He has extensive complex litigation and trial experience, including obtaining a $9 million verdict in a significant patent case and an $859 million verdict against the Ohio Bureau of Workers Compensation, the largest verdict against a State agency in Ohio's history. Id. at ¶¶4-5.

**6. Plaintiffs' fee is contingent.**

Defendants' counsel lost on the merits and on class certification. But, since they do not work on a contingent-fee basis, they are paid at their hourly rate for losing. Plaintiffs' counsel are litigating this case on a contingent-fee basis. They would receive no compensation if they lost. And, they have not received any compensation to date. DeRoche Dec. ¶8; Fiorelli Aff. ¶23. This is typical in contingency cases, and why it is such an important factor in considering a multiplier. As attorney Subodh Chandra explains:

> Cases involving deferred payment create a serious "cash crunch" within such firms where they must continue to fund from prior revenue overhead, labor, case expenses on other fee-shifting/contingency cases, etc.—and sometimes have to incur and repay debt to keep operating and fulfilling solemn professional obligations to existing clients. That is, fee-shifting practices go through short periods of "feast" and long periods of "famine." Our firm has been in that position. Litigating for years without payment puts upward pressure on rates.

11

Chandra Decl. ¶¶37-38.[4]

If Plaintiffs' counsel were paid at the same hourly rate as defense counsel and both won 50% of the time litigating identical matters, but Plaintiffs' counsel were paid on a contingency basis, Plaintiffs' counsel would earn half as much as Defendants' counsel. This result should be avoided. Practitioners accepting cases on a contingency basis should be properly compensated. Otherwise, experienced attorneys will not accept this risky litigation – the precise problem Congress addressed in enacting fee-shifting statutes. See Chandra Dec. ¶35.

For these reasons, the contingent aspect of this litigation favors an upward adjustment of the lodestar.

**7. Applying these factors, a lodestar multiplier of two is appropriate.**

In *Bigler v. Personal Services Insurance Company,* 7th Dist. No. 12 BE 10, 2014-Ohio-1467, ¶ 211, the court approved a 2.0 multiplier applying the Rule 1.5(a) factors under the CSPA, another fee shifting statute. The multiplier was awarded based on the quality of the work, the fact that counsel passed up other work, the results obtained, and the fact that counsel had accepted the work on a contingency basis. Id. Also, in *Davis v. Mutual Life Insurance Co. of New York,* 6 F.3d 367 (6th Cir.1993), the Sixth Circuit, applying Ohio law, affirmed a multiplier of 1.75 in a CSPA case. *Id.* at 382-383. Courts in other jurisdictions have applied similar multipliers in wage and hour cases. For example, in *Wang v. Chinese Daily News, Inc.,* No. CV04-1498 CBM (JWJx), 2008 WL 11342908 (C.D. Cal. Oct. 3, 2008), the court applied a 1.5 multiplier to an award of fees under the FLSA, based, in part, on the contingent nature of the fee award. *Id.* at *6.

---

[4] Attorney Chandra has litigated some of the leading, recent fee-shifting decisions in the Sixth Circuit, and served as an expert witness on attorneys' fees, legal-ethics, and professionalism issues. Chandra Dec. ¶¶20-21. Since 2008, he has continuously canvased Ohio fee-shifting practitioners about their rates. Id. at ¶24.

12

Here, given the time and labor committed to this case and the contingent nature of the fee, a multiplier of two is appropriate. Plaintiffs' counsel had a significant risk of litigating this matter for 6 years and receiving no compensation. Despite having committed thousands of hours of time to this case, time which could have been spent litigating other matters, Plaintiffs' counsel has, to date, not received any compensation. In this context, a multiplier of 2 is appropriate. Plaintiffs therefore request that the $2,719,040.75 they have spent in billable time be doubled for a total award of $5,438,081.50 in fees and $217,120.16 in costs.

## II.  The Plaintiffs are entitled to an award of taxable costs and reasonable out-of-pocket litigation expenses.

Plaintiffs seek a total of $217,120.16 in costs ($30,508.37 in taxable costs and $186,611.79 in out-of-pocket litigation expenses; collectively, "costs"). A verified report of the relevant taxable costs and out-of-pocket litigation expenses for which Plaintiffs seek reimbursement is filed contemporaneously with this petition. See Ex. F, Plaintiffs' Costs Records; Fiorelli Aff. ¶24.

The FLSA and Ohio law both allow a prevailing plaintiff to recover costs. 29 U.S.C. § 216(b); O.R.C. 4111.10(A). "The basic rule for what costs may be taxed in federal court is provided by 28 U.S.C. § 1920. The court has broad discretion in allowing or disallowing the particular items listed in § 1920 as costs." *BDT Products, Inc. v. Lexmark Intern., Inc.,* 405 F.3d 415, 419 (6th Cir.2005) abrogated on other grounds by *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560 (2012).

Section 1920 specifically provides for reimbursement of "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

13

(5) Docket fees under section 1923 of this title; [and] (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920.

However, "[t]o the extent that costs are not recoverable in accord with § 1920, a prevailing party in a Fair Labor Standards Act case may still recover under 29 U.S.C. 216(b)." *Monroe v. FTS USA, LLC*, 2014 WL 4472706, at *2 (W.D. Tenn. 2014). Reasonable out-of-pocket litigation expenses awarded to the prevailing party in an FLSA action are within the Court's discretion and may include those expenses "incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Kabore v. Anchor Staffing, Inc.*, 2012 WL 5077636, at *10 (D. Md. 2012), *see also Monroe*, 2014 WL 4472706, at *2 ("the law allows a more expansive recovery for a prevailing party for all reasonable cost of litigation in an FLSA case."); *Carlson v. Leprino Foods Co.*, 2010 WL 299490, at *4 (W.D. Mich. 2010) (awarding travel costs, supplies, and telephone service in an FLSA action as costs that are "normally charged to a fee-paying client.") Thus, courts have awarded Plaintiffs' counsel costs for items such as courier services, attorney travel expenses, Plaintiffs' travel expenses, trial transcript costs, deposition transcript costs, shipping fees, postage fees, trial consultant fees, and witness fees. See *Monroe*, 2014 WL 4472706, at *2; see also *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868, at *4 (S.D. Ohio 2008) (awarding out of pocket expenses including "deposition transcript cost; photocopying costs; filing and service fees; computer-assisted legal research fees; travel cost; fees for general publication notice; postage and delivery cost; and other litigation services.")

Under this authority, Plaintiffs request reimbursement of their reasonable expenses which include: deposition transcripts, court reporter fees, trial transcripts, photocopy costs, filing fees, attorney travel expenses, travel expenses for testifying class members, postage, courier fees,

delivery service fees, trial consultant fees, trial related costs, and all costs related to the administration of the damages phase of the case.[5] Exhibit F. All these expenditures were necessary and reasonable expenses that were directly relevant to this specific case and were made in pursuit of obtaining a beneficial outcome for the Plaintiffs. Fiorelli Aff. ¶¶ 24-26; Ex. F.

For instance, the travel expenses that Plaintiffs seek to recover were the result of depositions conducted in multiple states and Canada, as well as the cost of flying the testifying Plaintiffs to Cleveland and providing accommodations during trial. Fiorelli Aff. ¶25.

Additionally, the damages phase of the case required the development and administration of an extensive survey of class members. Id. at ¶25. There is no dispute that these expenses were reasonable as Defendant's counsel played a prominent role in choosing the third party contracted to devise the surveys. Id. Further, the survey was necessary due to Just Energy's failure to keep the time records required by the FLSA. Id.

These costs are reasonable, were necessary to litigate and prevail in this matter, and should be awarded to Plaintiffs.

---

[5] If the Court does not wish to analyze counsel's out-of-pocket litigation expenses as an award of "costs," counsel requests that these expenses be reimbursed through counsel's requested fee award. *See Hilton v. Executive Storage Associates, Inc.*, 2009 WL 1750121, at *16 (S.D. Tex. 2009) ("Reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment are types of litigation expenses that are recoverable under The FLSA as part of an attorneys' fee award."); *Quintanilla v. A & R Demolition Inc.,* No. H-04-1965, 2007 WL 5166849, at *9 (S.D.Tex. May 7, 2007) ("Reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment are types of litigation expenses that are recoverable under The FLSA as part of an attorneys' fee award."); *Harris v. Chipotle Mexican Grill, Inc.*, 2018 WL 617972, at *15 (D. Minn. 2018) ("reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, documents scanning, and visual equipment are typically recoverable [in FLSA actions].")

       Respectfully submitted,


*/s/ Nicole T. Fiorelli*
Patrick J. Perotti, Esq. (#0005481)
Nicole T. Fiorelli, Esq. (#0079204)
Frank A. Bartela, Esq. (#0088128)
Kristen M. Kraus, Esq. (#0073899)
Richard N. Selby, Esq. (#0059996)
**DWORKEN & BERNSTEIN CO., L.P.A.**
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391     (440) 352-3469 Fax
Email:  *pperotti@dworkenlaw.com*
       *nfiorelli@dworkenlaw.com*
       *fbartela@dworkenlaw.com*
       *kmkraus@dworkenlaw.com*
       *rselby@dworkenlaw.com*

Murray Richelson, Esq. (#0021112)
**David A. Katz Co. LPA**
50 Public Square
Suite 842, Terminal Tower
Cleveland, Ohio 44113
(216) 696-5250     (216) 696-5256 Fax
Email:  *mrichelson@aol.com*

Jim DeRoche, (#0055613)
**GARSON & JOHNSON LLC**
101 West Prospect Avenue, Suite #1610
Midland Building
Cleveland, OH 44115
(216) 830-1000    (216) 696-8558Fax
Email:  *jderoche@garson.com*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 12, 2018, the foregoing *Plaintiffs' Memorandum in Support of Motion for Attorney's Fees and Costs* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

 */s/ Nicole T. Fiorelli*
Nicole T. Fiorelli, Esq. (#0079204)
**DWORKEN & BERNSTEIN CO., L.P.A.**

*Counsel for Plaintiffs*