UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------------

DAVINA HURT, *et al.*, : Case No. 1:12-cv-758
:
        Plaintiffs, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 933]
COMMERCE ENERGY, INC., *et al.*, :
:
        Defendants. :
:

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      In *Encino Motorcars, LLC v. Navarro*, the Supreme Court held that courts should read the exemptions to the Fair Labor Standards Act ("FLSA") "fairly" rather than "narrowly" as some courts had previously done.[1]  Relying on *Encino Motorcars*, Defendants now move the Court to reconsider its earlier decisions denying summary judgment and judgment as a matter of law.[2]  Three months passed—and a bench trial on damages was held—between *Encino Motorcars* and Defendants' motion.

      Defendants rightly observe that *Encino Motorcars* marks some change in FLSA law[3]—just not one that warrants reconsideration of the Court's prior decisions.  The Court continues to believe that its original decisions were correct and, for the following reasons, **DENIES** Defendants' motion for reconsideration.

      On August 15, 2013, the Court denied Defendants' motion for summary judgment.[4]  It did so because, when the evidence was considered in the light most favorable to Plaintiffs, genuine factual issues existed whether Plaintiffs fell within the FLSA's outside sales exemption.  The evidence at summary judgment indicated that, *inter alia*: (i) Plaintiffs were unable to enter binding

---

[1] 138 S. Ct. 1134, 1142 (2018).
[2] Doc. 933.  Plaintiffs oppose.  Doc. 940.  Defendants reply.  Doc. 942.
[3] Doc. 933-1 at 1.
[4] Doc. 89.

Case No. 1:12-cv-758
Gwin, J.

agreements for Defendants, (ii) Defendants did not hire Plaintiffs for their prior sales experience, and (iii) Defendants exercised extraordinary levels of supervision over Plaintiffs' actions.[5] Further, the evidence suggested that applying the outside sales exemption to the Plaintiffs would likely be inconsistent with the purpose of the FLSA.[6]

Although the Court gave passing mention of a narrow exemption construction in its order denying summary judgment, it did so in a way immaterial to its conclusion.[7] The Court stated that "Just Energy must establish that the Plaintiffs meet every aspect of the definition for an exempt employee because exemptions from FLSA's coverage are narrowly construed against the employer who asserts them."[8] But Defendants' obligation to show that Plaintiffs met the outside sales exemption did not turn on a narrow construction of the exemption. Even under a fair reading, that would still be Defendants' burden—a fact they do not dispute.[9]

The Court also noted in its decision that applying the outside sales exemption to the Plaintiffs would likely be inconsistent with the purpose of the FLSA. In doing so, the Court quoted *Douglas v. Argo-Tech Corp.*,[10] stating that the exemption was limited to circumstances "plainly and unmistakably within the exemption's terms and spirit."[11] The Court acknowledges that the continued legitimacy of this language from *Douglas* is questionable in light of *Encino Motorcars*, as *Douglas* relied upon the narrow construction in its formulation. But even without explicitly considering the purpose of the FLSA, or relying on *Douglas*, the evidence still created a genuine issue of material fact.

Even under a "fair reading" of the outside sales exemption, the evidence raised genuine issues of material fact that prevented summary judgment. Neither the Court's single, immaterial

---

[5] *Id.* at 8-18.
[6] *Id.* at 18-20.
[7] *Id.* at 7.
[8] *Id.*
[9] *See* Doc. 933-1 at 7.
[10] 113 F.3d 67, 70 (6th Cir. 1997).
[11] *Id.* at 18 (emphasis omitted).

-2-

Case No. 1:12-cv-758
Gwin, J.

reference to the narrow construction, nor its citation to *Douglas* changes that fact. The Court continues to believe its denial of Defendants' motion for summary judgment was correct.

After summary judgment was denied, this case went to a merits trial where a jury found Defendants liable for violations of the FLSA and the Ohio Wage Act. On March 10, 2015, the Court denied Defendants' renewed motion for judgment as a matter of law because there was significant record evidence that supported the jury's verdict.[12] Specifically, the evidence showed that: (i) Defendants hired Plaintiffs without regard to their prior sales experience, (ii) Plaintiffs only obtained non-binding applications, and (iii) Defendants closely controlled Plaintiffs' work schedules and locations, and otherwise exercised heavy supervision. The Court did not rely upon a narrow construction of the outside sales exemption in concluding that the evidence supported the jury's verdict. Further, the Court did not instruct the jury to construe the sales exemption narrowly. The Court's denial was correct.

Defendants argue that *Encino Motorcars*' "fair reading" requirement means that the Court is "limited to the plain language of the controlling statute and regulations. . . [without] reading extemporaneous requirements into the text."[13] They thus suggest that a fair reading of the exemption precludes the Court from considering whether Plaintiffs had authority to enter binding agreements. Defendants also appear to argue that a fair reading precludes the Court from considering whether Plaintiffs bore the external indicia of salesmen. These arguments do not succeed.

Whether Plaintiffs had the authority to enter binding agreements and whether the external indicia were present remain relevant to a common sense understanding of the outside sales exemption. Defendants' argument would require the Court to evaluate the exemption in a near evidentiary vacuum, and would require this Court jettison factors the Supreme Court has identified

---

[12] Doc. 829.
[13] Doc. 933-1 at 3.

-3-

Case No. 1:12-cv-758
Gwin, J.

as relevant.[14]  In short, their proposed model of a fair reading is anything but.

This Court continues to believe that its decisions denying summary judgment and judgment as a matter of law were correct, even in light of *Encino Motorcars*.

Defendants' motion for reconsideration is therefore **DENIED**.

IT IS SO ORDERED.

Dated: September 4, 2018                             *s/      James S. Gwin*
                                                                                   JAMES S. GWIN
                                                                                   UNITED STATES DISTRICT JUDGE

---

[14] *Christopher v. SmithKline Beecham Corp.*, 587 U.S. 142, 165-66 (2012) (examining external indicia of salesmen in evaluating the outside sales exemption).