UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

|  |  |
|---|---|
| : | |
| DAVINA HURT, *et al.*, : | Case No. 1:12-cv-758 |
| : | |
| Plaintiffs, : | |
| : | |
| vs. : | OPINION & ORDER |
| : | [Resolving Docs. 951, 952] |
| COMMERCE ENERGY, INC., *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This case began in 2012—it is now 2018. Both liability and damages have been decided. All that remains for the Court to decide is whether to award Plaintiffs attorney's fees, costs, and incentive awards (and if so, how much). The Court has scheduled a hearing for September 20, 2018 to resolve these issues. Ahead of that hearing, Defendants served two subpoenas *duces tecum* on Plaintiffs' counsel Dworken & Bernstein and Garson Johnson, LLC (together "Plaintiffs' Law Firms") regarding their historic hourly rates. Plaintiffs' Law Firms moved to quash. For the following reasons, the Court **GRANTS** Plaintiffs' Law Firms' motions.

On September 12, 2018, Defendants served two subpoenas on Plaintiffs' Law Firms.[1] In the subpoenas, Defendants sought the production of documents reflecting the actual hourly rate, charged between 2012 and 2018, by: (i) eleven Dworken attorneys, (ii) other Dworken attorneys similarly situated to the eleven named attorneys, (iii) certain Dworken staff, (iv) Garson attorney James DeRoche, and (v) other Garson attorneys similarly situated to DeRoche.[2] Both subpoenas seek production of the requested documents by the September 20th hearing.[3]

In separate motions, but for the same reasons, Plaintiffs' Law Firms moved to quash the

---

[1] Doc. 954-1; Doc. 954-2.
[2] *Id.*
[3] *Id.*

subpoenas.[4]   They argue, *inter alia*, that the response time demanded (six business days) is unreasonably short and that the subpoenas seek irrelevant information.[5]

Rule 45 of the Federal Rules of Civil Procedure requires the Court to quash, or modify, a subpoena that "fails to allow a reasonable time to comply."[6]  Here, Defendants seek potentially thousands of documents, for at least eighteen (but probably more) individuals, spanning six years.[7]  Moreover, since Defendants seek attorney-billing documents, Plaintiffs' Law Firms would need to conduct a privilege review before complying with the subpoenas.  Thus, six business days is not reasonable.  The hasty turn-around is especially unreasonable given that Defendants inexplicably waited two months after Plaintiffs moved for attorney's fees to serve the subpoenas.

Defendants' suggestion that this problem can be remedied by postponing the September 20th hearing[8] is not well taken.  The Court has postponed this hearing at Defendants' request once already.[9]  This case has been ongoing for more than six years.  Liability and damages have already been decided.  And it is apparent that Defendants will likely seek an appeal when this case is concluded.[10]  All good things must come to an end.

Further, subpoenas are a discovery tool and, as such, may only seek information relevant to the case.[11]  Here, the information Defendants seek is only minimally relevant.  The Court has not yet determined how much to award in attorney's fees.  But when it does, it will use the lodestar method and will look at the relevant market *as a whole* in determining a reasonable attorney rate.[12]

---

[4] Doc. 951; Doc. 952.

[5] Doc. 951 at 1–2; Doc. 952 at 1–2.  Defendants oppose.  Doc. 954.  Dworken & Bernstein replies.  Doc. 955. Garson Johnson LLC replies.  Doc. 956.

[6] FED. R. CIV. P. 45(d)(3)(A)(i).

[7] Defendants' argument that they seek only a "narrow universe of limited information" is unpersuasive.  Doc. 954 at 2.  Although the subpoenas do not seek *all* responsive documents, the exact scope of documents sought is unclear and is likely quite large.

[8] Doc. 954 at 2.

[9] Doc. 950.

[10] *See* Doc. 97; *see* Doc. 810; *see* Doc. 852.

[11] *See* FED. R. CIV. P. 26(b)(1); *see also* *Bender v. Newell Window Furnishings, Inc.,* 560 F. App'x 469, 470 (6th Cir. 2014)* (unreported) (affirming the district court's decision to quash a subpoena that sought information irrelevant to the case at hand).

[12] *See, e.g., Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 551–52 (2010).

What rates Plaintiffs' Law Firms previously charged other clients is only marginally relevant to that analysis.

In sum, Defendants' subpoenas do not provide a reasonable time for Plaintiffs' Law Firms to respond and seek information of little relevance to the issues remaining before the Court. As such, the Court need not address Plaintiffs' Law Firms other arguments to quash.

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Law Firms' motions to quash Defendants' subpoenas.

IT IS SO ORDERED.

Dated: September 20, 2018                    *s/        James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE