UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

DAVINA HURT, *et al.*,

        Plaintiffs,

vs.

COMMERCE ENERGY, INC., *et al.*,

        Defendants.

------------------------------------------------------

Case No. 1:12-cv-758

OPINION & ORDER
[Resolving Doc. 961]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Interminable: an adjective meaning "having or seeming to have no end." Also, this case.

After a jury found Defendants liable, the Court ordered them to pay Plaintiffs roughly $4.8 million in damages, attorneys' fees, and costs.[1] On October 11, 2018, Defendants moved to stay the enforcement of that judgment pending appeal and offered a $4.9 million supersedeas bond in support.[2]

The Federal Rules of Civil Procedure require the Court to grant Defendants' stay if they provide a *satisfactory* supersedeas bond.[3] Plaintiffs argue that Defendants' bond is deficient as it does not cover: (i) anticipated post-judgment interest, (ii) anticipated appellate attorneys' fees, and (iii) certain pre-judgment attorneys' fees.[4] Thus, they ask Defendants to increase the bond by $425,477.[5]

---

[1] Doc. 960 (ordering Defendants to pay $1,889,156.12 in damages, $2,718,440.75 in attorneys' fees, and $217,120.16 in costs).
[2] Doc. 961. Plaintiffs oppose. Doc. 962. Defendants reply. Doc. 964. Defendants' notice of appeal. Doc. 963.
[3] Fed. R. Civ. P. 62(d); *Arban v. W. Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003).
[4] Doc. 962 at 2–3.
[5] *Id.*

The Court agrees with Plaintiffs. The purpose of the supersedeas bond is to preserve the *status quo* during an appeal. This purpose would be frustrated if the bond failed to account for the delay to Plaintiffs' relief or the additional litigation efforts needed to secure that relief. As such, the bond should include anticipated appellate attorneys' fees and post-judgment interest to protect Plaintiffs' current position.[6] And, for similar reasons, the bond should include the requested pre-judgment attorneys' fees, which Plaintiffs incurred after they moved for attorneys' fees, but before judgment. Defendants do not seriously dispute Plaintiffs' calculations and the Court believes they are reasonable. Thus, Defendants' supersedeas bond should be in the amount of $5,250,000.00.

Plaintiffs also argue that all three Defendants, rather than just Commerce Energy, Inc., must be named in the bond.[7] The Court disagrees. Plaintiffs have not demonstrated that a supersedeas bond that names only one Defendant is insufficiently secure.

For the foregoing reasons, the Court **GRANTS** Defendants' motion to stay, so long as they provide a supersedeas bond for $5,250,000.00

IT IS SO ORDERED.

Dated: November 5, 2018       *s/    James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[6] *Jack Henry & Assoc., Inc. v. BSC, Inc.*, 753 F. Supp. 2d 665, 673–74 (E.D. Ky. 2010), *aff'd*, 487 F. App'x 246 (6th Cir. 2012). *See United States ex rel. Lefan v. Gen. Elec. Co.*, 397 F. App'x 144, 151 (6th Cir. 2010); 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2905 (3d ed. 1998).

[7] Doc. 962 at 3.