UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
--------------------------------------------------------------

DAVINA HURT, et al.,                      :
                                          :          Case No. 12-cv-00758
        Plaintiffs,                       :
                                          :          OPINION & ORDER
                                          :          [Resolving Doc. 989]
vs.                                       :
                                          :
COMMERCE ENERGY, INC., et al.,                 :
                                          :
        Defendants.                       :
--------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this Fair Labor Standards Act class action case, approximately 61 class members
(of the original 531 class members) have not yet cashed Just Energy checks issued under
this Court's previous order.[1]

Upon the parties' joint motion, the Court hereby ORDERS:

1.  For uncashed wage checks issued to class members whose last known address is in
    the states of California, Georgia, Florida, Illinois, Michigan, Ohio or South Carolina:

    a.  Defendant will follow the California, Georgia, Florida, Illinois, Michigan,
        Ohio or South Carolina escheatment;

    b.  However, for class member is in the "re-issue phase" as described above,
        Defendant will re-issue payment to that class member before sending the
        unclaimed wage funds to the state;

    c.  Until the time that class members' wage checks are sent to the applicable
        states pursuant to paragraph one, Defendant will continue to take reasonable
        steps to provide verification which will assist a financial institution in

---

[1] Doc. 989 (citing Docs. 979 & 981).

Case No. 12-cv-00758
Gwin, J.

honoring an issued wage check. Defendant will also continue to participate in the verification process for check re-issue that the parties have been engaging in for the past several months should a class member be located before the funds have escheated to the appropriate state; and

d. To the extent that any additional class members are determined to be deceased, the procedures outlined for the Court in Doc. 986 will apply to the extent that the funds have not yet escheated to the estate.

2. For (1) uncashed wage checks for class members in Pennsylvania and Maryland and (2) the liquidated damages checks for class members in all states:

a. Said checks are not considered unclaimed under state escheatment law (to the extent said laws are applicable, which Just Energy contends, although Plaintiffs do not concede) until July 2024 at the earliest;

b. Plaintiffs' counsel shall continue to attempt to locate these individuals by running their names through a change-of-address database in June of each year;

c. To the extent that any additional class members are determined to be deceased, the procedures outlined for the Court in Doc. 986 continue to apply;

d. Defendant will continue to honor any liquidated damages checks that are presented for payment, or as applicable and upon request, verify for a financial institution that a check may be honored, and Defendant will continue to participate in the verification process for check re-issue that the parties have been engaging in for the past several months;

-2-

Case No. 12-cv-00758
Gwin, J.

e.  The obligations in 2 (a)–(d) above shall continue until such time this Court issues a further ruling upon the disposition of those funds (should there even be any uncashed checks as of July 2024); and

f.  The parties shall continue to annually file a joint report with the Court by July 25 of each year to advise of the status of any remaining uncashed wage or liquidated damages checks and the appropriate distribution of said funds, should that be necessary.

IT IS SO ORDERED

Dated:  August 10, 2022            _s/_      _James S. Gwin_____
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE